UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REGINALD EDWIN BOSSIER                                          PLAINTIFF

V.                                        CIVIL ACTION NO. 1:08cv408-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                             DEFENDANT


## ORDER FOR MEDIATION

Pursuant to Fed. R. Civ. P. 16 and the inherent powers of this Court, it is hereby
**ORDERED** that the parties to this case, including their counsel as set forth below, shall
participate in the special mediation program established by the Mississippi Department of
Insurance.  The rules and procedures applicable to that program in emergency regulation
No.2005-2, as amended, are incorporated by reference, to the extent they are not in conflict with
the specific provisions of this order.

At least three days before the mediation is scheduled by the American Arbitration
Association, the program's administrator, the parties shall submit to the mediator designated by
the program administrator a confidential memorandum, no more than three pages in length,
setting out the following information:

1.      The limits of liability under the policy or policies sued upon.
2.      The amount of damage claimed under the policy or policies, separated by damage
to structures and damage to contents.
3.      The amount that has been offered by the insurer, if any, for the damage claimed
under the policies, separated by the amount (if any) offered for damage to structures, the
amount (if any) offered for damage to contents, and the amount (if any) offered under any
other applicable coverages.
4.      The nature of the claims, defenses, and any relevant issues.

Any documentary or other material either party, through counsel, wishes the opposing party,
through counsel, to take into consideration must be furnished to the opposing party's counsel at
least ten days before the scheduled mediation.  This material shall **NOT** be furnished to the
program administrator or the mediator in advance of the mediation, but may be considered at the
mediation in evaluating and discussing the merits of the claims and defenses.  This material (or a
brief description or summary of it) includes photographs, videos, appraisal reports, engineering
reports, itemizations, damage estimates, or other relevant written evidence.

This mediation will be subject to Rule 408 of the Federal Rules of Evidence.  This mediation will
have a basic time limit of no more than three hours unless, in the judgment of the mediator,
substantial progress is being made toward settlement.  EACH PARTY SHALL ATTEND THE

MEDIATION AND EACH PARTY SHALL BE REPRESENTED AT THE MEDIATION BY ONLY ONE COUNSEL OF RECORD, AND NO OTHER REPRESENTATIVE OR PERSON MAY APPEAR AT THE MEDIATION ON BEHALF OF ANY PARTY OR THEIR COUNSEL.

In the event a party or counsel does not have maximum settlement authority, each party shall have immediate access, by telephone or in person, to an individual who is authorized to approve or decline proposed settlements. Insurance company representatives shall have immediate access, by telephone or in person, to an individual who has authority to authorize settlements in an amount at least up to or beyond the policy limits of the insurance contracts that have been sued upon. For the purposes of this Order, and because public telephones will not be available, the Court's prohibition against the use of cell phones in the United States Courthouse will be suspended, and counsel may communicate by these devices for any reason associated with the mediation. No other communication or recording devices of any kind shall be allowed in the mediation.

This mediation will take place in the Dan M. Russell, Jr., United States Courthouse, 2012 15th Street, Gulfport, Mississippi. Counsel for the parties will be notified of the date of, time of, and room where the mediation is to take place through the American Arbitration Association. ONCE A MEDIATION HAS BEEN SCHEDULED, IT MAY NOT BE RESCHEDULED WITHOUT THE COURT'S PERMISSION. NEITHER COUNSEL NOR THE PARTIES MAY CONTACT AAA OR THE MEDIATOR IN THIS OR ANY OTHER REGARD, INCLUDING, BUT NOT LIMITED TO, SCHEDULING OR ATTENDANCE. Furthermore, the mediator is hereby empowered to contact the presiding United States Magistrate Judge as to any issue that must be resolved in the course of the mediation.

The parties are admonished to cooperate with the mediator in a good faith effort to resolve any disputed issues of liability and damages susceptible of resolution by agreement of the parties. All parties and their counsel are reminded of their continuing duties and obligations after suit is filed. *See, e. g., Gregory v. Continental Insurance Co.*, 575 So. 2d 534 (Miss. 1990); Fed. R. Civ. P. 11. *Cf. Universal Life Insurance Co. v. Veasley*, 610 So. 2d 290 (Miss. 1992). A party's and counsel's failure to attend and participate in this mediation, without good cause, shall result in the imposition of appropriate sanctions.

It is the policy of the Court to support and encourage the voluntary resolution of claims. In the event the parties wish to undertake private mediation in lieu of participation in this mediation program, their counsel shall inform the Court in writing within ten days of the date of this Order that they wish to pursue this alternative. However, if this alternative is chosen, the parties and their counsel shall be required to choose their own mediator and hold the private mediation no later than March 19, 2009. All counsel shall report to the Court when the private mediation was held and whether or not it was successful. Failure to notify the Court in a timely manner or satisfy any of the requirements or provisions of this order shall result in the imposition of appropriate sanctions, and shall not excuse the counsel or parties from participating in the Court's mediation program as scheduled.

**SO ORDERED** this the 12th day of January, 2009.


                                        s/ L. T. Senter, Jr.
                                        L. T. SENTER, JR.
                                        SENIOR JUDGE