UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REGINALD EDWIN BOSSIER                                                                                              PLAINTIFF

V.                                                                                    CIVIL ACTION NO. 1:08cv408-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                                                  DEFENDANT

## ORDER

This order addresses the United State's Magistrate Judge's [59] Order granting in part and denying in part Plaintiff's [33] Motion to Compel. Plaintiff now files a [61] Motion for Review of that order. This Court considers Plaintiff's objections under the standard set forth in Fed. R. Civ. P. 72(a): any portion of the Magistrate Judge's order shall be modified or set aside if it is found to be clearly erroneous or contrary to law. The instant order is limited to those items raised in Plaintiff's [61] Motion for Review.

A review of the record finds this Court for the most part in agreement with the Magistrate Judge's decisions reflected in his [59] order. However, in one particular aspect, the Court deems it necessary to modify that order for further consideration.

The trial court has considerable discretion in matters relating to discovery. The Magistrate Judge's underlying concern that Plaintiff is attempting to expand the scope of this litigation beyond its core issues is understandable. Plaintiff does not have *carte blanche* in the discovery process (and Plaintiff's thoroughness in the pursuit of information may not equate to discoverability), but at the same time Defendant should not unilaterally determine that certain material is restricted.

The well known scope and limits of discovery are set forth in Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defenses of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i),(ii),and (iii).

Those limitations are:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable

from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

The issues in this case appear to be no different from those in other typical Hurricane Katrina insurance lawsuits. There was no flood insurance policy in effect on Plaintiff's property at the time of Hurricane Katrina. This cause of action is between Plaintiff and Defendant arising under a direct contractual relationship, with Defendant owing Plaintiff certain obligations, including the implied duty of good faith and fair dealing, and the legal responsibility to fairly investigate and evaluate his claims and respond appropriately.

In his interrogatories and request for production of documents propounded to Defendant, Plaintiff sought information relating to claims investigated by Defendant within ½ mile of Plaintiff's property. While it is true that the Court "has not adopted a per se ½ mile radius as a presumptively reasonable area within which an insurer must produce claims information as to its other insureds," (docket entry [59] at p. 4), this particular distance has been used in other cases on this Court's docket as a benchmark for discoverable information.

Defendant's [63] response to Plaintiff's [61] motion merely recites that the 1/10 mile distance it chose "should be sufficient." Defendant also claims that cases on this Court's docket cited by Plaintiff to allow discovery of other claims involving ½ mile are not precedent, yet at the same time Defendant in its response relies on one of the cases on the docket to support its position in connection with another issue. *Marion v. State Farm Fire and Casualty Co.*, No. 1:06cv969 (docket entry [231]).

This Court will not go so far as to adopt ½ mile as an absolute distance entitling Plaintiff to information related to other claims. However, the Magistrate Judge's order provides no basis for accepting Defendant's unilateral decision to limit Plaintiff to the 1/10 mile figure, and it should not matter how many claims fall within the latter distance if the former may also be "reasonably calculated to lead to the discovery of admissible evidence." Discovery of information beyond the distance chosen by Defendant is also not necessarily "unreasonably cumulative or duplicative," nor "obtainable from some other source that is more convenient, less burdensome, or less expensive."

Therefore, this matter is referred to the Magistrate Judge to revisit Plaintiff's interrogatories 1 and 21, and requests for production 3 and 7, to the extent they may be implicated and consistent with the above comments as well as the specific interrogatories/requests made in this case, not others. Again, this Court is not mandating strict adherence to the ½ mile distance, and consideration may be given to other factors governed by the standards of the discovery rules and the particular circumstances surrounding Plaintiff's property.

In all other respects, Plaintiff fails to offer compelling reasons why the Magistrate Judge's ruling is not sound and should be reversed or modified.  In light of the Court's observation that this case is no different from other Hurricane Katrina insurance litigation, the remainder of Plaintiff's discovery requests are overly broad (e.g., requests numbers 5 and 8–"meetings [and other events] of any description"; documents (and other items) "of any sort whatsoever" related, *inter alia*, to handling "Hurricane Katrina claims" and "wind vs. water claims"; and the handling of NFIP claims (when there was no flood insurance in this case), as well as weather events along the entire Mississippi Gulf Coast, i.e., beyond ½ mile of Plaintiff's property (interrogatory 21); obtainable by other means (through depositions, such as in determining the calculation of the inflation coverage); or unduly burdensome and expensive, going well beyond Plaintiff's claim (including trying to put Defendant to search through its entire database).

Plaintiff seems to be aware from other litigation of specific information he desires to have, but has not so limited his efforts to obtain it in the instant case, instead taking an "everything but the kitchen sink" approach.  In addition, the Magistrate Judge required State Farm "to produce those documents containing [Defendant's] directives, guidelines, policies and procedures for handling Hurricane Katrina claims in general or Plaintiff's claim specifically." Anything beyond, including the formulation of those directives, guidelines, policies, and procedures, is unreasonable.  Finally, Plaintiff's counsel's notification that the Magistrate Judge's order dealing with inflation coverage is no longer an issue because the information and documentation were provided during a Rule 30(b)(6) deposition confirms the Court's decision in this regard.

Accordingly, **IT IS ORDERED:**

The [59] Order of the United States Magistrate Judge addressing Plaintiff's [33] Motion to Compel is **AFFIRMED IN PART** and **MODIFIED IN PART**;

The [61] Objection to Magistrate Judge's Order is **GRANTED IN PART** and **DENIED IN PART**;

This matter is referred to the United States Magistrate Judge for proceedings consistent herewith.

**SO ORDERED** this the 27th day of August, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE