IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REGINALD EDWIN BOSSIER**                                              **PLAINTIFF**

**VERSUS**                                             **CAUSE NO. 1:08-cv-408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                         **DEFENDANT**

**REPLY IN SUPPORT OF [79] MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THE ISSUE OF WINDSTORM**

COMES NOW the Plaintiff, by and through counsel of record, and files this his Reply in Support of [79] Motion for Partial Summary Judgment on the Issue of Windstorm and for cause therefore would show unto the Court the following, to-wit:

State Farm argues against the interpretation of its policy term "windstorm" as found in training materials, specifically the "Catastrophe Wind/Hail Study Guide." In this regard, State Farm has admitted in said guide that "windstorm and wind are different." See Exhibit 1 (filed under seal) to [79] Motion for Partial Summary Judgment. This Honorable Court, even in the absence of said State Farm document, has reached the same conclusion on multiple occasions. *See, e.g., Penthouse Owners Assoc., Inc. v. Certain Underwriters at Lloyd's London*, No. 1:07-cv-568-HSO-RWH, *Balog v. USF&G*, No. 1:06-cv-586-LTS-RWH, *Guice v. State Farm*, 2007 WL 912120 (S.D. Miss. 2007).

In the face of this binding authority, State Farm advances Hurricane Camille cases where the issue focused on burden of proof, and not definition of

1

"windstorm." The critical and controlling distinction in those Hurricane Camille cases is that they involved named perils policies and not "all risk" policies as in this case. Indeed, in *Lunday v. Lititz Mut. Ins. Co.*, 276 So. 2d 696, 698 (Miss. 1973), the Mississippi Supreme Court explained the critical difference as follows:

> In an all-risk (CDP) policy where an exclusion is specifically pleaded as an affirmative defense the burden of proving such an affirmative defense is upon the insurer, as we held in Commercial Union [Ins. Co. v. Byrne, 248 So. 2d 777 (Miss. 1971)].
>
> In the instant case, the policy was not a CDP; it was a fire policy to which had been added by endorsement for an additional premium an extended coverage clause, insuring against direct physical loss by windstorm. We note also that the Answer of Lititz is mostly a denial of the right of the appellant to recover under the windstorm clause.

The *Byrne* case referred to by the Supreme Court held that where a single policy was all risk as to dwelling and insured against loss by "windstorm" as to personal property, and where an exclusion was pled as an affirmative defense by the insurer, the same burden of proof applied on all coverages, i.e., the insurer had the burden of proving the applicability of the exclusion as to both dwelling and contents. In this regard, the *Byrne* court held:

> Commercial Union contends that the basic error in the instructions is that Byrne's requested instructions included both the contents and the dwelling itself and that there were two distinct different types of coverage. We are of the opinion that Commercial Union is in error in contending that there were two basic types of coverage to the contents and to the dwelling. Coverage group A included fire and allied perils as set forth in the forms and endorsements and the property covered included the dwelling, which was insured for $32,000, and the contents, which were insured for $12,000.

> Limitations as to the loss to the interior of the building and to the contents is contained in the same clause in the policy which was quoted in the earlier part of this opinion.

*Byrne, supra,* at 781-782.

State Farm raises the following affirmative defenses in its Answer:

> The Defendant affirmatively pleads that some of the Plaintiff's claims are either not covered or excluded from coverage under any applicable State Farm policy.

[6] Answer to Complaint at page 12 of 14.

While State Farm will have the opportunity at trial to meet its burden of proving that any particular part of Plaintiff's loss was caused by an excluded peril, the fact remains that no genuine issues of material fact exists concerning coverage. Specifically, Plaintiff's dwelling sustained "an accidental direct physical loss" and his personal property sustained a loss caused by "windstorm." Plaintiff is entitled to partial summary judgment on those issues, leaving for a resolution at trial the other issues, including but not limited to, State Farm's affirmative defense relating to the flood exclusion.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court enter its order granting partial summary judgment on the issue of windstorm. Plaintiff prays for such other and further relief as may be deemed appropriate.

THIS the 31st day of August, 2009.

        Respectfully submitted,

        REGINALD EDWIN BOSSIER

        BY: /s Judy M. Guice
        JUDY M. GUICE (#5057)

Judy M. Guice (MSB #5057)
JUDY M. GUICE, P.A.
P. O. Box 1919
Biloxi, MS 39533-1919
Telephone: (228) 374-9787
Facsimile:  (228) 374-9436

## CERTIFICATE OF SERVICE

I, Judy M. Guice, counsel for Plaintiff, do hereby certify that I have this day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to the following:

H. Benjamin Mullen, Esquire
John A. Banahan, Esquire
Bryan, Nelson, Schroeder, Castigliola & Banahan, PLLC
P. O. Drawer 1529
Pascagoula, MS 39568

This the 31st day of August, 2009.

        s/Judy M. Guice
        JUDY M. GUICE (MSB #5057)