IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REGINALD EDWIN BOSSIER**                                                     **PLAINTIFF**

**VERSUS**                                              **CAUSE NO. 1:08–cv-408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                **DEFENDANT**

**REPLY IN SUPPORT OF [77] MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF THE ANTI-CONCURRENT CAUSE CLAUSE**

COMES NOW the Plaintiff, by and through counsel of record, and files this his Reply in Support of [77] Motion for Partial Summary Judgment on the Issue of the Anti-Concurrent Cause Clause and for cause therefore would show unto the Court the following, to-wit:

The arguments set forth in State Farm's [107] Response in Opposition to Plaintiff's Motion for Partial Summary Judgment on the Issue of the Anti-Concurrent Cause Clause are more than adequately rebutted by the arguments set forth by appellants in the primary and reply brief in *Corban v. USAA*, Mississippi Supreme Court No. 2008-IA–00645-SCT and attached as Exhibit A to Plaintiff's [77[ motion.[1]  A decision in the *Corban* case is expected by the *en banc* Mississippi Supreme Court well prior to the trial of this cause and will control the issues relating to the interpretation, application, and validity of the anti-concurrent cause clause.  While judicial economy would favor a delay in ruling on

---

[1]Arguments presented in the *Corban* briefs are adopted and incorporated herein by reference.

1

the subject motion and a request for additional briefs following the *Corban* decision, Plaintiff offers the following in support of the current motion.

While espousing its clarity and enforceability, State Farm does little to explain the meaning of the provision or its application to the facts of the case *sub judice*. Indeed, State Farm fails to acknowledge this Honorable Court's decision in *Dickinson v. Nationwide Mut. Fire Ins. Co.*, 2008 WL 1913957 (S.D. Miss. 2008), which held that the ACC has no application in Hurricane Katrina cases such as that here.

Moreover, while State Farm continues to urge that the "earth movement" cases[2] somehow affect Plaintiff's argument that the ACC is invalid as it relates to hurricane cases, it ignores the fact that the Mississippi Supreme Court declined to follow *Eaker* in *United States Fidelity and Guaranty Co. v. Martin*, 998 So. 2d 956, 962 (Miss. 2009), where the Court declared as ambiguous USF&G's water damage exclusion, which included an ACC.

In actuality, State Farm demonstrates precisely how the ACC is being misused in Hurricane Katrina litigation to shift the burden of proof under an all risk insurance policy from the insurer to the insured. In this regard, tucked away on the last page of its brief is Defendant's tired though partially camouflaged argument that Plaintiff must prove the amount of damage caused by wind. This argument is in direct contravention of Mississippi law relating to the burdens of

---

[2]*Rhoden v. State Farm Fire & Cas. Co.*, 32 F.Supp.2d 907 (S. D. Miss. 1998); *Eaker v. State Farm Fire & Cas. Ins. Co.*, 216 F.Supp.2d 606 (S.D. Miss. 2001) and *Boteler v. State Farm Cas. Ins. Co.*, 876 So. 2d 1067 (Miss. App. 2004).

proof under an all risk policy. Moreover, it is directly contrary to State Farm's own testimony in this and other cases, as well as the policy language written by State Farm.

All risk insurance was created "for the very purpose of protecting the insured in those cases where difficulties of logical explanation or some mystery surround the (loss of or damage to) property." *Morrison Grain Co. v. Utica Mut. Ins. Co.*, 632 F.2d 424, 430 (5th Cir. 1980), *quoting*, *Atlantic Lines Limited v. American Motorists Ins. Co.*, 547 F.2d 11, 13 (2nd Cir. 1976). As held in *Morrison Grain*, it is inconsistent with the protective purpose of "all risk" insurance to require the insured to establish the precise cause of the loss or damage. Under an all risk policy, such as that here, "the insured is not required to negative each of the policy exceptions in order to recover"; instead, the insurer has the burden of proving an exclusion of coverage exists. *Id.* at n. 16.

To meet the *prima facie* burden under the State Farm policy, the insured only has to show accidental direct physical loss to the property from any cause whatsoever. It then becomes State Farm's burden to prove that any portion of the loss is one to which its water damage exclusion applies. If the insurer cannot prove what specific portion of the loss was caused by excluded water damage, then it must pay for the entire loss.

