IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REGINALD EDWIN BOSSIER**                                                              **PLAINTIFF**

**VERSUS**                                                      **CAUSE NO. 1:08-cv-408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                              **DEFENDANT**

**REPLY IN SUPPORT OF [101] APPLICATION FOR REVIEW
OF, AND OBJECTION TO, AUGUST 10, 2009,
ORDER OF UNITED STATES MAGISTRATE JUDGE**

COMES NOW the Plaintiff, by and through undersigned counsel, and submits herewith his Reply in Support of [101] Application for Review of, and Objection to, [94] August 10, 2009, Order of United States Magistrate Judge, regarding documents submitted August 3, 2009, reviewed *in camera*, and would show unto this Honorable Court the following:

The subject Motion for Review involves the identical issues present in the companion [95] Application for Review of, and Objection to, [74] July 31, 2009, Order of United States Magistrate Judge and is necessary only because State Farm initially failed to comply with the Court's order, necessitating a second *in camera* review. Because the issues are the same, Plaintiff adopts herein by reference his Reply in Support of Application for Review of, and Objection to, July 31, 2009, Order of United States Magistrate Judge [ECF 113].

In addition, Plaintiff would note that State Farm's insistence that the Ziz affidavit is "suspect" because it did not discuss storm surge flooding that occurred after the wind creates another reason for production of any emails discussing or

mentioning the affidavit and its effect on Plaintiff's claim, notwithstanding the anticipation of litigation defense. If State Farm ignored the Ziz affidavit in these emails, then not only has it failed to comply with its own regulations and Mississippi law concerning the duty to investigate, but such omission would also indicate that its current criticism of the affidavit is a manufactured defense to the claim of bad faith. If the emails do discuss the Ziz affidavit and State Farm's refusal to pay for the dwelling extension regardless of same, then the reasons given therefore will likewise be relevant to Plaintiff's allegations that said reason was without an arguable or legitimate basis.

For the same reasons, any emails discussing the tender of $13,561.85 is also discoverable. If State Farm paid that money only to assist in the "anticipated litigation", then same is relevant with regard to State Farm's defense of good faith. If the emails discuss why the money was or was not tendered previously, they are likewise discoverable.

In short, there are many reasons why said emails may be discoverable in this case notwithstanding the "anticipation of litigation." Unfortunately, the Magistrate Judge's order does not provide sufficient information to determine which of said emails may fall within potentially discoverable categories.

In addition, the Magistrate Judge's order failing to address attorney's fees was clearly erroneous and contrary to law. The record reflects the time and effort required to obtain discovery in this case. The subject motion was necessitated when State Farm failed to comply with the Court's order that State Farm deliver

all withheld emails to the Court, requiring yet additional motions. Attorney's fees and expenses should be awarded, and the Magistrate Judge's failure to address same is clearly erroneous and contrary to law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court enter an Order reversing the Order of the Magistrate Judge and compelling the Defendant to produce all the emails withheld and ordering the Defendant to pay costs and expenses, including reasonable attorneys' fees, incurred in bringing this before the Court, together with any and all additional relief in favor of the Plaintiff deemed appropriate by the Court.

THIS the 3rd day of September, 2009.

Respectfully submitted,

REGINALD EDWIN BOSSIER

BY: /s Judy M. Guice
JUDY M. GUICE (#5057)

Judy M. Guice (MSB #5057)
JUDY M. GUICE, P.A.
P. O. Box 1919
Biloxi, MS 39533-1919
Telephone: (228) 374-9787
Facsimile: (228) 374-9436

3

**CERTIFICATE OF SERVICE**

      I, Judy M. Guice, counsel for Plaintiff, do hereby certify that I have this day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to the following:

  H. Benjamin Mullen, Esquire
  John A. Banahan, Esquire
  Bryan, Nelson, Schroeder, Castigliola & Banahan, PLLC
  P. O. Drawer 1529
  Pascagoula, MS 39568

This the 3rd day of September, 2009.

                                    *s/Judy M. Guice*
                                JUDY M. GUICE (MSB #5057)