IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REGINALD EDWIN BOSSIER**                                                              **PLAINTIFF**

**VERSUS**                                                   **CAUSE NO. 1:08-cv-408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                       **DEFENDANT**

**PLAINTIFF'S RESPONSE TO [117] MOTION TO
DISQUALIFY ATTORNEY, STANTON J. FOUNTAIN, JR.
<u>AS COUNSEL OF RECORD FOR PLAINTIFF</u>**

COMES NOW the Plaintiff, by and through undersigned counsel, and files this his Response to Defendant's [117] Motion to Disqualify Attorney, Stanton J. Fountain, Jr. As Counsel of Record for Plaintiff and would show unto this Honorable Court the following:

When the going gets tough, State Farm files a motion to disqualify. *See, e.g.*, *Guice v. State Farm Fire & Cas. Co.*, 1:06-cv-1 [287] (motion to disqualify law clerk); *Eleuteruis v. State Farm Fire & Cas. Co.*, 1:06cv647 (same); *In re: State Farm Fire & Cas. Co.*, 254 Fed.Appx. 408 (5th Cir. 2007) (motion to disqualify counsel). The one filed in this case is of no merit and should be denied.

State Farm has now admitted that Mr. Bossier's dwelling extension was destroyed by wind and paid policy limits for same. State Farm's conclusion, reached four years after the loss, is based in part on the eye witness account of

Plaintiff's neighbor, Joseph Ziz.[1] In a weak attempt to shield itself from extra-contractual damages for the delay in payment[2], State Farm attacks an affidavit of Mr. Ziz signed January 8, 2008, as "suspect" for failing to discuss storm surge that occurred after the structure was destroyed. State Farm seeks disqualification of Mr. Bossier's business attorney, Stanton Fountain, who drafted the affidavit. State Farm's attack on both the affidavit and Mr. Fountain have no merit.

The following chronology relating to the affidavit may be helpful.

| | |
|---|---|
| January 8, 2008 | Affidavit based on oral statement prepared by Stanton Fountain and signed by Joseph Ziz. (See ECF 82-3, Ziz affidavit) |
| January 9, 2008 | Affidavit presented to State Farm at mediation. (Exhibit A, State Farm mediation file at 0292-HO - 0291-HO; Exhibit B) |
| April 1, 2008 | Affidavit sent by undersigned counsel to State Farm counsel and forwarded to State Farm. (Exhibit C) |
| May 1, 2008 | Affidavit sent to State Farm adjuster Shellie Leverett (Exhibit D)[3] |

---

[1] Substantial other evidence of wind damage was in State Farm's possession while the claim was being adjusted, including other near-by neighbors who saw houses "blown apart". (See ECF108-2 and ECF 108-3).

[2] Such a delay is consistent with State Farm's conduct throughout the course of its handling of this claim. It took three years for it to acknowledge a $13,000 error caused by basing its initial payment on the wrong kind of roof and wrong kind of siding.

[3] No doubt in an attempt to manufacture a basis for later claiming undersigned counsel as a witness, State Farm falsely claims she prepared the affidavit and was subsequently unable to contact Ziz. (State Farm [126] reply at 12). The record is undisputed that State Farm knew full well how to contact Ziz, (See ECF 82-5 at 31) its insured, and that undersigned counsel had never spoken to him prior to his deposition on July 9, 2009. (*Id.* at 24)

| | |
|---|---|
| August 20, 2008 | Suit was filed |
| October 20, 2008 | Counsel for Plaintiff offers to make Mr. Ziz available for a statement (Exhibit E)[4] |
| October 27, 2008 | Affidavit of Mr. Ziz provided in disclosures |
| December 2008 (approx.) | Mr. Ziz has telephone conversation with State Farm employee who advises she will call back with a statement date (See ECF82-5 at 28-30) |
| Date Unknown | State Farm attorney Ben Mullen has telephone conversation with Joseph Ziz (See ECF 82-5 at 28-30) |
| May 11, 2009 | State Farm takes recorded statement of Joseph Ziz (See ECF 82-4)[5] |
| May 14, 2009 | Counsel for State Farm requests deposition dates for Mr. Ziz. (Exhibit F) |
| July 9, 2009 | Deposition of Mr. Ziz taken; Stanton Fountain attends without objection |
| August 18, 2009 | Stanton Fountain enters appearance as additional counsel (See ECF 99) |
| August 24, 2009 | Counsel for State Farm announces at court conducted settlement conference that State Farm will pay dwelling extension limits |
| August 31, 2009 | Dwelling extension limits paid[6] |

---

[4]No response was received to this email.

[5]State Farm's representation that May 11, 2009 was its first contact with Mr. Ziz (State Farm's [126] reply at 12-13) is false.

[6]There remains an issue as to whether the additional Option ID coverage should have been paid.

State Farm's contention that Mr. Fountain is a witness who must be disqualified is without merit. There has never been any dispute in this case concerning the fact that at some point Mr. Bossier's property was impacted by water. The issue has always been how much wind damage occurred before the water arrived. (See ECF 109-4 Bossier depo at 21). Indeed, the affidavit itself acknowledges that storm surge occurred. Since Mr. Bossier's dwelling extension was gone before water arrived, it was unnecessary and irrelevant to discuss this non-causative force in the affidavit.

Whether storm surge, fire, volcano, or meteor storm occurred after the building was destroyed has no bearing on whether State Farm had a legitimate or arguable basis for refusing to pay for the covered destruction of said structure. State Farm should not be permitted to disqualify an attorney merely because of a desire to elicit irrelevant testimony from him. The strategy of calling as a witness an attorney to explain to the jury that post-destruction weather events are insignificant is questionable to say the least. Regardless of the effectiveness of such a strategy, given the utter lack of relevance of the testimony, State Farm's motion is without merit and should be denied.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that this Honorable Court will deny Defendant's Motion to Disqualify. Plaintiff prays for any and other relief as may be deemed appropriate.

THIS the 9th day of September, 2009.

           Respectfully submitted,

           REGINALD EDWIN BOSSIER


           BY: _/s Judy M. Guice_____
             JUDY M. GUICE (#5057)


Judy M. Guice (MSB #5057)
JUDY M. GUICE, P.A.
P. O. Box 1919
Biloxi, MS 39533-1919
Telephone: (228) 374-9787
Facsimile:  (228) 374-9436


## CERTIFICATE OF SERVICE

  I, Judy M. Guice, counsel for Plaintiff, do hereby certify that I have this day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to the following:

H. Benjamin Mullen, Esquire
John A. Banahan, Esquire
Bryan, Nelson, Schroeder, Castigliola & Banahan, PLLC
P. O. Drawer 1529
Pascagoula, MS 39568

This the 9th day of September, 2009.


           _s/Judy M. Guice_____
           JUDY M. GUICE (MSB #5057)