UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REGINALD EDWIN BOSSIER                                                                PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:08cv408-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                              DEFENDANT

## ORDER

Plaintiff's [95] [101] Motions for Review of the United States Magistrate Judge's [74] [94] Orders involve identical issues arising from documents reviewed on separate occasions *in camera*. This Court considers Plaintiff's objections under the standard set forth in Fed. R. Civ. P. 72(a): any portion of the Magistrate Judge's order shall be modified or set aside if it is found to be clearly erroneous or contrary to law.

The Court agrees with Defendant's general assessment that Plaintiff's [95] [101] motions concentrate more on the substance of the underlying cause of action than on demonstrating how the Magistrate clearly erred or acted contrary to law. However, Plaintiff can hardly be criticized for pursuing further review, especially given the fact that the documents were submitted by Defendant (which had sole possession of them) for *in camera* inspection, meaning Plaintiff did not have access to them. The Magistrate in his [74] [94] orders described in some detail the materials, but that is not the same as the documents themselves.

This Court has conducted an independent assessment of the documents reviewed *in camera*, and finds that the Magistrate was correct in his legal conclusion ([74] at p. 1) that "it is the nature of the materials at issue and the circumstances of the case which determine whether materials were prepared in anticipation of litigation rather than the date litigation actually commenced." In this case, the communications between State Farm and its counsel were triggered by correspondence from Plaintiff's counsel to Defendant's counsel exploring a resolution of the claims under the subject insurance policy. All e-mails arise from that initial and subsequent contact to see if a settlement could be reached, and Plaintiff's counsel made clear the prospect of litigation in the event it could not.

Further, Plaintiff is in possession of materials in Defendant's claim file, including reports issued by Defendant's claim representative, Shellie Leverett. Plaintiff is entitled to explore the investigation that was conducted and the factors that were or were not considered by Defendant's personnel in the evaluation of his claim, but may not obtain the documents involving counsel correctly found by the Magistrate Judge to be privileged and protected from disclosure. The Magistrate Judge's decisions are neither clearly erroneous nor contrary to law.

To repeat the essence of what was said in this Court's [116] order involving another challenge to a decision by the Magistrate Judge, Defendant owes Plaintiff certain obligations under its insurance contract, including the implied duty of good faith and fair dealing, and the legal responsibility to fairly and thoroughly investigate and evaluate all claims and respond appropriately. The Court will address those issues in due course, especially with respect to Defendant's [85] Motion for Partial Summary Judgment.

Defendant's suggestion that Plaintiff should be subjected to sanctions under Fed. R. Civ. P. 11 is without merit, both in form (there is no separate motion as the rule requires) and substance (Plaintiff is entitled to a review of the Magistrate Judge's rulings). Finally, Plaintiff's request that the e-mails in question be filed in the record under seal is reasonable.

Accordingly, **IT IS ORDERED:**

The [74] Order of the United States Magistrate Judge is **AFFIRMED**;

The [94] Order of the United States Magistrate Judge is **AFFIRMED;**

Plaintiff's [95] Motion to Review Magistrate Judge's Order is **DENIED**;

Plaintiff's [101] Motion to Review Magistrate Judge's Order is **DENIED;**

The material which is the subject matter of Plaintiff's [95] [101] motions for review shall be placed in the record of this cause of action under seal.

**SO ORDERED** this the 11th day of September, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE