UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REGINALD EDWIN BOSSIER                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:08cv408-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                      DEFENDANT

### ORDER

This order addresses Defendant's [85] Motion for Partial Summary Judgment, which is aimed at the issues of punitive and extra-contractual damages. After a thorough review of the record, and under the standards of Fed. R. Civ. P. 56, it can not be said at this stage of the proceedings that there are no genuine issues of material fact and that Defendant is entitled to partial judgment as a matter of law.

Plaintiff sustained a loss to his home north of the Bay of Biloxi in Biloxi, Mississippi, as a result of Hurricane Katrina on August 29, 2005. The tension in the record is between the damages sustained by Plaintiff and the manner in which the various claims under his insurance policy were handled by Defendant. Plaintiff claims, *inter alia*, that Defendant failed to conduct a prompt and thorough investigation of damages to his home and appurtenant structure, and that Defendant delayed payment of covered losses. The primary, though not sole, area of concern is the ultimate unconditional payment of the dwelling extension coverage for a separate detached structure (but not the contents located in it) four years after the storm. While the underlying issue on the dwelling extension is treated in Plaintiff's own [82] motion for partial summary judgment (filed at a time when no payment had been made), Defendant pays little heed to this aspect in the present motion.

Plaintiff has come forward with sufficient evidence to warrant further consideration of the alleged delay in the payment of benefits eventually made, as well as the overall handling of the claims. This evidence includes, but is not limited to, the identity of a neighbor who remained in his home during Hurricane Katrina. While Defendant offers the explanation that it was unsuccessful in its attempts to reach this purported eyewitness to obtain information concerning Plaintiff's claims, it fails to acknowledge the fact that this individual was one of its policyholders for whom it had contact information and knew his whereabouts. In addition, an initial payment for covered losses on the principal dwelling was based on a speculative estimate. Subsequent payments for damages occurred after Plaintiff retained a lawyer and most were made after litigation had been instituted. *See generally Broussard v. State Farm Fire and Casualty Co.*, 523 F.3d 618 (5th Cir. 2008). It is critical to keep in mind that "[a]n insurance carrier's duty to promptly pay a legitimate claim does not end because a lawsuit has been filed against it for nonpayment of it. Put more bluntly, if you owe a debt the duty to pay does not end when you are sued for nonpayment of it." *Gregory v. Continental Insurance Co.*, 575 So. 2d 534, 541 (Miss.

1991).

It should be pointed out that *Broussard, supra,* relied upon by Defendant, suggests that consequential or extra-contractual damages may be appropriate even when punitive damages are not. The Mississippi Supreme Court, in *United American Insurance Co. v. Merrill*, 978 So. 2d 613 (Miss. 2007), held that attorney's fees are justified where punitive damages are awarded.

Under the entirety of the circumstances and pursuant to Rule 56 it is not for the Court to weigh the evidence or evaluate the credibility of witnesses, but to consider the evidence submitted by the parties in support of and in opposition to the motion and grant all reasonable inferences to the non-moving party, in this instance the Plaintiff . In other words, that evidence and those inferences drawn from it are viewed in the light most favorable to the non-moving party. The parties should understand that this does not mean, in the final analysis, that the jury will be given a punitive damages instruction or one that deals with extra-contractual damages. For present purposes, Defendant's [85] motion for partial summary judgment on the issues of punitive and extra-contractual damages is not well taken.

Accordingly, **IT IS ORDERED**:

Defendant's [85] Motion for Partial Summary Judgment is **DENIED**.

**SO ORDERED** this the 17th day of September, 2009.

> s/ L. T. Senter, Jr.
> L. T. SENTER, JR.
> SENIOR JUDGE