IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REGINALD EDWIN BOSSIER**                                                                     **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 1:08cv408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                                                        **DEFENDANT**

**ORDER**

Before the Court is [73] Plaintiff's July 30, 2009 motion for sanctions under Rule 37(b), Fed. R. Civ. P., for failure to comply with court order. Plaintiff asserts he is entitled to default judgment because Defendant has failed to comply with that portion of the Court's order [59] of June 5, 2009 requiring State Farm, "to the extent that it has not already done so, to produce those documents containing State Farm's directives, guidelines, policies and procedures for handling Hurricane Katrina claims in general or Plaintiff's claim specifically." As grounds for the motion Plaintiff claims that in an unrelated Hurricane Katrina lawsuit, different counsel for State Farm listed seven documents in a privilege log which have not been produced by State Farm's counsel in this case,[1] and that State Farm has failed to produce "other documents known to exist that are responsive to the Court's order." The latter documents consist of 15 numbered OG sections, State Farm's Fire Claim Code Manual, Catastrophe Induction Manual, parts of which Plaintiff's counsel states were found on the internet; the State Farm "Employee Manual" referred to in the

---

[1] The documents are: (1) 2005 Hurricane Katrina Adjuster Training; (2) 2005 Hurricane Katrina Adjuster Training; Induction Center Flood Training Powerpoint; (3) 2005 Hurricane Katrina Adjuster Training - Louisiana; Central Consulting Services; (4) Request for Responsive Documents 8/2006; Hurricane Sweep; (5) Dave Randel's Desk File Pertaining to Research Compiled to Manage Hurricane Catastrophe; (6) Terry Blalock's Desk File Pertaining to Research Compiled to Manage Hurricane Catastrophe; (7) Lansing Vargo's Working File Relating to Hurricane Katrina.

1

2004 State Farm "Code of Conduct;" Steve Burke notes, which are filed under seal as Docs. [44] and [45] in this case; and Rick Moore file containing emails giving directives to team managers for the handling of Hurricane Katrina claims.

In response, State Farm claims it has produced many of the items Plaintiff asserts have not been produced. When Plaintiff's counsel accused Defense counsel of failing to comply with the Court's order, Defense counsel promptly responded that he thought Defendant had complied, and asked Plaintiff's counsel what was missing. Plaintiff's counsel declined to respond, perceiving the question as an attempt "to shift all burden to the policyholder." [73, p. 2, n. 2] Plaintiff concedes that State Farm has produced in discovery some 9,000 pages contained on two unlabeled, unindexed CDs, but states that this "fails to establish that any particular document was, in fact, produced in this case and constitutes an admission by omission." [104, p. 4, n. 6] However, the moving party bears the burden to establish the facts asserted in his motion.

While the Court is aware that default judgment is a permissible sanction under Rule 37, it is also mindful that the Fifth Circuit has held sanctions are not to be used lightly, and that the most severe of sanctions, judgment against the offending party, should be used "only under extreme circumstances." *Federal Deposit Insurance Corporation v. Conner*, 20 F.2d 1376, 1380 (5th Cir. 1994). By the Plaintiff's own account, the Defendant has produced over 9,000 documents in this case, and Plaintiff has stated he is "unsure" as to whether some documents have been produced. [73, p. 3] Defendant's response to Plaintiff's original complaint that Defendant had not complied with the order, was to ask what Plaintiff thought was missing. These facts fail to support a finding that Defendant has willfully or in bad faith refused to comply

2

with the Court's order.  This Court does not consider entry of default judgment against Defendant appropriate based upon its failure to produce items already in Plaintiff's possession (the Rick Moore file), available over the internet (Catastrophe Induction Manual), or actually filed in the record in this case (Steve Burke notes), and the Court finds that this case fails to present the "extreme circumstances" which would justify entry of default judgment.  In addition, the Court finds there was no good faith effort to resolve this matter prior to filing the instant motion.  It is therefore,

**ORDERED**, that Plaintiff's motion for sanctions (default judgment) is denied, this the 24th day of September, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE