IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REGINALD EDWIN BOSSIER**                                                        **PLAINTIFF**

**VERSUS**                      **CIVIL ACTION NO. 1:08cv408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                                      **DEFENDANT**

## ORDER

Before the Court is [117], Defendant's August 28, 2009 motion to disqualify Stanton J. Fountain, Jr., as counsel of record for Plaintiff. State Farm contends Fountain became a material witness in the Bossier case by failing to include all pertinent information when, in January 2008, he prepared an affidavit for signature by Joseph Ziz, Sr., for use in Bossier's pre-litigation negotiations with State Farm on Bossier's Hurricane Katrina claim. In his July 9, 2009 deposition Ziz testified in that he told Fountain about the quickly rising flood waters of the Bay of Biloxi (up to Ziz's chest) during Hurricane Katrina, which forced Ziz and his family to seek shelter on the second floor of a house. This information does not appear in the affidavit Ziz signed on January 8, 2008. State Farm identified Fountain as a witness in the Bossier case in disclosures served July 10, 2009, the day after the Ziz deposition, and asserts it may call Fountain to testify about "why this critical information regarding the early morning, sudden storm surge flooding at the Bossier property was left out of the affidavit which was being prepared in furtherance of Bossier's homeowners insurance claim with State Farm." According to State Farm, Bossier has taken the position that the affidavit alone should have been sufficient for State Farm to pay Bossier's claim. State Farm contends that Fountain cannot act as both an advocate and a witness at trial, and should be disqualified.

In response [127], Bossier asserts that "there has never been any dispute in this case concerning the fact that at some point [his] property was impacted by water. The issue has always been how much wind damage occurred before the water arrived." Plaintiff contends the affidavit adequately addresses that issue, and that Fountain's testimony would be irrelevant.

In reply [131], State Farm reiterates its position that Fountain "withheld and concealed material evidence obtained from [Ziz] which would have substantially impacted the investigation and evaluation of the Plaintiff's claim for insurance benefits."

<u>Discussion</u>

The only authority cited in support of the motion to disqualify is Rule 3.7, *Miss. R. Prof Conduct*. That Rule provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work a substantial hardship on the client.

The evidence presented to the Court is uncontested that Fountain prepared the affidavit; that the affidavit included only part of what Ziz told Fountain; and that it omitted information about the rapid rise of flood waters from the Bay of Biloxi. This Court finds such evidence insufficient to warrant disqualification of counsel. It is therefore,

**ORDERED** that the motion to disqualify Attorney Stanton J. Fountain, Jr. as counsel for Plaintiff is denied.

SO ORDERED, this the 25th day of September, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE