IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD EDWIN BOSSIER,<br><br>             Plaintiff,<br><br>     v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>             Defendant. | No.: 1:08-CV-00408-LTS-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S COMBINED OPPOSITION TO PLAINTIFF'S REQUEST TO FILE A SUR-REBUTTAL [138] [138-2] AND REPLY IN SUPPORT OF STATE FARM'S MOTION FOR LEAVE TO FILE SUR-REPLY [129]**

State Farm Fire and Casualty Company ("State Farm") respectfully submits this opposition to Plaintiff's request to file a sur-rebuttal [138] [138-2] and reply in support of State Farm's motion for leave to file a sur-reply [129]. As discussed below, Plaintiff continues to raise new legal theories in his "sur-rebuttal," and, subject to leave of the Court, this further reply is warranted to address Plaintiff's new arguments.

As an initial matter, Plaintiff concedes in his brief that he raised new legal theories in his summary judgment reply and asserts that he did so because it was his first opportunity. [138] at 1. Regardless of the reason, Plaintiff's concession that he advanced a new "mend the hold" legal theory in his summary judgment reply provides ample ground for granting leave for State Farm to file its sur-reply. [129]. A sur-reply is necessary to afford State Farm an opportunity to respond to Plaintiff's new legal theory in his summary judgment reply. *See, e.g.*, *Elwood v. Cobra Collection Agency*, 2006 WL 3694594, at *7 (S.D. Miss. Dec. 14, 2006) ("[A] sur-reply is appropriate when the movant's rebuttal raises new legal theories . . . ."). Accordingly, the Court should grant State Farm's motion for leave to file a sur-reply to Plaintiff's motion for partial summary judgment regarding the dwelling extension.

[129].

Plaintiff further attempts in his sur-rebuttal to revive claims that he expressly waived for purposes of his summary motion regarding the dwelling extension. Plaintiff explicitly declared in his summary judgment reply "that the subject motion has *nothing to do with punitive damages*. Indeed, Plaintiff specifically stated in the motion that the issue of punitive damages would be reserved." [122] at 4 (emphasis added). Underscoring his limited waiver, Plaintiff failed to respond in his summary judgment reply to any of State Farm's arguments and authorities regarding punitive damages in its opposition and cross-referenced another series of summary judgment briefs. *Compare* [109], *with* [122].

Now, in his sur-rebuttal, Plaintiff attempts to change his mind. He asks the Court to rule that State Farm had no arguable basis for its adjustment of his personal property claim, requests his punitive damages claim to go to the jury, requests attorney fees and expenses, and "would suggest an additional 33% be added to same." [138-2] at 5. As the Court is well-aware, whether State Farm had an arguable basis is the first prong of Plaintiff's claim for punitive damages and an element of proof for Plaintiff's claim for extra-contractual damages. *See, e.g.*, *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008). Such claims are not submitted to the jury without the Court first making a legal determination that State Farm had no arguable basis. *Id.*; *accord* Miss. Code Ann. 11-1-65. Plaintiff, in his sur-rebuttal, now asks the Court to make that legal determination, even though he clearly waived that issue for purposes of this motion.

In his two-sentence request for punitive damages in his sur-rebuttal, Plaintiff has failed to meet his heavy burden of proof to have the punitive or extra-contractual damages issue go to the jury. As State Farm demonstrated in its opposition to Plaintiff's motion for summary judgment, incorporated in full herein [109], Plaintiff has not shown by clear and convincing evidence that State Farm had no arguable reason for adjusting his claim or did so with malice or gross negligence in reckless disregard for his rights. Plaintiff's failure to prove those elements precludes submission of the punitive damages

issue to the jury as a matter of law. *See, e.g.*, *Broussard*, 523 F.3d at 628. Moreover, Plaintiff is incorrect when he argues that he is due "summary judgment concerning the contents contained in the dwelling extension" because State Farm paid the "policy limits for [the dwelling extension]." [138-2] at 1. The Fifth Circuit has rejected this argument in *Broussard* when the court held that a stipulation that Hurricane Katrina destroyed personal property was not sufficient to trigger coverage under a named peril personal property coverage. "The district court erred when it found that the destruction of the Broussards' personal property by Hurricane Katrina was sufficient to establish the separate assertion that the property was destroyed by 'windstorm,' a 'named peril' under the Broussards' personal property coverage." *Broussard*, 523 F.3d at 624.

