**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

REGINALD EDWIN BOSSIER,

                Plaintiff,

              v.

STATE FARM FIRE AND CASUALTY
COMPANY,

                Defendant.

No.:  1:08-CV-00408-LTS-RHW

**STATE FARM FIRE AND CASUALTY COMPANY'S MOTION *IN LIMINE* NO. 1:**
**TO BIFURCATE TRIAL AND TO PRECLUDE EVIDENCE OF OR REFERENCE TO**
**CLAIMS FOR EXTRA-CONTRACTUAL AND PUNITIVE DAMAGES PRIOR TO A FINDING**
**OF COVERAGE UNDER THE POLICY**

1.      State Farm Fire and Casualty Company ("State Farm") respectfully submits its Motion *in Limine* No. 1 to move this Court, pursuant to Mississippi law and Federal Rule of Civil Procedure 42(b), for an order *in limine* bifurcating the trial of Plaintiff's claims in the manner set forth herein and limiting the use of evidence in each phase in accordance therewith.  For the reasons more fully stated in the accompany memorandum of law, incorporated herein by reference, this Court should grant the within motion in its entirety.

2.      Mississippi substantive law requires a barrier of separation between coverage issues and evidence and claim handling issues and evidence.  It is contrary to Mississippi law to commingle issues and evidence regarding Plaintiff's coverage claim with those based on State Farm's claims handling.

3.      State Farm submits that, to properly separate coverage issues and evidence from claims handling issues and evidence, a bifurcated trial is necessary, separating contract/coverage issues (phase one) from punitive and extra-contractual damages issues (phase two).  Pursuant to Federal Rule of Civil Procedure 42(b), this Court has broad discretion to order separate phases for the trial of these discrete issues.

4.     Bifurcating the trial as set forth herein furthers the goals of efficiency and judicial economy and promotes fairness.  Such a phased trial also adheres to this Court's familiar practice in other Hurricane Katrina cases.

5.     Accordingly, for the foregoing reasons and for those set forth more fully in the accompany memorandum of law, this Court should enter an order bifurcating the trial of this case as follows:

i.     In phase one, the Court should try the issue of whether Plaintiff's loss was covered under the homeowners policy and, if so, the extent of covered damages, if any.

ii.     If the jury finds previously uncompensated covered damages, the Court should, in its role as "gatekeeper," conduct an evidentiary hearing, as required by Mississippi Code Section 11-1-65(1)(c), to determine whether the issues related to punitive damages should go to the jury at all.  If the Court determines that the issues related to punitive damages should go to the jury, then in phase two, the Court should try Plaintiff's alleged claims for breach of the duty of good faith and fair dealing, bad faith and tortious breach of contract, and extra-contractual damages (including attorneys fees), if any.[1]

6.     Moreover, the Court should also enter an order to appropriately limit the introduction of evidence in each phase.  In particular, the Court should exclude any evidence or reference to Plaintiff's alleged claims arising from State Farm's claims handling, including claims for extra-contractual damages and punitive damages, prior to a determination that coverage exists for Plaintiff's claims losses.

---

[1] As discussed in the accompany Memorandum of Law, if liability for punitive damages is found, State Farm submits that it is for the Court to resolve any claim for attorneys fees.

Dated:  October 1, 2009

Respectfully submitted,

/s/  *H. Benjamin Mullen*

H. BENJAMIN MULLEN, MSB # 9077
BRYAN, NELSON, SCHROEDER,
CASTIGIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE &**

**CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing

document with the Clerk of Court using the ECF system which sent notification of such filing to all

counsel of record.

DATED, October 1, 2009.

/s/  *H. Benjamin Mullen*

H. BENJAMIN MULLEN

H. BENJAMIN MULLEN
BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631

3