IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REGINALD EDWIN BOSSIER,

          Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY COMPANY,

          Defendant.

No.: 1:08-CV-00408-LTS-RHW

**STATE FARM FIRE AND CASUALTY COMPANY'S MOTION *IN LIMINE* NO. 2:
TO EXCLUDE TESTIMONY OR EVIDENCE
RELATING TO THE MARKET CONDUCT REPORT**

1. State Farm Fire and Casualty Company ("State Farm") hereby moves the Court, pursuant to Federal Rules of Evidence 402, 403, and 802, for an Order *in limine* excluding any evidence, testimony, or argument relating or referring to the "Report of the Special Target Examination (Katrina Homeowner Claims)" commissioned by the Mississippi Department of Insurance ("Report").

2. This Court has previously held that "the probative value of" the Report "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury." *Payment v. State Farm Fire & Cas. Co.*, 2008 WL 5381925, at *1 (S.D. Miss. Dec. 18, 2008) (Senter, J.) (excluding Report in Hurricane Katrina case), *corrected by* Text Only Order (Dec. 18, 2008) (correcting error irrelevant to disposition).

3. After Hurricane Katrina, the Mississippi Department of Insurance called for a market conduct examination of State Farm homeowners policy claims, culminating in the Report. As set forth in the accompanying memorandum of law incorporated herein by reference, the Report reviews claims handling in general terms, based on a limited, unrepresentative sample of homeowners claims. The Report does not address or relate in any way to the specific damage to Plaintiff's property or to Plaintiff's

individual claims.  Additionally, the Report's level of generality makes it impossible for the Court, the finder of fact, or State Farm to address its findings in any meaningful way at trial.

4.  The Report has no relevance to Plaintiff's particular claim and its introduction into evidence would raise a substantial risk of confusing or misleading the jury and would cause unfair prejudice to State Farm.  Accordingly, the Report should be excluded under Federal Rules of Evidence 402 and 403 for all purposes, including punitive damages.

5.  The Report is also inadmissible hearsay and contains further hearsay statements within it.  Accordingly, it should be excluded under Federal Rule of Evidence 802.

WHEREFORE, State Farm respectfully requests that the Court grant this motion and enter an Order *in limine* excluding any evidence, testimony, or argument relating or referring to the Report.

Dated:  October 1, 2009

Respectfully submitted,

*/s/ H. Benjamin Mullen*
H. BENJAMIN MULLEN, MSB # 9077
BRYAN, NELSON, SCHROEDER,
CASTIGIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, October 1, 2009.

/s/ *H. Benjamin Mullen*
H. BENJAMIN MULLEN

H. BENJAMIN MULLEN
BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631