BEFORE THE COMMISSIONER OF INSURANCE
OF THE STATE OF MISSISSIPPI

IN RE: REPORT OF THE SPECIAL
TARGET EXAMINATION OF
STATE FARM FIRE AND CASUALTY
INSURANCE COMPANY                                CAUSE NO. 08-5827

## ORDER

THIS CAUSE came on for consideration before the Commissioner of Insurance of the State of Mississippi ("Commissioner"), or his designated appointee, in the Offices of the Commissioner, 1001 Woolfolk Building, 501 North West Street, 10th Floor, Jackson, Hinds County, Mississippi, pursuant to Miss. Code Ann. §83-1-27 and §83-5-201 et seq. (Rev. 1999). The Commissioner, having fully considered and reviewed the Report of Examination, together with any submissions or rebuttals and any relevant portions of the examiner's work papers, makes the following findings of fact and conclusions of law, to-wit:

## JURISDICTION

I.

That the Commissioner of Insurance of the State of Mississippi has jurisdiction over this matter, pursuant to the provisions of Miss. Code Ann. §83-5-201 et seq. (Rev. 1999).

II.

That State Farm Fire and Casualty Insurance Company is domiciled in Bloomington, IL. The Company writes Automobile Physical Damage/Liability; Boiler and Machinery; Casualty/Liability; Fidelity; Fire/Allied Lines; Home/Farm Owners; Inland Marine; Ocean Marine; Plate Glass; Surety; and Workers' Compensation coverages.

## **FINDINGS OF FACT**

**III.**

That the Commissioner, or his appointee, pursuant to Miss. Code Ann. §83-1-27 and §83-5-201 et seq. (Rev. 1999), called for an examination of State Farm Fire and Casualty Company and appointed Jimmy Blissett, Examiner-In-Charge, to conduct said examination.

**IV.**

That on or about September 22, 2008, the draft Report of Examination concerning State Farm Fire and Casualty Insurance Company for the period of October 24, 2006, through September 22, 2008, was submitted to the Department by the Examiner-In-Charge, Jimmy Blissett.

**V.**

The Department forwarded the draft Report of Examination to the Company pursuant to Miss. Code Ann. §83-5-209(2) (Rev. 1999) and allowed the Company to submit a written response. Following careful review of the Company's response/rebuttal, the Commissioner adopted the final Report of Examination on October 17, 2008 as attached hereto as **Exhibit "A."**

**VI.**

Following Hurricane Katrina's catastrophic landfall, the Department received hundreds of complaints, both formal and informal, from policyholders on the Gulf Coast. These complaints included accusations that various insurance companies, including State Farm, were improperly adjusting claims and/or denying claims without a legitimate or arguable basis.

In an effort to ensure that Mississippi policyholders were being treated properly, then Commissioner George Dale met with State Farm officials to discuss these complaints and

allegations. On or about March 6, 2007, the Commissioner of Insurance, as a result of concerns raised through the examination, reached an agreement with State Farm wherein the Company would re-open and re-adjust all "slab claims" located in the lower three counties that being Hancock, Jackson and Harrison counties along the Mississippi Gulf Coast. The agreement was later extended to include any claims in which the policyholder felt he/she was improperly paid for their claim.

The Department was intimately involved in this re-evaluation process which resulted in thousands of claims being re-opened and re-adjusted. Members of the examination team and other employees of the Department worked with State Farm and its policyholders on a daily basis to ensure that Mississippi residents received what they were owed under their homeowners policy. The re-evaluation process resulted in millions of additional dollars being paid to Mississippi policyholders. State Farm provided sworn testimony that it alone paid more than $88 million as a result of the Department's re-evaluation program.

## VII.

The conduct of State Farm was evaluated and assessed pursuant to the applicable laws, statutes and regulations of the State of Mississippi. Directives and bulletins issued by the Department following Hurricane Katrina were also considered. When applying Mississippi's Unfair Trade Practices statute as codified as Miss. Code Ann. §83-5-29 through §83-5-51 (Rev. 1999), to State Farm's conduct following Hurricane Katrina, the Department found that while the Company did make errors, it found no violations. Although the examination team identified certain areas and instances where some policyholders could have been treated more appropriately, no specific violations of the Unfair Trade Practices statute were identified.

## CONCLUSIONS OF LAW

### VIII.

The Commissioner, pursuant to Miss. Code Ann. §83-5-209(3) (Rev. 1999), must consider and review the report along with any submissions or rebuttals and all relevant portions of examiner work papers and enter an Order:

(1) adopting the Report of Examination as final or with modifications or corrections;

(2) rejecting the Report of Examination with directions to reopen; or

(3) calling for an investigatory hearing.

**IT IS, THEREFORE, ORDERED,** after reviewing the Report of Examination, the Company's rebuttal, and all relevant examiner work papers, that the Report of Examination of State Farm Fire and Casualty Insurance Company, attached hereto as **Exhibit "A"**, should be and same is hereby adopted as final.

**IT IS FURTHER ORDERED** that a copy of the adopted Report of Examination, accompanied with this Order, shall be served upon the Company by certified mail, postage pre-paid, return receipt requested.

**IT IS FURTHER ORDERED** that the Mississippi Department of Insurance shall continue to hold the content of this report as private and confidential information for a period of ten (10) days from the date of this Order, pursuant to Miss. Code Ann. §83-5-209(6)(a) (Rev. 1999).

**IT IS FURTHER ORDERED,** pursuant to Miss. Code Ann. §83-5-209(4) (Rev. 1999), that within thirty (30) days of the issuance of the adopted report, State Farm Fire and Casualty Insurance Company shall file affidavits executed by each of its directors stating under oath that they have received a copy of the adopted report and related orders.

**IT IS FURTHER ORDERED** that State Farm Fire and Casualty Insurance Company shall take the necessary actions and implement the necessary procedures to properly and promptly address the findings as set forth in the Report of Examination and, specifically, that the Company shall reopen and reevaluate any and all claims adjusted by any independent adjuster that was released to ensure that a proper claims decision was made. The Company is further ordered to submit to the Department documentation indicating the policies and procedures that have been implemented following Hurricane Katrina to address the delays, errors and other findings identified in the Report of Examination.

**SO ORDERED**, this the 17th day of October, 2008.

MIKE CHANEY
COMMISSIONER OF INSURANCE
STATE OF MISSISSIPPI

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above and foregoing Order and a copy of the final Report of Examination, as adopted by the Mississippi Department of Insurance, was sent by certified mail, postage pre-paid, return receipt requested, on this the 17th day of October, 2008, to:

Mr. Edward B. Rust, Jr., Chairman and CEO
c/o Steve Simpkins, Counsel, Corporate Law Department
State Farm Fire and Casualty Insurance Company
One State Farm Plaza
Bloomington, IL 61710-0001

                                                Christina J. Kelsey
                                                Senior Attorney

Christina J. Kelsey
Senior Attorney
Counsel for the Mississippi Department of Insurance
Post Office Box 79
Jackson, MS 39205-0079
(601) 359-3577
Miss. Bar No. 9853