IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REGINALD EDWIN BOSSIER,

              Plaintiff,

      v.

STATE FARM FIRE AND CASUALTY
COMPANY,

              Defendant.

No.: 1:08-CV-00408-LTS-RHW

**STATE FARM FIRE AND CASUALTY COMPANY'S MOTION *IN LIMINE* NO. 3: LIMITING TESTIMONY OR EVIDENCE RELATING TO INSURANCE DEPARTMENT BULLETINS AND RELATED CORRESPONDENCE**

State Farm Fire and Casualty Company ("State Farm") respectfully moves *in limine* for an order limiting any evidence, testimony, or argument relating or referring to any bulletins issued by the Mississippi Department of Insurance ("MDI") relating to the adjustment of Hurricane Katrina claims and correspondence between the Department and State Farm on the same subject.[1]

State Farm anticipates that Plaintiff may attempt to introduce evidence of or refer to the fact that following Hurricane Katrina, the MDI issued certain bulletins relating to the MDI's views as to insurers' handling of Hurricane Katrina claims and insurers' obligations under their homeowners insurance policies. In connection with similar motions in other Hurricane Katrina cases, this Court has ruled that the MDI bulletins and related correspondence are inadmissible, subject to narrowly drawn exceptions. For example, in *Huynh v. State Farm Fire & Casualty Co.*, this Court held:

> [T]he MDI bulletins and related correspondence are not admissible unless State Farm responded to them in one manner and acted in another, or unless State Farm raises reliance on the MDI bulletins for other purposes.

---

[1] No separate memorandum in support is filed with this motion as the motion speaks for itself, and all relevant authorities are cited herein.

2008 WL 80759, at *1 (S.D. Miss. Jan. 7, 2008); *accord Payment v. State Farm Fire & Cas. Co.*, 2008 WL 5381925, at *1 (S.D. Miss. Dec. 18, 2008).

      As explained below, the MDI bulletins and related correspondence are not admissible under any circumstances on Plaintiff's breach of contract claims and may be admitted on Plaintiff's extra-contractual and punitive damages claims solely for impeachment purposes.[2]  As set forth in State Farm's motion *in limine* relating to the interpretation of insurance policy provisions or principles of Mississippi law,[3] any claim handling guidelines or procedures used in adjusting or handling Plaintiff's claim have no relevance to whether Plaintiff's loss is covered under the terms of State Farm's homeowners policy and, if so, the extent of the covered damages.  The same is true of any documents or correspondence in which State Farm or the MDI may have described or referred to such guidelines or procedures.  Rather, all such documents are relevant, if at all, only to the manner in which State Farm made its decision to adjust Plaintiff's insurance claim.  Accordingly, they may be admitted (if at all) *only* on the questions of extra-contractual or punitive damages.

      As more fully explained in State Farm's Motion *in Limine* No. 1 filed contemporaneously herewith, the Supreme Court of Mississippi unambiguously requires strict separation between evidence and issues of coverage from evidence and issues of claims regarding any alleged mishandling of an insurance claim. *Hartford Underwriters Ins. Co. v. Williams*, 936 So. 2d 888, 897 (Miss. 2006) (trial court's erroneous failure to bifurcate trial gave plaintiff "the benefit of introducing evidence of the manner in which [the insurer] handled her claim instead of focusing on the simple issue of whether [the insurer] breached the parties' insurance contract.").  In *Hartford*, the Supreme Court reversed and ordered a new trial because "testimony regarding the close issue of fault most likely was confused with

---

[2] State Farm has also filed Motion *in Limine* No. 1 for Phased Trial.

[3] *See* State Farm's Motion *In Limine* No. 7 To Preclude Testimony or Evidence Relating to Interpretation of Insurance Policy Provisions or Principles of Mississippi Law.

testimony concerning the issue of how [the insurer] investigated fault." *Id.* Because "the jury was allowed to consider evidence as to the way [the insurer] conducted its investigation of the accident and ultimately ignored the needs of its insured," a new trial was necessary as a matter of law. *Id.*; *see also Bradfield v. Schwartz*, 936 So. 2d 931, 938 (Miss. 2006) ("If punitive damages are indeed to be awarded within the limitations prescribed by [the punitive damages] statute, then evidence which does not pertain to compensating the plaintiff but only pertains to proof that a punitive damages award is appropriate, should not be heard until liability has been determined."); *Bridges v. Enter. Prods. Co.*, 2007 WL 571074, at *3 (S.D. Miss. Feb. 20, 2007) (excluding evidence relevant only to punitive damages from liability and compensatory damages portion of trial); *Beck v. Koppers, Inc*., 2006 WL 2228876, at *1 (N.D. Miss. Apr. 3, 2006) (noting that "the court will not admit evidence during the first stage of the trial that is only relevant to punitive damages.").

By contrast, as this Court has noted, if the evidence shows that State Farm "responded to [the MDI bulletins and related correspondence] in one manner and acted in another," or if State Farm "raises reliance on the MDI bulletins for other purposes," such evidence would be admissible for impeachment purposes during the trial, if any, of extra-contractual or punitive damages claims. *Huynh*, 2008 WL 80759, at *1.

WHEREFORE, State Farm respectfully requests that the Court exclude evidence of the MDI bulletins and related correspondence except for purposes of impeachment on the issues of extra-contractual or punitive damages.

Dated: October 1, 2009

Respectfully submitted,

*/s/ H. Benjamin Mullen*
H. BENJAMIN MULLEN, MSB # 9077
BRYAN, NELSON, SCHROEDER,
CASTIGIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, October 1, 2009.

*/s/ H. Benjamin Mullen*
H. BENJAMIN MULLEN

H. BENJAMIN MULLEN
BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631