IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD EDWIN BOSSIER,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | No.: 1:08-CV-00408-LTS-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S MOTION *IN LIMINE* NO. 4:
TO PRECLUDE PLAINTIFF FROM INTRODUCING TESTIMONY OR EVIDENCE THAT
WAIVER OR ESTOPPEL CREATE OR MODIFY COVERAGE**

State Farm Fire and Casualty Company ("State Farm") respectfully moves *in limine* to preclude Plaintiff from offering testimony or evidence and from arguing that waiver or estoppel create or modify coverage.[1]

State Farm anticipates that Plaintiff may argue or present evidence that statements or representations by State Farm agents (including adjusters) modify the underlying homeowners insurance contract by operation of estoppel. It is likewise anticipated that Plaintiff may argue or present evidence in general that State Farm has, by operation of waiver or estoppel, altered the binding nature of all the provisions of the insurance policy at issue. The Supreme Court of Mississippi, however, adheres to the principle that neither waiver nor estoppel can alter an insurance contract. "Mississippi law is clear that the doctrines of waiver and estoppel may not operate to create coverage or expand existing coverage to risks which, by the terms of the policy, are expressly excluded." *Stewart v. Gulf Guar. Life Ins. Co.*, 846 So. 2d 192, 202 (Miss. 2002) (en banc) (citing authorities). As the Mississippi Supreme Court held in

---

[1] No separate memorandum in support is filed with this motion as the motion speaks for itself, and the relevant authorities are cited herein.

the "seminal case on this point," *Pongetti v. First Continental Life & Accident Co.*, 688 F. Supp. 245, 248 (N.D. Miss. 1988), neither waiver nor estoppel can effectively amend an insurance contract to cover a risk or peril contrary to its express language: "Waiver or estoppel cannot operate so as to bring within the coverage of the policy property, or a loss, or a risk, which by the terms of the policy is expressly excepted or otherwise excluded." *Employers Fire Ins. Co. v. Speed*, 133 So. 2d 627, 629 (Miss. 1961). This is the "'long-settled rule of law in Mississippi.'" *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 996 (5th Cir. 2001) (citation omitted); *accord Pongetti*, 688 F. Supp. at 248. To apply this long settled rule, the Court should grant the instant motion. Indeed, in a recent Hurricane Katrina case, this Court granted a similar motion *in limine* by State Farm and held "evidence dealing with waiver or estoppel will not be allowed." *Payment v. State Farm Fire & Cas. Co.*, 2008 WL 5381925, at *2 (S.D. Miss. Dec. 18, 2008) (Senter, J.).

Moreover, to the extent Plaintiff attempts to prohibit State Farm from presenting a valid policy defense if that defense was not first raised during the initial claims adjustment, (*see, e.g.*, [122] at 3), such a request is foreclosed by the Fifth Circuit and by this Court. "Under Mississippi law, an insurer may rely on *any* exclusion in the policy to show that no coverage existed, whether or not that exclusion was the stated basis for denial." *Sobley v. S. Natural Gas Co.*, 210 F.3d 561, 564 (5th Cir. 2000) (emphasis added), *later proceeding at*, 302 F.3d 325 (5th Cir. 2002). Additionally, this Court applied *Sobley* in a Hurricane Katrina case and rejected an argument that the insurer cannot raise a valid policy defense that was not the original basis for adjusting the claim, holding that "an insurer may defend on the merits of the claim based on *any* policy defense it may have" at trial. *Penthouse Owners Ass'n, Inc v. Certain Underwriters at Lloyd's, London*, 2008 WL 2725068, at *1 (S.D. Miss. July 10, 2008) (Senter, J.) (emphasis added). A similar order is warranted in this case.

Nor can Plaintiff present any evidence of alleged estoppel based on any purported misrepresentations during the adjustment of the claim. As a matter of law, Plaintiff did not

2

detrimentally rely on any alleged misrepresentations arising from the adjustment of his claim because "plaintiff[] [has] brought this lawsuit in an effort to establish that State Farm has underestimated the wind damage to the insured property." *McIntosh v. State Farm Fire & Cas. Co.*, 2008 WL 1850094, at *3 (S.D. Miss. Apr. 21, 2008) (Senter, J.).  Doing so is "conclusive" proof that Plaintiff "did not detrimentally rely on any alleged wrongdoing" during the claims adjustment. *Gagne v. State Farm Fire & Cas. Co.*, 2008 WL 660437, at *1 (S.D. Miss. Feb. 6, 2008) (Senter, J.).  In light of this conclusive proof, Plaintiff cannot introduce evidence of alleged misrepresentations or resulting estoppel arising from the adjustment of his claim.

WHEREFORE, State Farm respectfully requests that this Court enter an Order *in limine* precluding Plaintiff from introducing any testimony or evidence and from arguing that waiver or estoppel create or modify coverage.

Dated:  October 1, 2009

Respectfully submitted,

/s/ *H. Benjamin Mullen*
H. BENJAMIN MULLEN, MSB # 9077
BRYAN, NELSON, SCHROEDER,
CASTIGIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, October 1, 2009.

*/s/ H. Benjamin Mullen*
H. BENJAMIN MULLEN

H. BENJAMIN MULLEN
BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631