IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD EDWIN BOSSIER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　　　　　Defendant. | No.: 1:08-CV-00408-LTS-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S
MOTION *IN LIMINE* NO. 5:  TO EXCLUDE EVIDENCE OF OR REFERENCES TO
ANY GRAND JURY OR GOVERNMENT INVESTIGATIONS
RELATING TO RESPONSE TO HURRICANE KATRINA**

State Farm Fire and Casualty Company ("State Farm") respectfully submits this Motion *in Limine* No. 5 to preclude Plaintiff and his counsel from introducing evidence of or making references to any government investigations, grand jury proceedings, or investigations relating to State Farm's response to Hurricane Katrina.[1]  None is permissible under Federal Rules of Evidence 401-403.

**I.      Introduction**

State Farm anticipates that at trial Plaintiff and Plaintiff's counsel will attempt to introduce evidence of or refer to government investigations and grand jury proceedings regarding claims-handling practices after Hurricane Katrina, including the fact that the United States Attorney for the Southern District of Mississippi and the Mississippi Attorney General are conducting or have conducted criminal investigations and grand jury proceedings regarding State Farm's handling of insurance claims resulting from Hurricane Katrina.

---

[1] No separate memorandum in support is filed with this motion as the motion speaks for itself, and all relevant authorities are cited herein.

Evidence of or references to such investigations should be barred at trial under Rules 401 and 402, because such investigations are irrelevant to the issues raised by Plaintiff's claims. In addition, evidence of such investigations or references to them are impermissible under Rule 403 because such evidence would be unfairly prejudicial to State Farm and would confuse the issues and mislead the jury. Indeed, this Court has issued rulings to this effect in several Hurricane Katrina cases. Most recently, in *Payment v. State Farm Fire and Casualty Co.*, this Court granted a similar motion by State Farm on the grounds that "this evidence is fraught with the danger of unfair prejudice, confusion of the issues, and misleading the jury." 2008 WL 5381925, at *2 (S.D. Miss. Dec. 18, 2008); *accord Fowler v. State Farm Fire & Cas. Co.*, 2008 WL 3050417, at *5 (S.D. Miss. Jul. 25, 2008) (Ozerden, J.) (prohibiting plaintiffs "from mentioning, submitting evidence, or eliciting testimony regarding any grand jury proceedings or governmental investigations of State Farm following Hurricane Katrina"); *Huynh v. State Farm Fire & Cas. Co.*, 2008 WL 80759, at *2 (S.D. Miss. Jan. 7, 2008) (Senter, J.) (prohibiting plaintiff from "refer[ring] to or introduc[ing] evidence regarding any grand jury or government investigation involving State Farm or the insurance industry's response to Hurricane Katrina . . . ."). The Court should enter a similar order here.

II.   **Evidence of Grand Jury Proceedings and Government Investigations Is Irrelevant**

Rule 402 provides that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence of government investigations and grand jury proceedings would not prove or help to prove the facts necessary to substantiate Plaintiff's claims in this case. Here, the gravamen of Plaintiff's claims is that the damage caused to his residence during Hurricane Katrina was covered under his homeowners insurance policy. The facts relevant to Plaintiff's claims would include facts tending to establish whether or not the damage to Plaintiff's home was

caused by wind or by water and, assuming that covered wind damage can be established, the amount of that damage as opposed to the amount of water damage. *See McFarland v. State Farm Fire & Cas. Co.*, 2006 U.S. Dist. LEXIS 63963, at *5 (S.D. Miss. Sept. 6, 2006), *aff'd by and objection denied by* 2006 U.S. Dist. LEXIS 81900 (S.D. Miss. Oct. 25, 2006); *Buente v. Allstate Ins. Co.*, 422 F. Supp. 2d 690, 697 (S.D. Miss. 2006).

