IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD EDWIN BOSSIER,<br><br>                    Plaintiff,<br><br>          v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>                    Defendant. | No.: 1:08-CV-00408-LTS-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S MOTION *IN LIMINE* NO. 6:
TO EXCLUDE EVIDENCE REGARDING
PROPERTIES OTHER THAN PLAINTIFF'S PROPERTY**

State Farm Fire and Casualty Company ("State Farm") respectfully submits this Motion *in Limine* No. 6 to exclude evidence regarding properties other than Plaintiff's property.[1]  Plaintiff intends to introduce at trial evidence or argument regarding unrelated properties by third-parties and alleged adjustments of insurance claims at those properties, if any.  Such evidence would be impermissible under Federal Rules of Evidence 401-403.  Accordingly, as set forth below, this Court should exclude all evidence regarding the claim-handling of loses at properties other than Plaintiff's property.

**I.     Evidence or Argument Regarding Unrelated Properties Is Irrelevant and Inadmissible Under Fed. R. Evid. 401 and 402**

This Court has repeatedly ruled in Hurricane Katrina cases that evidence regarding unrelated properties is not admissible.  The "sole focus" of the trial of this case will be Plaintiff's property and State Farm's adjustment of his claim, not unrelated third parties.  *See Payment v. State Farm Fire & Cas. Co.*, 2008 5381925, at *2 (Dec. 18, 2008) (Senter, J.).  Although Plaintiff "may have explored in discovery other claims related to different properties and claimants," such evidence is inadmissible at

---

[1] No separate memorandum in support is filed with this motion as the motion speaks for itself, and all relevant authorities are cited herein.

trial because "the trial of this case will be limited to the facts surrounding the Plaintiff's particular claims," not unrelated third parties. *Huynh v. State Farm Fire & Cas. Co.*, 2008 WL 80759, at *1-2 (S.D. Miss. Jan. 7, 2008) (Senter, J.) (granting State Farm's motion *in limine* and excluding evidence of other policyholders); *accord Perkins v. State Farm Gen. Ins. Co.*, 2007 WL 4375208, at *2 (S.D. Miss. Dec. 12, 2007) (Senter, J.) ("[T]his case will be limited to the facts surrounding the Plaintiffs' particular claim."); *Marion v. State Farm Fire & Cas. Co*., No. 1:06cv969-LTS-RHW, Order [200] at 12 (S.D. Miss. Feb. 13, 2008) (Walker, J.) (ruling on discovery motions and observing that "[i]n the end, the Court finds that this case is about the [plaintiffs'] claim, the denial of that claim, and how it relates to the terms of the [plaintiffs'] insurance policy"); *cf. Comer v. Nationwide Mut. Ins. Co*., 2006 WL 1066645, at *2 (S.D. Miss. Feb. 23, 2006) (Senter, J.) ("Each property owner in Mississippi who had real and personal property damaged in Hurricane Katrina is uniquely situated. No two property owners will have experienced the same losses.").

As this Court has repeatedly recognized, despite superficial similarities, each insured who suffered property damage in Hurricane Katrina is "uniquely situated" in terms of the particulars of his or her loss and the handling of his or her claim. *See, e.g., Comer*, 2006 WL 1066645, at *2; *Guice v. State Farm Fire & Cas. Co.*, 2007 WL 912120, at *1 (S.D. Miss. Mar. 22, 2007) (Senter, J.) (denying plaintiff's motion for reconsideration of class certification in "slab" case on ground that each case "will ultimately require . . . individual treatment" in light of various dissimilarities, including fact that "claims were handled by [State Farm] in a variety of ways."). Courts have firmly rejected the notion that evidence of other policyholders' claims has any relevance or probative value. For example, in *Burley v. Homeowners Warranty Corp*., 773 F. Supp. 844, 857 (S.D. Miss. 1990), *aff'd*, 936 F.2d 569 (5th Cir. 1991) (Table), the court rejected the plaintiff's argument that evidence of the insurer's denial of other insureds' claims, under the same policy provision and in the same metropolitan area, was relevant and admissible to show bad faith. The plaintiffs had sought to introduce evidence of "similar claims to

2

prove defendants' alleged course of conduct in considering and handling of claims in such a manner as to frustrate recovery by insureds, and in denying claims in which liability is clear . . . ." *Id*. at 857. This evidence, the court held, was plainly inadmissible:

> First, plaintiffs here have not demonstrated that the claims in question are, in fact, similar except, of course, to the extent that those claims were denied by [defendant insurer] . . . Given that minimal similarity, the proposed evidence can not be considered at all probative on the issues presented in the cases at bar . . . That is, under all the facts presented, the denial of other claims has nothing whatsoever to do with these lawsuits; each of the plaintiffs' bad faith claims must stand or fall on its own merit . . . .

*Id*. at 858; *see also Barnes v. Koppers, Inc.*, 2006 WL 940279, at *3 (N.D. Miss. Apr. 11, 2006) (holding that "evidence of other lawsuits, claims and injuries" in same areas were "irrelevant to this case and therefore inadmissible"; thus precluding from seeing caption from related, consolidated case that "evidenc[ed] other claims and plaintiffs").

In short, evidence concerning the adjustment of unrelated claims has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable" in this action. Fed. R. Evid. 401. Accordingly, all such "other claims" evidence must be excluded under Rule 402.

## II. Evidence or Argument Concerning Unrelated Properties Is Also Inadmissible Under Fed. R. Evid. 403

As this Court recognized in *Aiken* and *Huynh*, even assuming that evidence regarding unrelated properties and claims had some relevance to the issues to be tried – and it has none – such evidence is nonetheless inadmissible under Federal Rule of Evidence 403 because it "poses the danger of confusion of the issues, which may tend to mislead the jury and would otherwise cause delay and waste time." *See Aiken v. Rimkus Consulting Group, Inc.*, 2007 WL 4245906, at *2 (S.D. Miss. Nov. 29, 2007) (Senter, J.); *Huynh*, 2008 WL 80759, at *2.

