IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD EDWIN BOSSIER,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>                Defendant. | No.: 1:08-CV-00408-LTS-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S MOTION *IN LIMINE* NO. 8:
TO EXCLUDE EVIDENCE OF DISSIMILAR OR OUT-OF-STATE CONDUCT**

    1.    State Farm Fire and Casualty Company ("State Farm") respectfully submits this motion for an order *in limine* to exclude evidence of dissimilar or out-of-state conduct by State Farm or other State Farm companies. State Farm anticipates that Plaintiff may seek to introduce at trial evidence of out-of-state conduct by State Farm, separate State Farm companies, or others. As set forth in the accompanying Memorandum of Law, incorporated herein by reference, the introduction of evidence of such dissimilar or out-of-state conduct would be impermissible under the Federal Rules of Evidence and as a matter of federal constitutional law.

    2.    The introduction of evidence of out-of-state conduct is impermissible under Federal Rules of Evidence 401 and 402 because such matters are irrelevant to the issues in this case. *See* Fed. R. Evid. 401-402. Moreover, evidence of out-of-state conduct should also be exclude from the trial of this case pursuant to Rule 403 because the probative value of such matters, if any, is substantially outweighed by the danger of unfair prejudice to State Farm, confusion of the issues, and misleading the jury. Further, the introduction of such matters would only needlessly delay the trial by injecting entirely collateral issues. *See* Fed. R. Evid. 403.

3.  Furthermore, as a matter of federal constitutional law, evidence of dissimilar, out-of-state conduct by State Farm or other State Farm entities may not be introduced during the trial of Plaintiff's punitive damages claims. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996).

4.  For these reasons, Your Honor and Judge Ozerden have repeatedly excluded evidence of dissimilar or out-of-state conduct by State Farm and other State Farm companies. *See, e.g.*, *Payment v. State Farm Fire & Casualty Co.*, 2008 WL 5381925, at *2 (S.D. Miss. Dec. 18, 2008) (Senter, J.); *Fowler v. State Farm Fire & Cas. Co.*, 2008 WL 3050417, at *6-7 (S.D. Miss. July 25, 2008) (Ozerden, J.); *Huynh v. State Farm Fire & Cas. Co.*, 2008 WL 80759, at *1-2 (S.D. Miss. Jan. 7, 2008) (Senter, J.).

WHEREFORE, State Farm respectfully requests that the Court grant this motion and enter an Order instructing Plaintiff and Plaintiff's counsel not to mention, refer to, interrogate concerning, or attempt to introduce into evidence or comment upon during opening or closing arguments, any information, documentary evidence or reference to State Farm or other State Farm company's out-of-state conduct.

Dated: September 30, 2009

Respectfully submitted,

*/s/ H. Benjamin Mullen*
H. BENJAMIN MULLEN, MSB # 9077
BRYAN, NELSON, SCHROEDER,
CASTIGIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

2

## CERTIFICATE OF SERVICE

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, September 30, 2009.

*/s/ H. Benjamin Mullen*
H. BENJAMIN MULLEN

H. BENJAMIN MULLEN
BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631