IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD EDWIN BOSSIER, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | No.: 1:08-CV-00408-LTS-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 8:
TO EXCLUDE EVIDENCE OF DISSIMILAR OR OUT-OF-STATE CONDUCT**

State Farm Fire and Casualty Company ("State Farm") respectfully submits this memorandum of law in support of its motion *in limine* no. 8 to exclude evidence of dissimilar or out-of-state conduct. State Farm anticipates that Plaintiff may seek to introduce at trial evidence of out-of-state conduct by State Farm, separate State Farm companies, or others. Evidence of dissimilar or out-of-state conduct should be excluded as inadmissible under both the Federal Rules of Evidence and federal constitutional principles. This case concerns State Farm's adjustment of Plaintiff's claim under his homeowners policy for damage his property sustained during Hurricane Katrina. Evidence pertaining to unrelated, out-of-state matters involving State Farm or other State Farm companies and involving factually distinct scenarios should therefore be excluded from trial entirely.

In another Hurricane Katrina case, Judge Ozerden granted State Farm's motion *in limine* and excluded evidence of out-of-state conduct and cases involving State Farm and other State Farm companies. *Fowler v. State Farm Fire & Cas. Co.*, 2008 WL 3050417, at *6-7 (S.D. Miss. July 25, 2008) (Ozerden, J.) In *Fowler*, State Farm moved *in limine* to exclude evidence of out-of-state conduct under both the Federal Rules of Evidence and federal constitutional principles. Judge Ozerden granted State Farm's motion in its entirety, holding that "[e]vidence of any such conduct, even during a second

phase of trial [*i.e.* punitive damages phase], would not be relevant, and any probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Fowler*, 2008 WL 3050417, at *6 (citing Fed. R. Evid. 403). Moreover, there are "significant due process concerns with allowing admission of any out-of-state conduct," particularly given "the significant and obvious differences in insurance regulations and punitive damages statutes or guidelines in different states." *Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 420-22 (2003) and *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 572-73 (1996)). Accordingly, Judge Ozerden barred evidence of out-of-state conduct for any purpose, particularly for the plaintiffs' punitive damages claims because "[t]he purported conduct at issue in this case is State Farm's adjustment of Plaintiffs' claim, and . . . only evidence related to harm to Plaintiffs is relevant to this inquiry, not harm to strangers to the litigation." *Id.*

Similarly, in *Payment v. State Farm Fire & Casualty Co.*, this Court granted State Farm's motion *in limine* to exclude evidence of out-of-state conduct because "consistent with other rulings on these issues, this evidence is fraught with the danger of unfair prejudice, confusion of the issues, and misleading the jury." 2008 WL 5381925, at *2 (S.D. Miss. Dec. 18, 2008) (Senter, J.); *accord McIntosh v. State Farm Fire & Cas. Co.*, No. 1:06cv1080-LTS-RHW, slip op. at 1 (S.D. Miss. April 23, 2008) [*McIntosh* Doc. 1187] (recognizing the inherent "risk that this evidence will be confusing to the jury" and "may prove to be a distraction from the business of deciding the merits of the plaintiffs' claim"). As with other Hurricane Katrina cases, "the sole focus of the trial of this cause of action" is Plaintiff's insurance contract and State Farm's adjustment of his claim. *Payment*, 2008 WL 5381925, at *2. Excluding evidence of out-of-state conduct would also be consistent with this Court's rulings excluding analogous evidence in other Katrina cases. *See, e.g.*, *Huynh v. State Farm Fire & Cas. Co.*, 2008 WL 80759, at *1-2 (S.D. Miss. Jan. 7, 2008) (Senter, J.) (granting State Farm's motion *in limine* to exclude evidence of out-of-state conduct); *Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's,*

2

*London*, No. 1:07cv568-LTS-RHW, Order [193] at 2 (S.D. Miss. July 10, 2008) (Senter, J.) (excluding from evidence Katrina litigation involving a non-party); *Aiken v. Rimkus Consulting Group, Inc.*, 2007 WL 4245906, at *2 (S.D. Miss. Nov. 29, 2007) (Senter, J.) ("[T]he trial of this case will be limited to the facts surrounding the Plaintiffs' particular claim.").

