IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD EDWIN BOSSIER,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    Defendant. | No.: 1:08-CV-00408-LTS-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S MOTION *IN LIMINE* NO. 9:
TO EXCLUDE EVIDENCE OF OR REFERENCE TO PLAINTIFF'S OTHER PROPERTIES**

  State Farm Fire and Casualty Company ("State Farm") respectfully moves this Court for an *in limine* order excluding any evidence, testimony, or argument relating or referring to Plaintiff's properties other than the one at issue here at 1987 Bayside Drive in Biloxi, Mississippi.[1]  Evidence regarding Plaintiffs' new houses purchased after Hurricane Katrina, including his houses at 2322 Beau Chene Drive and 2350 Rue Maison Drive, or his additional rental property.  Evidence, testimony, or argument concerning those other houses, including, among other things, their price, value, size, features, or design specifications, should be excluded from trial because all such matters are irrelevant to any fact or claim at issue in this case.  *See* Fed. R. Evid. 401-402.  Evidence, testimony, or argument concerning Plaintiff's other properties would also introduce substantial unfair prejudice, confusions of the issues, and mislead the jury.  *See* Fed. R. Evid. 403.

**I. FACTUAL BACKGROUND**

  This case involves Plaintiff's homeowners policy claim for damage to his house at 1987 Bayside Drive in Biloxi, Mississippi.  Compl. ¶¶ 1, 5, 8-11.  Plaintiff makes no claim regarding any other house

---

[1] No separate memorandum in support is filed with this motion as the motion speaks for itself, and the relevant authorities are cited herein.  State Farm has separately moved for an *in limine* order precluding evidence regarding properties other than Plaintiff's property, including properties of unrelated third parties.

in their Complaint. *See* Compl. Plaintiff's homeowners policy provided coverage to his house located at "1987 BAYSIDE BILOXI MS." Homeowners Policy (attached as Ex. A) at Renewal Certificate.

The loss settlement provision of Plaintiff's policy permits Plaintiff to qualify for the cost to repair or replace covered damage to his Bayside house, provided that such repairs adhere to the terms in the loss settlement provision:

> **1.    A1 – Replacement Cost Loss Settlement – Similar Construction.**
>
> a.    We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I – COVERAGES, COVERAGE A – DWELLING, except for wood fences, subject to the following:
>
> (1)    until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;
>
> (2)    when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;
>
> (3)    to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed[.]

Ex. A at 11. Plaintiff did not, however, repair or replace his Bayside house with similar construction for the same use on the covered premises. Rather, Plaintiff purchased different houses located elsewhere, including houses at 2322 Beau Chene Drive and 2350 Rue Maison Drive. *See, e.g.*, K. Bossier's Dep. (attached as Ex. B) at 7:9-8:4.

## II.    EVIDENCE REGARDING PLAINTIFF'S OTHER HOUSES IS INADMISSIBLE

Plaintiff intends to introduce evidence regarding his other houses in the trial of this case, including his rental house and houses he purchased after Hurricane Katrina, such as, among other things, the purchase prices, features, and specifications of his new houses. All such evidence is irrelevant to Plaintiff's claims for additional coverage for damage to his Bayside house. The Bayside house is the

only house that forms the basis of Plaintiff's causes of action and the only house covered by the homeowners policy at issue in this case. Evidence regarding Plaintiff's other houses is, therefore, irrelevant.

Evidence and argument regarding Plaintiff's new houses are also irrelevant on the issue of any claim for replacement cost of Plaintiff's Bayside house. Plaintiff's new houses are different from his Bayside house and are located on different premises than his Bayside house. *See* Ex. B at 7:9-19. Under the policy terms, evidence disclosing the price, features, and design specifications of new houses on different premises is irrelevant because the Loss Settlement Provision limits Plaintiff's recovery for his Bayside house to the "cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations." Ex. A at 11. Plaintiff's new houses share none of these features with his Bayside house, rendering evidence regarding Plaintiff's new houses irrelevant and inadmissible. *See* Fed. R. Evid. 401, 402.