The Fifth Circuit Court of Appeals has rejected State Farm's current argument. In *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618 (5th Cir. 2008), the Fifth Circuit specifically held that the burden did not shift back to the

insured to segregate covered from non-covered damages, as argued by State Farm. *Id.* at 626. Moreover, the Fifth Circuit noted that the same results applied both as to the dwelling coverage and the "named peril" personal property portion of the provision. Application of the same burden of proof as to both portions of the policy is mandated by *Commercial Union Ins. Co. v. Byrne*, 248 So. 2d 777, 781 (Miss. 1971), where the Mississippi Supreme Court affirmed use of the same burden of proof instruction, i.e., the burden being on the insurer to prove the applicability of an exclusion, for both the dwelling and contents portion of the policy, not withstanding that the former was on a "all risk" basis and the latter a "named peril" basis.[3]

The Mississippi Supreme Court has previously decided the issue of an insurer's responsibility for payment of a loss caused in part by a covered event and a part by an excluded event, and that decision was in favor of the insured. In *Glens Falls Ins. Co. v. Lindwood Elevator*, 130 So. 2d 262 (Miss. 1961), the insured filed a claim for loss of soybeans allegedly destroyed by fire in the insured's grain elevator. The insurance company denied the claim, maintaining that it was caused in part by internal deterioration and combustion, known as "bin burn", an excluded peril. One of the issues on appeal was couched as follows: "can appellant be held liable if the soybeans were destroyed partly by fire and partly by internal deterioration and combustion, known as 'Bin Burn'?" *Id.*

---

[3]Plaintiff has asked for summary judgment on the issue of the hurricane loss being caused by a "windstorm" as required under the contents portion of the policy at ECF 79.

at 265. The insurer argued on appeal that the insured could recover nominal damages at best, because it failed to distinguish between the amount of damage caused by the covered peril and the amount caused by the excluded peril. *Id.* at 269. The Mississippi Supreme Court rejected that argument and found that because the efficient proximate cause of the totality of the loss was covered fire, the insurance company owed it all.

The Supreme Court's holding in *Glens Falls* was based on several decisions from other jurisdictions, including *Lummel v. National Fire Ins. Co. of Hartford, Conn.*, 210 N.W. 739 (S.D. 1926). *Lummel* was described by the Supreme Court as holding that "where only one concurring cause of loss is insured against, and damage by peril can be distinguished, each party must bear its proportion, <u>but where each cause cannot be distinguished</u>, the party responsible for dominating efficient cause is liable for the loss; and where an efficient cause nearest the loss is a peril expressly insured against, the insurer is not relieved from responsibility by showing that property was brought within such peril by a cause not mentioned in the insurance policy." *Glens Falls* at 270. *See also, Varano v. Home Mut. Fire Ins. Co.*, 63 A.2d 97, 99 (Pa. 1949) ("[t]he damage caused by the explosion was an incident of the fire and was caused by it, and under the circumstances therefore the entire loss must be regarded as a loss by fire regardless of an exception in the policies against loss from explosion."), cited in *Glen Falls*, 130 So. 2d at 270.

More recently, the current Commissioner of Insurance reiterated that "[w]hen there are one or more perils involved, such as wind and water, and the

water is excluded, it is incumbent upon the company to calculate the separate damage attributable to each peril and adjust the claim accordingly." See, Report of Special Target Investigation at ECF 77-8 at 18.

State Farm has acknowledged in its 30(b)(6) deposition that if the insured can prove a direct accidental loss, the insurer has the burden of proving an exclusion. *See*, 30(b)(6) depo excerpts at ECF 108-12 at 145 - 146. Moreover, its policy language requires payment for all of the loss other than that which it can prove "would not have occurred in the absence of . . . water damage."

In short, with or without an anti-concurrent cause clause, the State Farm policy requires State Farm to bear the burden of establishing the extent to which any part of the loss was caused by an excluded peril, given the fact that all of the loss constitutes a "direct accidental physical loss."

Plaintiff's motion should be granted. The Court should declare that the policy's ACC is ambiguous and/or contrary to public policy and will not be used to exclude any portion of Plaintiff's direct accidental physical loss. Moreover, the Court should rule that State Farm bears the burden of establishing that any particular part of the loss was caused by an excluded peril.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court enter its order granting Plaintiff's Motion for Partial Summary Judgment as set forth herein and in the accompanying memorandum. Plaintiff prays for such other and further relief as may be deemed appropriate.

THIS the 31st day of August, 2009.

                                Respectfully submitted,

                                REGINALD EDWIN BOSSIER


                                BY: /s Judy M. Guice
                                JUDY M. GUICE (#5057)


Judy M. Guice (MSB #5057)
JUDY M. GUICE, P.A.
P. O. Box 1919
Biloxi, MS 39533-1919
Telephone: (228) 374-9787
Facsimile:  (228) 374-9436


**CERTIFICATE OF SERVICE**

      I, Judy M. Guice, counsel for Plaintiff, do hereby certify that I have this day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to the following:

H. Benjamin Mullen, Esquire
John A. Banahan, Esquire
Bryan, Nelson, Schroeder, Castigliola & Banahan, PLLC
P. O. Drawer 1529
Pascagoula, MS 39568

This the 31st day of August, 2009.

                                s/Judy M. Guice
                                JUDY M. GUICE (MSB #5057)