Plaintiff's request for attorneys fees, expenses, and an unexplained "additional 33%" also presumes that the Court will enter judgment on punitive damages when ruling on his motion. As State Farm demonstrated in its opposition to Plaintiff's motion for partial summary judgment, [109] at 27-28, without a "gross or willful wrong entitling [the plaintiff] to an award of punitive damages, the Mississippi Supreme Court has *never* approved of awarding attorneys fees" or trial expenses as extra-contractual damages. *Miller v. Allstate Ins. Co.*, 631 So. 2d 789, 795 (Miss. 1994) (emphasis added); *accord Spencer v. State Farm Mut. Auto. Ins. Co.*, 891 So. 2d 827, 830 (Miss. 2005) (trial expenses and attorneys fees); *Greer v. Burkhardt*, 58 F.3d 1070, 1075 (5th Cir. 1995); Miss. R. Civ. P. 54 cmt., para. 15 (attorneys fees and expenses). Plaintiff's belated request for attorney fees and an "additional 33%" in his sur-rebuttal should, therefore, be denied. Not only has he waived the issue of punitive damages for his summary judgment brief on the dwelling extension, Plaintiff has utterly failed to show that he is entitled to judgment on the issue of punitive damages – a well-settled prerequisite for any award of attorney fees or trial expenses.[1]

---

[1] Plaintiff has also failed to provide any support for the amount of his request for attorney fees, including his unexplained request for an additional 33%. The factors the Court must consider include the following, among others: "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other

Moreover, Plaintiff has largely ceded the original grounds for his "mend the hold" argument advanced in his summary judgment reply. Plaintiff abandons all of the cases upon which he relied in his summary judgment reply in support of his "mend the hold" argument, [129-2] at 6-7; he fails to respond to any of the Mississippi authority holding that waiver and estoppel do not apply here, *id.* at 4-6; he ignores authority from the Fifth Circuit and from this Court permitting State Farm to raise any policy defense at trial, even if it was not the original basis for its adjustment, *id.* at 2-4; and he newly relies on Mississippi cases regarding notice of loss, [138-2] at 3-4. With little alternative, Plaintiff attempts to sidestep his admitted "duties of the insured after [the] loss," [138-2] at 2, to substantiate his personal property loss by providing descriptions, ages, prices, receipts, and supporting documents. In response to State Farm's showing that he failed to comply with his duties, Plaintiff changes the subject and discusses the 60 day proof of loss requirement in the policy, the limitations period in the policy, and notice of loss. [138-2] at 2-4. His citation to those other policy requirements does not cure Plaintiff's violation of his post-loss duties to substantiate his personal property claim – which are essential to ascertain the existence, nature, and value of the alleged personal property at issue.

Plaintiff acknowledges that his post-loss duties are within the "Section I – Conditions" portion of the policy. [138-2] at 2.[2] Yet, to attempt to excuse his non-compliance with the requirement that he substantiate his personal property claim, Plaintiff cites Mississippi cases discussing notice of loss. *Id.* at 3-4. Notice of loss is not at issue in Plaintiff's summary judgment motion, and while Plaintiff attempts to strain the cases to extend beyond notice of loss, the plain language of the cases does not follow his lead. Mississippi courts interpreting those cases have not extended them beyond notice of loss. For

---

employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent." *BellSouth Personal Commc'n, LLC*, 912 So. 2d 436, 445-46 (Miss. 2005) (citation omitted); *see McKee v. McKee*, 418 So. 2d 764 (Miss. 1982); *see also* Miss. Code Ann. § 11-55-7 (2008) (listing additional factors). Plaintiff makes no effort to satisfy *any* of these factors.