Facts relating to government investigations of claims handling in general or the handling of claims of other policyholders affected by Hurricane Katrina are not relevant to the damage to Plaintiff's residence and the propriety or lack of propriety of State Farm's denial of Plaintiff's claims under the water damage exclusion in the homeowners insurance policy. Moreover, even assuming *arguendo* that the general results or conclusions of such investigations could be relevant to the claims of Plaintiff (and they would not be), the investigations have produced no conclusions or results. The mere fact that investigations are or were ongoing establishes nothing and is plainly not relevant. Accordingly, evidence of the investigations should be excluded as irrelevant under Rule 402. *Cf. Beck v. Koppers, Inc.*, 2006 U.S. Dist. LEXIS 16168, at *4-5 (N.D. Miss. April 3, 2006) (excluding evidence "intimating racial prejudice" as irrelevant to factual issues in case, namely whether the defendant had caused pollution to come into contact with plaintiff and, if so, whether that pollution caused the plaintiff's cancer); *GMAC v. Baymon,* 732 So. 2d 262, 271-72 (Miss. 1999) (reversible error for the trial court to admit irrelevant, inflammatory evidence).

### III.     Evidence of Grand Jury Proceedings and Investigations Is Inadmissible Under Rule 403

Evidence of or reference to any grand jury proceeding or investigations is also improper under Rule 403. Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. Even if evidence of any ongoing investigations were somehow relevant, the probative value (if any) of such evidence would be minimal and would be greatly outweighed by the

substantial risk of unfair prejudice to State Farm, confusion of the issues, and misleading the jury. Admission of such evidence would create the danger that the jury would erroneously find that State Farm breached its contract with Plaintiff or acted improperly with regard to Plaintiff solely because State Farm's conduct and general claims-handling practices after Hurricane Katrina were investigated. Such evidence is likely to confuse the issues and cause the jury to draw the impermissible inference that because investigations were initiated, there must have been some wrongdoing by State Farm in general and that State Farm must have acted wrongly towards Plaintiff here in particular.

Courts have expressly held that "[t]he probative value of an ongoing criminal investigation is substantially outweighed by danger of unfair prejudice, confusion of the issues and jury confusion." *Schmidt v. Klinman*, 2005 U.S. Dist. LEXIS 31206, at *17 (N.D. Ill. Dec 2, 2005). Consequently, evidence of such investigations should be excluded pursuant to Rule 403. *See id.* (granting defendants' motion in limine to exclude evidence of ongoing criminal investigations into their medical practices); *see also Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 2003 WL 2005233, at *10 (N.D. Ill. Apr. 30, 2003) (granting defendant's motion in limine pursuant to Rule 403 to exclude evidence that he was the subject of an ongoing criminal investigation; court held that "the probative value of an ongoing criminal investigation is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury"); *cf. Carter v. Dist. of Columbia*, 795 F.2d 116, 131 (D.C. Cir. 1986) (trial court committed reversible error under Rule 403 in admitting evidence of other alleged misconduct by defendants, because "there was a significant risk that the jury would conclude that the evidence established the bad character of the defendants and that the defendants were likely to have acted in the same way [toward the plaintiffs]"); *United States v. Ridlehuber*, 11 F.3d 516, 523 (5th Cir. 1993) (trial court committed reversible error pursuant to Rule 403 in admitting evidence of minimal probative value where "[t]he danger of unfair prejudice from [its] admission . . . was great").

WHEREFORE, State Farm respectfully requests that this Court enter an Order *in limine*

precluding Plaintiff and his counsel from introducing evidence of or making references to any government investigations, grand jury proceedings, or investigations relating to State Farm's response to Hurricane Katrina.

    Dated:  October 1, 2009

                                  Respectfully submitted,

                                  */s/  H. Benjamin Mullen*
                                  H. BENJAMIN MULLEN, MSB # 9077
                                  BRYAN, NELSON, SCHROEDER,
                                  CASTIGIOLA & BANAHAN
                                  Attorneys at Law
                                  Post Office Drawer 1529
                                  Pascagoula, MS  39568
                                  (228) 762-6631
                                  *Attorneys for Defendant*
                                  *State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, October 1, 2009.

/s/ *H. Benjamin Mullen*
H. BENJAMIN MULLEN

H. BENJAMIN MULLEN
BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631