The conclusion that any probative value of such evidence is outweighed by its potential harm is in accord with Fifth Circuit authority. As the Fifth Circuit noted in affirming the district court's

exclusion of evidence of other litigation despite its potential relevance:

> The [evidence of other lawsuits] would be relevant to Ergonome's 'motive' theory. However, the district court concluded that Ergonome's true reason for seeking to introduce the evidence was to paint Compaq as a 'bad' company. The court did not abuse its discretion by concluding that any probative value the [other lawsuit] evidence might hold was outweighed by its prejudicial and inflammatory nature and by its tendency to confuse the jury with tangential litigation.

*Compaq Computer Corp. v. Ergonome Inc*., 387 F.3d 403, 409 (5th Cir. 2004), *cert. denied*, 544 U.S. 962 (2005). Other courts have reached the same conclusion in bad faith insurance cases. *See, e.g., Badillo v. Mid Century Ins. Co*., 121 P.3d 1080, 1106 (Okla. 2005) (rejecting insured's argument that lower court erred in excluding "evidence concerning and/or relating to [claim representative's] handling of other claims . . . . Even assuming the evidence was relevant to the punitive damages issue, we find no abuse of discretion or reversible error in the trial court's ruling, in effect, that any probative value was substantially outweighed by the danger of unfair prejudice.").

In addition to being unduly prejudicial to State Farm, allowing such evidence would unduly extend the length of the trial, confuse the issues, and mislead the jury by diverting their attention away from the facts of *this case*. The admission of such evidence would require State Farm to rebut it by explaining the difference between the claims-handling and other relevant facts and circumstances involved in the present case from those of the other claims, leading to a substantial and disproportionate amount of time and evidence being devoted to entirely collateral issues. *See Grant Thornton LLP v. FDIC*, 2007 WL 518421, at *1 (S.D.W.Va. Feb. 13, 20007) ("Allowing evidence of other litigation would not only cause the issues of the current case to be delayed . . . but would confuse the issues by introducing twelve additional fact situations which would have to be dealt with individually before a decision on the merits . . . could be reached"; court therefore excluded evidence under Rule 403).

As the court in *Burley* aptly noted:

> Even if it could be said that evidence of other claims [also involving the defendant insurer] was of some relevance to some issue presented, its minimal probative value under the circumstances of this case does not justify its admission when weighed against

4

> the enormous waste of time that its admission would necessarily entail. . . . Without question, if evidence of other claims were allowed by the court, there would be, in effect, a mini-trial on each such claim. That is wholly unacceptable . . . .

773 F. Supp. at 858.  If claims involving *the same* insurer would be unduly wasteful under Rule 403, then surely claims involving unknown insurers, if any, would be even more so.  "No judge wants to see one trial turn into several," *Olson v. Ford Motor Co.*, 481 F.3d 619, 623, 624 (8th Cir. 2007), and courts routinely exclude evidence of collateral issues to prevent the same types of harm that would be present here.  *See, e.g.*, *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1334 (9th Cir. 1985) (affirming exclusion of evidence on collateral issues because any relevance was outweighed by the risk that the jury would be confused and distracted from the main issues), *corrected by* 773 F.2d 1049 (9th Cir. 1985) (correcting typographical error); *United States v. Barnard*, 490 F.2d 907, 912-13 (9th Cir. 1973) (affirming exclusion of testimony to prevent a "trial within a trial" on a collateral issue); *see also United States v. Farrington*, 58 F. App'x 919, 925 (3d Cir. 2003) (upholding exclusion of evidence of unrelated fraudulent schemes because such evidence would require "'mini trials'" to determine the validity of those allegations); *United States v. Talamante*, 981 F.2d 1153, 1156 n.5 (10th Cir. 1992) (affirming exclusion of evidence of unrelated incidents that "could have led to collateral mini trials"); *United States v. Waloke*, 962 F.2d 824, 830 (8th Cir. 1992) (upholding exclusion of evidence of unrelated incidents that would have resulted in "'mini-trials'" because "'[t]he defendant would have characterized a collateral incident one way and the government would have found witnesses who would have disputed the claims of defense witnesses'") (alteration in original; quoting lower opinion).

Permitting Plaintiff to introduce at trial testimony or evidence concerning unrelated properties would require the Parties to contend over the effects of Hurricane Katrina on several properties other than Plaintiff's as well as the claims adjustments of those other properties.  For many such properties, the record would be undeveloped on any of these collateral issues, leaving the jury to speculate, unguided by any documents or witnesses from discovery.  Rule 403 forecloses this wasteful exercise.

This Court should do the same.

WHEREFORE, State Farm respectfully requests that this Court enter an *in limine* order precluding Plaintiff and his counsel from introducing testimony or evidence regarding unrelated properties.

Dated:  October 1, 2009

                                            Respectfully submitted,

                                            */s/  H. Benjamin Mullen*
                                            H. BENJAMIN MULLEN, MSB # 9077
                                            BRYAN, NELSON, SCHROEDER,
                                            CASTIGIOLA & BANAHAN
                                            Attorneys at Law
                                            Post Office Drawer 1529
                                            Pascagoula, MS  39568
                                            (228) 762-6631
                                            Attorneys for Defendant
                                            State Farm Fire and Casualty Company

## CERTIFICATE OF SERVICE

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, October 1, 2009.

/s/ *H. Benjamin Mullen*
H. BENJAMIN MULLEN

H. BENJAMIN MULLEN
BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS 39568
(228) 762-6631