Moreover, evidence concerning dissimilar or out-of-state matters are improper as a matter of federal constitutional law.  In *State Farm Mutual Automobile Insurance Co. v. Campbell*, the United States Supreme Court rejected this strategy on constitutional due process grounds.  538 U.S. 408, 419-24 (2003).  Admitting dissimilar and out-of-state evidence would only advance the "bad company" script of the Utah plaintiffs' attorneys in the *Campbell* case, who introduced at trial extensive evidence of dissimilar and out-of-state conduct (including unrelated litigations involving State Farm companies) to inflame and prejudice the jury and enlarge the punitive damages award in that case.  The Court held that, as a matter of fundamental due process, a defendant's dissimilar acts that are independent of the acts upon which liability is premised may not serve as a basis for punitive damages.  *Id.* at 422.  The Court also held that evidence of dissimilar acts is irrelevant to the evaluation of the defendant's conduct toward the plaintiff.  *Id.* at 422-24.  In addition, the Court held that due process forbids a punitive damages award based the defendant's dissimilar or independent conduct in other states.  *Id.* at 421-22.  So, too, here, evidence of dissimilar or out-of-state conduct involving State Farm or other State Farm entities has no place in the trial of this case.

This Court recognized in *McIntosh* that due process requires that "great caution be taken in the admission of this type of evidence lest a defendant be subjected to a duplicative punitive damage award." *McIntosh*, No. 1:06cv1080-LTS-RHW, slip op. at 1 [*McIntosh* Doc. 1187].  As this Court noted, the Supreme Court "restrict[s] the use of this type of evidence by requiring that the out-of-state conduct 'have a nexus to the specific harm suffered by the plaintiff.'" *Id.* (quoting *Campbell*, 538 U.S. at 422); *see also Fowler*, 2008 WL 3050417, at *6.

3

In addition to violating State Farm's due process rights, imposing punitive damages based on this evidence of unrelated cases and matters from other states would impermissibly encroach upon those states' sovereign interest in regulating conduct within their borders, in violation of the Full Faith and Credit Clause and the Commerce Clause. Accordingly, dissimilar or out-of-state evidence should be struck on constitutional grounds.

For these reasons, as discussed more fully below, dissimilar or out-of-state evidence should be excluded from the trial of this case.

## ARGUMENT AND AUTHORITIES

### I. Evidence of Dissmilar or Out-of-State Conduct Should Be Excluded from Trial Under the Federal Rules of Evidence

This Court acknowledged that evidence of out-of-state conduct "is fraught with the danger of unfair prejudice, confusion of the issues, and misleading the jury." *Payment*, 2008 WL 5381925, at *2. These are some of the several "practical reasons" why evidence of out-of-state conduct "must be handled with care." *McIntosh*, No. 1:06cv1080-LTS-RHW, slip op. at 1 [*McIntosh* Doc. 1187]. Evidence of out-of-state conduct "creates the risk that this evidence will be confusing to the jury" and "may prove to be a distraction from the business of deciding the merits of the plaintiffs' claim." *Id.* Indeed, evidence of dissimilar or out-of-state conduct by State Farm and other State Farm companies, who are not parties in this case, will mislead and confuse the jury, cause unfair prejudice to State Farm, and needlessly prolong the trial of this case. For those reasons, both this Court and Judge Ozerden have entirely barred evidence of out-of-state conduct from trial. *See, e.g.*, *Payment*, 2008 WL 5381925, at *2; *Fowler*, 2008 WL 3050417, at *6-7. In the same way, this Court should exclude evidence of dissimilar or out-of-state conduct under Federal Rules of Evidence 401, 402, and 403.