In another Hurricane Katrina case, this Court properly construed similar replacement cost policy requirements and held that "[t]he policy does not require the defendants to pay replacement cost for a dissimilar building that is not of like kind and quality as the insured building." *Ross v. Metro. Property & Cas. Ins. Co.*, 2008 WL 4861698, at *4 (S.D. Miss. Oct. 24 2008) (Senter, J.). Thus, the Court excluded evidence of replacement costs from trial because "the cost the plaintiffs have actually incurred in building their new home is not relevant to the amount of replacement cost coverage available under this policy. The amount of replacement cost coverage is the replication cost of the insured property, i.e. the cost the plaintiffs would have incurred if the insured dwelling had been duplicated or replicated using materials of like kind and quality." *Id.* at *2. Furthermore, the Court held that, pursuant to the policy language, payments for the cost to duplicate Plaintiff's Bayside house cannot exceed the maximum policy limits. *Id.* at *4 ("By the policy terms set out above, replacement cost coverage for the insured building cannot exceed the policy limits set out in the declarations . . . and it cannot exceed the

replication cost. The plaintiffs will be entitled to recover the smaller of these two figures (after credit for defendants' prior payment)."). These holdings apply with the same force in this case.

As in *Ross*, the policy here provides for replacement costs only for similar construction on the same premises, Ex. A at 11, rendering evidence of Plaintiff's other houses on different premises irrelevant. Indeed, the facts of the instant case provide more justification for excluding evidence of Plaintiff's other houses because Plaintiff purchased his new houses on entirely different lots, whereas the plaintiffs in *Ross* rebuilt their house on the same lot. Moreover, as in *Ross*, Plaintiff's policy limits the amount of any replacement cost recovery to the lesser or the policy limit or the cost to repair or replace. Ex. A at 11 ("[U]ntil actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property . . . ."); *see Ross*, 2008 WL 4861698, at *5 (holding under replacement cost provision, plaintiffs, although not obliged to "replicate" the insured building, could only recover the cost of replicating the insured building using materials of like kind and quality, up to the policy limits).

Courts "are bound to enforce contract language as written and give it its plain and ordinary meaning." *Miss. Farm Bureau Cas. Ins. Co. v. Britt*, 826 So. 2d 1261, 1266 (Miss. 2002) (en banc). "Where the contract is unambiguous, the 'parties are bound by the language of the instrument.'" *Delta Pride Catfish, Inc. v. Home Ins. Co.*, 697 So. 2d 400, 404 (Miss. 1997) (quoting *Cherry v. Anthony, Gibbs, Sage*, 501 So. 2d 416, 419 (Miss. 1987)); *see Tuepker v. State Farm Fire & Cas. Co.*, 507 F.3d 346, 353 (5th Cir. 2007). Here, under the plain and unambiguous terms of the policy, evidence of Plaintiff's other houses is irrelevant. *See* Fed. R. Evid. 402.

Evidence regarding Plaintiff's other houses would also be unfairly prejudicial to State Farm, confuse the issues, and mislead the jury. *See* Fed. R. Evid. 403. This case is about damage to Plaintiff's Bayside house and his homeowners insurance claim for that damage. *See, e.g.*, *Huynh v. State Farm*

*Fire & Cas. Co.*, 2008 WL 80759, at *1-2 (S.D. Miss. Jan. 7, 2008) (Senter, J.) ("the trial of this case will be limited to the facts surrounding the Plaintiff's particular claims").  To permit Plaintiff to introduce evidence regarding his other properties, none of Plaintiff claims were insured under his homeowners policy, would needlessly confuse the jury, waste the time and resources of the Court, and introduce multiple trials within trials.  Accordingly, all such evidence concerning Plaintiff's houses other than the Bayside house should be excluded from trial.

### III.    CONCLUSION

WHEREFORE, State Farm respectfully requests that this Court enter an order excluding any evidence, testimony, or argument relating or referring to Plaintiff's houses other than 1987 Bayside Drive in Biloxi, Mississippi.

Dated:  September 30, 2009

Respectfully submitted,

/s/ *H. Benjamin Mullen*
H. BENJAMIN MULLEN, MSB # 9077
BRYAN, NELSON, SCHROEDER,
CASTIGIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, September 30, 2009.

<i>/s/ H. Benjamin Mullen</i><br>
H. BENJAMIN MULLEN

H. BENJAMIN MULLEN
BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631