[2] The policy also makes clear in the "**Suit Against Us**" provision that "[n]o action shall be brought unless there has been compliance with the policy provisions." Homeowners Policy [109-10] at 14 (emphasis in original).

example, in the 80 years since the case of *Provident Life & Accident Insurance Co. v. Jemison*, 120 So. 836 (Miss. 1929) ("*Jemison II*"), was published, no court has interpreted it the way Plaintiff proposes in his sur-rebuttal. That case involved a health and disability policy in which the plaintiff properly supplied notice of his illness on a card provided by the insurer. *Id.* at 836; *accord Provident Life & Accident Insurance Co. v. Jemison*, 120 So. 180, 181 (Miss. 1929) ("*Jemison I*"), *aff'd* 120 So. 680 (Miss. 1929). Coverage was denied because of a dispute over when the illness began and whether that day was within the policy period. *Jemison I*, 120 So. at 181-82. Nor do Plaintiff's other cases on notice of loss lend him aid because none involve the post-loss duty that Plaintiff substantiate the existence, nature, and value of his claimed personal property. *See Capital City Ins. Co., Inc. v. Ringgold Timber Co., Inc.*, 898 So. 2d 680 (Miss. Ct. App. 2005) (en banc) (notice of adverse judgment for liability insurance claim);[3] *Commercial Union Ins. Co. v. Dairyland Ins. Co.*, 584 So. 2d 405 (Miss. 1991) (same).

Beyond notice of loss requirements, Mississippi state and federal courts clearly permit State Farm to raise any policy defense even if it was not the original basis for adjusting the claim. *See, e.g.*, *Sobley v. S. Natural Gas Co.*, 210 F.3d 561, 564 (5th Cir. 2000) (emphasis added), *later proceeding at*, 302 F.3d 325 (5th Cir. 2002); *Penthouse Owners Ass'n, Inc v. Certain Underwriters at Lloyd's, London*, 2008 WL 2725068, at *1 (S.D. Miss. July 10, 2008) (Senter, J.); *see also Stewart v. Gulf Guar. Life Ins. Co.*, 846 So. 2d 192, 202 (Miss. 2002) (en banc). Plaintiff has no answer to these or any other authorities raised by State Farm showing that Mississippi law does not apply waiver or estoppel as Plaintiff proposes to do. *See* [138-2]. Furthermore, Plaintiff's complaint that reference to his post-loss duties is "belated," *id.* at 4, ignores the history of this case. State Farm denied coverage to Plaintiff's dwelling extension based on its conclusion that flooding caused the damage, making a sufficient personal property inventory superfluous at the time. When damage is caused by an excluded peril, there is little need for Plaintiff to detail the nature, age, value, price, and other features of the personal

---

[3] Plaintiff incorrectly represents that this decision was issued by the Mississippi Supreme Court. [138-2] at 4.

property. That the need for such information has now ripened does not excuse Plaintiff from complying with his post-loss duties under the policy. Without Plaintiff's compliance, the existence, nature, and value of his personal property at issue cannot be ascertained, fundamentally prejudicing any proper adjustment of a claim.

Plaintiff does not contend that the policy is ambiguous for any of his post-loss duties, only that his non-compliance should be overlooked by the Court. Yet, courts "are bound to enforce contract language as written and give it its plain and ordinary meaning." *Miss. Farm Bureau Cas. Ins. Co. v. Britt*, 826 So. 2d 1261, 1266 (Miss. 2002) (en banc). "Where the contract is unambiguous, the parties are bound by the language of the instrument.'" *Delta Pride Catfish, Inc. v. Home Ins. Co.*, 697 So. 2d 400, 404 (Miss. 1997) (quoting *Cherry v. Anthony, Gibbs, Sage*, 501 So. 2d 416, 419 (Miss. 1987)); *see also Tuepker v. State Farm Fire & Cas. Co.*, 507 F.3d 346, 353 (5th Cir. 2007). Here, holding Plaintiff to his post-loss duty of substantiating his loss is essential to ascertain the existence, nature, and value of any alleged personal property. Plaintiff's cavalier disregard for these unambiguous requirements should not be endorsed by the Court.

Accordingly, for these reasons and those in State Farm's opposition papers and sur-reply, Plaintiff's motion for partial summary judgment [82] should be denied in its entirety.

Dated: September 30, 2009

Respectfully submitted,

/s/ H. Benjamin Mullen
H. BENJAMIN MULLEN, MSB # 9077
BRYAN, NELSON, SCHROEDER,
CASTIGIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS 39568
(228) 762-6631
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, September 30, 2009.

/s/ *H. Benjamin Mullen*
H. BENJAMIN MULLEN

H. BENJAMIN MULLEN
BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS 39568
(228) 762-6631