### A. Evidence of Dissimilar, Out of State Conduct Is Inadmissible Under Rules 401-402

Evidence of or references to evidence of dissimilar or out-of-state conduct should not be allowed at trial under Rules 401 and 402 because it is irrelevant to the issues raised by Plaintiff's claims and

would have no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402; *see Burley v. Homeowners Warranty Corp.*, 773 F. Supp. 844, 857-58 (S.D. Miss. 1990) (evidence of other insureds' claims denial was inadmissible "to prove defendants' alleged course of conduct" because such "evidence can not be considered at all probative on the issues presented in the cases at bar"; the plaintiffs failed to show how the other acts were "similar except, of course, to the extent that those claims were denied by [the insurer]"), *aff'd*, 936 F.2d 569 (5th Cir. 1991) (Table); *Beck v. Koppers, Inc.*, 2006 WL 2228878, at *1-2 (N.D. Miss. Apr. 3, 2006) (holding that "evidence of other lawsuits, claims, and injuries" even in same area was "irrelevant to this case and therefore inadmissible").

Moreover, conduct by other State Farm companies has no probative value with respect to the claims against State Farm. As this Court has held, other State Farm companies are different legal entities than State Farm as a matter of law. *Abney v. State Farm Fire & Cas. Co.*, No. 1:07cv0711 LTS-JMR, slip op. [175] at 2 (S.D. Miss. June 17, 2008) (Senter, J.) (dismissing State Farm Mutual Automobile Company under Fed. R. Civ. P. 12 and distinguishing between that State Farm company and State Farm). Thus, evidence of dissimilar or out-of-state conduct involving other State Farm companies should be excluded from the trial of this case. *See* Fed. R. Evid. 402; *Burley*, 773 F. Supp. at 857-58.

   **B. Evidence of Dissimilar or Out of State Conduct Is Inadmissible Under Rule 403**

Furthermore, evidence of dissimilar or out-of-state conduct involving State Farm and other State Farm companies would be improper under Federal Rule of Evidence 403. Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Even assuming *arguendo* that evidence of dissimilar or out-of-state conduct had some relevance to the issues

in this case, the probative value of such evidence (if any) would be far outweighed by the manifest risks of unfair prejudice to State Farm, confusion of the issues, and misleading the jury.

Indeed, the Fifth Circuit and other courts have repeatedly upheld the exclusion of evidence concerning a defendant's involvement in unrelated litigation due to concerns of prejudice and confusion of the issues. For example, in *Yellow Bayou Plantation, Inc. v. Shell Chemical, Inc.*, the Fifth Circuit upheld the trial court's exclusion of "a list of lawsuits" against the defendant that the plaintiff sought to put into evidence. 491 F.2d 1239, 1242-43 (5th Cir. 1974). The Fifth Circuit found that the trial court had appropriately exercised its discretion to exclude such evidence of only "faint probative value" but "high potential for unfair prejudice." *Id.* at 1243; *see also Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 408-09 (5th Cir. 2004) ("any probative value" from evidence of another lawsuit "was outweighed by its prejudicial and inflammatory nature and by its tendency to confuse the jury with tangential litigation"); *Johnson v. Ford Motor Co.*, 988 F.2d 573, 578-81 (5th Cir. 1993) (per curiam) (affirming exclusion of "evidence regarding other lawsuits and claims" against the defendant because "the probative value of this evidence is substantially outweighed by the danger of unfair prejudice").

Likewise, in *U.S. Football League v. National Football League*, the court ordered that the plaintiffs could not introduce evidence of other litigation involving the defendants. 634 F. Supp. 1155, 1173 (S.D.N.Y. 1986). The court held that even assuming that evidence of other litigation was relevant, such evidence "should be excluded under Fed. R. Evid. 403" because of the significant risk of unfair prejudice to the defendant. *Id.* "'Whether admitted purely as background evidence or not, evidence of a judicial determination of prior illegal conduct on the part of the defendant cannot help but have a great emotive impact on a jury'" of laypersons. *Id.* (citation omitted). To hold otherwise "would permit plaintiffs to create an 'aura of guilt' or to 'imply new wrongdoing from past wrongdoing.'" *Id.* (citation omitted); *see also McLeod v. Parsons Corp.*, 73 F. App'x 846, 853-54 (6th Cir. 2003) (affirming trial court's decision to exclude as irrelevant evidence of other unrelated lawsuits against the defendant);

6

*Lanham v. Whitfield*, 805 F.2d 970, 972 (11th Cir. 1986) (evidence of other litigation would create "considerable prejudice" for the defendant and could result in "confusion of the issues" and "mislead[] the jury"); *Carter v. Dist. of Columbia*, 795 F.2d 116, 131 & n.9 (D.C. Cir. 1986) (evidence of other "bad acts" properly excluded because of clear danger of unfair prejudice to the defendants); *Scaramuzzo v. Glenmore Distilleries, Co.*, 501 F. Supp. 727, 733 (N.D. Ill. 1980) (excluding evidence of prior discrimination charges filed against the defendant, because such evidence had "minimal probative value" that was "outweighed by the undue prejudice" to the defendant that would result if it was admitted).

  In addition to being unduly prejudicial to State Farm, evidence of dissimilar or out-of-state conduct is also inadmissible under Rule 403 because it would confuse the issues and mislead the jurors by diverting their attention from the facts of this case. Allowing Plaintiff to introduce dissimilar or out-of-state evidence would create a trial within a trial and prolong and complicate the trial of this case. It would also lead to a substantial and disproportionate amount of testimony, evidence, and time being devoted to collateral issues regarding out-of-state allegations against State Farm that are wholly unrelated to this case. In short, permitting the introduction of such evidence would result in a needlessly time-consuming, confusing, and wasteful trial within a trial. *See Barnes v. Koppers, Inc.*, 2006 WL 940279, at *2 (N.D. Miss. Apr. 11, 2006) (excluding out-of-state evidence to "avoid confusion"). "No judge wants to see one trial turn into several," *Olson v. Ford Motor Co.*, 481 F.3d 619, 623, 624 (8th Cir. 2007), and courts routinely exclude evidence of collateral issues to prevent the same types of harm that would be present here. *See, e.g.*, *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1334 (9th Cir. 1985) (affirming exclusion of evidence on collateral issues because any relevance was outweighed by the risk that the jury would be confused and distracted from the main issues), *corrected by* 773 F.2d 1049 (9th Cir. 1985) (correcting clerical error); *United States v. Barnard*, 490 F.2d 907, 912-13 (9th Cir. 1973) (affirming exclusion of testimony to prevent a "trial within a trial" on a collateral issue); *see United States v. Farrington*, 58 F. App'x 919, 925 (3d Cir. 2003) (upholding exclusion of evidence of unrelated

7

fraudulent schemes because such evidence would require "'mini trials'" to determine the validity of those allegations); *United States v. Talamante*, 981 F.2d 1153, 1156 n.5 (10th Cir. 1992) (affirming exclusion of evidence of unrelated incidents that "could have led to collateral mini trials"); *United States v. Waloke*, 962 F.2d 824, 830 (8th Cir. 1992) (upholding exclusion of evidence of unrelated incidents that would have resulted in "'mini-trials'" because "'[t]he defendant would have characterized a collateral incident one way and the government would have found witnesses who would have disputed the claims of defense witnesses'") (alteration in original; quoting lower opinion).

>    C.   The Court's Prior Rulings from Hurricane Katrina Cases Support Excluding Evidence of Dissimilar or Out-of-State Conduct

This Court's rulings in other Hurricane Katrina cases support excluding evidence of dissimilar or out-of-state conduct. Notably, this Court has repeatedly granted similar motions *in limine* by State Farm to exclude evidence of out-of-state conduct. *See Payment*, 2008 WL 5381925, at *2; *Huynh*, 2008 WL 80759, at *2 ("Plaintiff . . . may not introduce evidence or refer to State Farm's so-called out-of-state conduct."). Judge Ozerden also granted State Farm's motion *in limine* to exclude evidence of dissimilar or out-of-state conduct in *Fowler*, 2008 WL 3050417, at *6-7.

Moreover, in Hurricane Katrina cases generally, this Court has narrowly restricted the scope of evidence admissible to that pertaining to the plaintiff's particular claim regarding the insured property at issue. *See, e.g.*, *Payment*, 2008 WL 5381925, at *2. For example, in *Aiken v. Rimkus Consulting Group, Inc.*, the Court granted the defendant insurer's motion *in limine* to exclude evidence regarding properties other than the specific property at issue in the case. 2007 WL 4245906, at *2 (S.D. Miss. Nov. 29, 2007) (Senter, J.). The Court concluded that "the trial of this case will be limited to the facts surrounding the Plaintiffs' particular claim." *Id.* The Court held, with respect to the proffered evidence concerning other properties, "that any such evidence poses the danger of confusion of the issues, which may tend to mislead the jury and would otherwise cause delay and waste time." *Id.*; *see also Payment*, 2008 WL 5381925, at *2 (holding that "the sole focus of the trial of this cause of action" is the plaintiff's

insurance policy and State Farm's adjustment of his claim); *Perkins v. State Farm Gen. Ins. Co.*, 2007 WL 4375208, at *2 (S.D. Miss. Dec. 12, 2007) (Senter, J.) ("[T]his case will be limited to the facts surrounding the Plaintiffs' particular claim."); *Marion v. State Farm Fire & Cas. Co.*, No. 1:06cv969-LTS-RHW, Order [200] at 12 (S.D. Miss. Feb. 13, 2008) (Walker, J.) (ruling on discovery motions and observing that "[i]n the end, the Court finds that this case is about the [plaintiffs'] claim, the denial of that claim, and how it relates to the terms of the [plaintiffs'] insurance policy"); *cf. Comer v. Nationwide Mut. Ins. Co.*, 2006 WL 1066645, at *2 (S.D. Miss. Feb. 23, 2006) (Senter, J.) ("Each property owner in Mississippi who had real and personal property damaged in Hurricane Katrina is uniquely situated. No two property owners will have experienced the same losses."). Accordingly, such evidence should be excluded from the trial of this case entirely.

## II.     Evidence of Dissimilar and Out-of-State Conduct Should Be Excluded Under Federal Constitutional Principles

Introducing evidence at trial regarding dissimilar and out-of-state conduct involving State Farm and other State Farm companies is precisely the strategy that the United States Supreme Court rejected in *Campbell* as contrary to fundamental constitutional principles. Consequently, as shown below, such evidence should be excluded from the trial of this case.

### A.     Evidence of Dissimilar Conduct Involving State Farm and Other State Farm Companies May Not, as a Matter of Due Process, Be Introduced for Punitive Damages Purposes

In *Campbell*, the Supreme Court held that, as a matter of due process, "[a] defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages." *Campbell*, 538 U.S. at 422-23. "A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business." *Id.* at 423. Punitive damages "must be based upon the facts and circumstances of the defendant's conduct and the harm to the plaintiff." *Id.* at 425; *see also Philip Morris USA v. Williams*, 127 S. Ct. 1057, 1063 (2007) (holding that "the harm potentially caused *the plaintiff*" may be considered in assessing punitive damages)

9

(emphasis in original). "Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis." *Campbell*, 538 U.S. at 423. These constitutional considerations warrant an order excluding such evidence from the trial of this case.

In *Campbell*, the Supreme Court held unconstitutional the lower courts' punishment of twenty years of various dissimilar conduct by State Farm Mutual Automobile Insurance Company, explaining that courts are not permitted "to expand the scope of the case so that a defendant may be punished for any malfeasance." *Id.* at 424. Punishment based on dissimilar conduct "creates the possibility of multiple punitive damages awards for the same conduct," since "nonparties are not bound by the judgment some other plaintiff obtains." *Id.* at 422-23. A punitive damages award based on conduct unrelated to the plaintiffs' harm enters the "zone of arbitrariness" that violates due process. *See Gore*, 517 U.S. at 568. Accordingly, the Court has made clear that dissimilar conduct has no place in the analysis of a defendant's reprehensibility for purposes of punitive damages and should be excluded as irrelevant. *Campbell*, 538 U.S. at 422-24.

Dissimilar conduct cannot be used to show repeated misconduct or "recidivism" of a defendant. If punitive damages are supported on the grounds that the defendant is a "recidivist," then "courts must ensure the conduct in question *replicates* the prior transgressions." *Id.* at 423 (emphasis added). While conduct need not be identical, *id.*, it must be substantially similar. "*State Farm* [*v. Campbell*] made clear that conduct relevant to the reprehensibility analysis must have a nexus to the specific harm suffered by the plaintiff, and that it could not be independent of or dissimilar to the conduct that harms the plaintiff. Harmful behavior that is not 'correlatable' with [ the plaintiffs] and the harm or potential harm to them would be precluded under *State Farm*." *In re Simon II Litig.*, 407 F.3d 125, 139 (2d Cir. 2005) (citation omitted); *accord McIntosh*, slip op. [1187] at 1 (requiring a particularized "nexus" between the alleged out-of-state conduct and alleged in-state harm).

10

In *Campbell*, a third-party insurance case, the Court held that it was unconstitutional to justify the punitive damages award based on evidence of first-party claims handling, of "a national scheme to meet corporate fiscal goals by capping payouts on claims," and of various other "tangential" practices and policies "that had nothing to do with a third-party lawsuit." *Id.* at 415, 423-24. Moreover, that dissimilar conduct was irrelevant to other issues, such as intent, motive, deliberateness, or recklessness, that may establish reprehensibility. Only similar conduct by a defendant "may be probative when it demonstrates the deliberateness and culpability of the defendant's action . . . but that conduct *must have a nexus to the specific harm suffered by the plaintiff*." *Id.* at 422 (emphasis added). After describing the array of dissimilar conduct that the jury and lower courts improperly relied upon, the Court concluded that "because the Campbells have shown no conduct by State Farm similar to that which harmed them, the conduct that harmed them is the only conduct relevant to the reprehensibility analysis." *Id.* at 424; *see Gore*, 517 U.S. at 573-74 (noting with approval that the Alabama Supreme Court excluded evidence of BMW's admitted nationwide policy of repainting scratched cars as evidence in support of punitive damages for repainting the plaintiff's scratched car).

These constitutional principles preclude Plaintiff from introducing for purposes of punitive damages evidence of dissimilar conduct involving State Farm or other State Farm companies that lack any "nexus to the specific harm suffered by the plaintiff." *Campbell*, 538 U.S. at 422. Imposing punitive damages on State Farm based on consideration of such evidence would be contrary to the Supreme Court's holdings in *Campbell* that punitive damages must be based upon the defendant's conduct toward the plaintiffs upon which the plaintiffs' claims are based and that a defendant's dissimilar conduct does not furnish a permissible basis for punitive damages. *See id.* at 422-23.

Accordingly, as a matter of constitutional due process, evidence of dissimilar conduct involving State Farm and other State Farm companies are irrelevant to punitive damages and should be excluded. *See Fowler*, 2008 WL 3050417, at *6-7; *Estate of Embry v. GEO Transp. of Ind., Inc.*, 478 F. Supp. 2d

914, 923 (E.D. Ky. 2007) (excluding evidence of dissimilar, out-of-state conduct because it lacked any "proximate" relationship with the in-state harm and thus served "no deterrent purpose"); *Richardson v. Tricom Pictures & Prods., Inc.*, 334 F. Supp. 2d 1303, 1324 (S.D. Fla. 2004) (holding under *Campbell* that prior harassment allegations against an employee involved dissimilar conduct and were irrelevant to determination of a punitive damages award), *aff'd*, 183 F. App'x 872 (11th Cir. 2006).

In addition, as a matter of due process, punitive damages "must be based on the facts and circumstances of the defendant's conduct." *Campbell*, 538 U.S. at 425; *see Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 20 (1991) (stressing need for a "meaningful *individualized* assessment" of punitive damages) (emphasis added); *Bell v. Clackamas County*, 341 F.3d 858, 867 (9th Cir. 2003) (holding that the trial court reviewing a punitive damage award must "evaluate the degree of reprehensibility of each of the defendants' misconduct individually, as opposed to *en grosse*" and remanding with those instructions). The fact that a defendant is a corporation with related corporate entities does not alter the due process right of each company to have punitive damages based upon an individual assessment of its own conduct. *See, e.g.*, *A.L. Labs., Inc. v. Philips Roxane, Inc.*, 803 F.2d 378, 385-86 (8th Cir. 1986) (upholding district court's decision setting aside punitive damages against parent corporation based upon conduct of wholly owned subsidiary); *cf. United States v. Bestfoods*, 524 U.S. 51, 61-62 (1998) (under "bedrock principle" of corporate law, "deeply 'ingrained in our economic and legal systems,' a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries").

### B.    Evidence Regarding Out-of-State Conduct by State Farm and other State Farm Companies Is Inadmissible for Purposes of Punitive Damages as a Matter of Due Process

Introducing evidence of out-of-state conduct for punitive damages purposes would also contravene the Supreme Court's holding in *Campbell* that, as a matter of due process, state sovereignty, and comity, punitive damages may not be based on a defendant's conduct in other states. *See Campbell*, 538 U.S. at 421-22. "A basic principle of federalism is that each State may make its own reasoned

judgment about what conduct is permitted or proscribed within its borders, and each State alone can determine what measure of punishment, if any, to impose on a defendant who acts within its jurisdiction." *Id.* at 422. A jury "may not use evidence of out-of-state conduct to punish a defendant for action that was lawful in the jurisdiction where it occurred," nor does a State have any "legitimate concern in imposing punitive damages to punish a defendant for *unlawful* acts committed outside of the State's jurisdiction." *Id.* at 421 (emphasis added). Punishment that serves no legitimate state interest and adjudication of conduct occurring outside the state and affecting persons not before the court offends due process. *Id.* at 421-22. Consequently, as a matter of constitutional due process, out-of-state evidence of unrelated conduct by State Farm or other State Farm companies may not be considered for purposes of punitive damages and should be excluded. *See Embry*, 478 F. Supp. 2d at 923 (excluding evidence of the defendant's dissimilar out-of-state conduct because it had no "proximate" relationship with the plaintiff's alleged in-state harm).

### C. The Commerce Clause and the Full Faith and Credit Clause Also Preclude Punishment of a Defendant's Out-of-State Conduct

The use of punitive damages to punish or deter a defendant's out-of-state activity also violates the Commerce Clause of the United States Constitution. *See* U.S. Const. art. I, § 8, cl. 3. In *Healy v. Beer Institute*, the Supreme Court held that the Commerce Clause prohibits the application of one state's law "'to commerce that takes place wholly outside of the State's borders.'" 491 U.S. 324, 336 (1989) (citation omitted). In *Gore,* the Supreme Court applied this principle to a punitive damages claim, making clear that a state's imposition of punitive damages for the purpose of imposing its policy choices on neighboring states would impermissibly burden interstate commerce in violation of the Commerce Clause. *See Gore*, 517 U.S. at 571. "One State's power to impose burdens on the interstate market . . . is not only subordinate to the federal power over interstate commerce, . . . but is also constrained by the need to respect the interests of other States." *Id.* (citations omitted); *see also Montgomery v. New Piper*

*Aircraft, Inc.*, 209 F.R.D. 221, 228 (S.D. Fla. 2002) (Commerce Clause barred application of Florida law to punish out-of-state conduct).

The admission of evidence of a defendant's out-of-state conduct for punitive damages purposes is also improper under the Full Faith and Credit Clause. The Constitution requires that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. The Full Faith and Credit Clause establishes "'barriers by which all the States are restricted within the orbits of their lawful authority and upon the preservation of which the Government under the Constitution depends.'" *Gore*, 517 U.S. at 571 n.16 (citation omitted). Under the Full Faith and Credit Clause, "'[l]aws have no force of themselves beyond the jurisdiction of the state which enacts them, and can have extraterritorial effect only by the comity of other States.'" *Campbell*, 538 U.S. at 421 (citation omitted). Under the principles of federalism embodied in the Full Faith and Credit Clause, a State may not impose punitive damages based upon conduct directed toward other persons that occurred outside its borders, unless those other persons are included as parties and the court applies the law of the relevant jurisdictions. *See Campbell*, 538 U.S. at 421-22 (citation omitted).

Accordingly, a punitive damages award intended to punish or deter a defendant's out-of-state conduct would violate the Commerce Clause and the Full Faith and Credit Clause by applying the forum state's regulatory and policy judgments to conduct within the jurisdiction of other states. Such a punitive award would burden interstate commerce and severely infringe on the sovereign interest of other states in applying their own laws and policies to conduct occurring within their jurisdictions. Therefore, evidence of out-of-state conduct involving State Farm and other State Farm companies should be excluded under the Commerce Clause and the Full Faith and Credit Clause.

### D.   The Constitutional Prohibition Against Punishing Out-of-State Conduct Is Particularly Applicable in Insurance Cases

The due process, federalism, and other constitutional concerns expressed in *Campbell* and *Gore* apply with particular force in insurance cases. Insurance companies are subject to extensive, and often

differing, regulation by state insurance departments in every jurisdiction. *See Fowler*, 2008 WL 3050417, at *6 (barring out-of-state evidence due to the "significant and obvious difference in insurance regulations . . . in different states"). This system of state-by-state regulation was approved and recognized by Congress in its enactment of the McCarran-Ferguson Act, which provides that "[t]he business of insurance . . . shall be subject to the laws of the several States." 15 U.S.C. § 1012(a). Construing the McCarran-Ferguson Act, the Supreme Court has stated that "Congress viewed state regulation of insurance solely in terms of regulation by the law of the State where occurred the activity sought to be regulated. There was no indication of any thought that a State could regulate activities carried on beyond its own borders." *FTC v. Travelers Health Ass'n.*, 362 U.S. 293, 300 (1960).

Imposing punitive damages based on an insurance company's out-of-state conduct would impair the ability of other states' legislatures, insurance departments, other administrative offices, and courts to regulate the practice of insurance within their borders. Such encroachment on the prerogative of other states to regulate insurance cannot be reconciled with the McCarran-Ferguson Act or with the constitutional principles embodied in the Due Process Clause, the Commerce Clause, and the Full Faith and Credit Clause. Accordingly, evidence of out-of-state conduct involving State Farm or State Farm companies should be excluded.

## CONCLUSION

For all the foregoing reasons, this Court should grant State Farm's motion *in limine* no. 8 in its entirety.

Dated:  September 30, 2009

Respectfully submitted,

*/s/  H. Benjamin Mullen*
H. BENJAMIN MULLEN, MSB # 9077
BRYAN, NELSON, SCHROEDER,
CASTIGIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, September 30, 2009.

*/s/  H. Benjamin Mullen*
H. BENJAMIN MULLEN

H. BENJAMIN MULLEN
BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631