**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**REGINALD EDWIN BOSSIER**                                                            **PLAINTIFF**

**VERSUS**                                                    **CAUSE NO. 1:08-cv-408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                        **DEFENDANT**

**APPLICATION FOR REVIEW OF, AND OBJECTION TO, SEPTEMBER
24, 2009, ORDER OF UNITED STATES MAGISTRATE JUDGE**

COMES NOW the Plaintiff, by and through undersigned counsel, pursuant to Rule 72(a), Fed. R. Civ. P. and Rule 72.1 of the Uniform Local Rules, and submits herewith his Application for Review of, and Objection to, [135] September 24, 2009, Order of United States Magistrate Judge, and would show unto this Honorable Court the following:

1.

Plaintiff appeals and seeks review of the United States Magistrate's [135] Order of September 24, 2009.  In this regard, Plaintiff adopts herein by reference the Motion for Sanctions Under Rule 37(b) For Failure to Comply With Court Order [73] and the reply in support of same [104].

2.

This application is filed to correct a serious error of the Magistrate Judge that allows Defendant to be excused for violation of a court order without so much as a slap on the wrist while chastising Plaintiff for writing only two and not three emails reminding State Farm of its obligation.  The application is filed out of

1

counsel's obligation to be a "minister in the law" and to consider "what is to go into the books, rather than chiefly the mere result of a case." *Provident Life & Accident Ins. Co. v. Jemison*, 120 So. 836 (Miss. 1929).

3.

On or about June 5, 2009, the United States Magistrate Judge issued an order compelling Defendant to provide documents responsive to Plaintiff's Request for Production No. 8. Specifically, the Court's order provided as follows:

> [T]he Court will require State Farm, to the extent that it has not already done so, to produce those documents containing State Farm directives, guidelines, policies and procedures for handling Hurricane Katrina claims in general or Plaintiff's claim specifically.

[59] at 6. State Farm did not produce any additional documents pursuant to this order.

4.

On July 14, 2009, Defendant State Farm filed in another proceeding relating to Hurricane Katrina claims handling a privilege log listing 46 unnumbered documents. *See, Lizana v. State Farm Fire & Cas. Co.*, No. 1:08-cv-501-LTS-MTP at ECF #30. The following documents listed in said privilege log with a description there provided have not been produced in this case:

| **Document** | **Description** |
|---|---|
| 2005 Hurricane Katrina Adjuster Training | Specific issues related to handling of wind/hail claims |

2

| **Document** | **Description** |
| --- | --- |
| 2005 Hurricane Katrina Adjuster Training; Induction Center Flood Training Powerpoint | Specific issues related to Hurricane Katrina adjuster training |
| 2005 Hurricane Katrina Adjuster Training - Louisiana; Central Consulting Services | Specific issues related to Hurricane Katrina adjuster training |
| Request for Responsive Documents 8/2006; Hurricane Sweep | Specific instructions/training related to handling of Hurricane Katrina claims |
| Dave Randel's Desk File Pertaining to Research Compiled to Manage Hurricane Catastrophe | Specific issues related to handling of hurricane claims |
| Terry Blalock's Desk File Pertaining to Research Compiled to Manage Hurricane Catastrophe | Specific issues related to handling of hurricane claims |
| Lansing Vargo's Working File Relating to Hurricane Katrina | Specific issues related to handling of hurricane claims[1] |

---

[1]Given the lack of identification of some of the documents listed in the privilege log, counsel for Plaintiff is unsure as to whether other documents not listed above have been produced in this case including the "Wind/Hail Study Guide, on SFNET" and "Operation Guide 70-21" described as containing "specific claim adjustment issues related to Hurricane Katrina". With regard to the latter, the version of the operation guide 70-21 produced in this case is dated August 25, 2004 and hence does not contain "specific claim adjustment issues related to Hurricane Katrina." In addition, the privilege log identifies "Catastrophe Wind/Hail Study Guides" with no references to dates or the number of guides so Plaintiff is unsure as to whether all of the study guides have been produced in this case. Defendant did not in its response the underlying motion advise the Court as to whether these documents had been produced.

5.

Plaintiff's Motion for Sanctions pointed out that said documents contained in the *Lizana* privilege log had not been produced in this case and fell within the Court's order compelling production of "documents containing State Farm directives, guidelines, policies and procedures for handling Hurricane Katrina claims in general or Plaintiff's claim specifically."

6.

In his motion, Plaintiff also set forth various operating guidelines responsive to the Court's order that had not been produced.  Including:

1.  OG 70-50, Supervising Litigation - Write Your Own Litigation Guidelines (Flood) ("linked" (for electronic access with the click of a button) in State Farm's "Flood Claim Processing" Operation Guide, OG 71-06)

2.  OG 70-135, CASE System Management

3.  OG 70-251, Integrity Danger Signs

4.  OG 71-040, State Farm Premier Service Program

5.  OG 79-001, Catastrophe Program - General Principles

6.  OG 79-003, Catastrophe Program - Independent Adjuster Drafts

7.  OG 79-007, National Catastrophe Program Claim and Catastrophe section Manager- F&C Responsibilities

8.  OG-79-008, Catastrophe Team Manager

9.  OG 79-009, National Catastrophe Team Members and Regional Catastrophe Volunteers

10. OG 79-11, Regional Catastrophe Coordinator

4

11.     OG 79-012, Catastrophe Program - Agent Loss Reporting

12.     OG 79-014, Catastrophe Office Claim Processing Procedure

13.     OG 79-021, Special Investigative Units Catastrophe Operations

14.     OG 781-170, Estimates and Reports

15.     OG 795-120, Catastrophe Management Structure

16.     State Farm's Fire Claim Code Manual (referred to by Payments and Coding Operation Guide, OG 74-04)

7.

In response to Plaintiff's Motion for Sanctions, State Farm did not dispute Plaintiff's assertion that the documents listed in the *Lizana* privilege log had not been produced in this case. At most, State Farm weakly maintained that some unspecified documents in the *Lizana* privilege log allegedly were produced. State Farm has never specifically identified any of the above documents as being produced in this case. Moreover, State Farm submitted an additional 1,000 pages or more of documents to the United States Magistrate Judge for an *in camera* review and belatedly set forth a "trade secrets objection".

8.

Plaintiff's Motion for Sanctions requested that the Court award sanctions under Rule 37(b). Counsel for Plaintiff acknowledged that the Court had discretion under said rule to fashion a remedy that the Court felt appropriate for the violation at issue. In this regard, Plaintiff's reply memorandum states:

Rule 37 provides a panoply of sanctions that may be imposed for violation of court order. It is this Honorable Court's responsibility to determine which among the various sanctions fits any given situation. The standards for various available sanctions differ in some particulars.

9.

In denying any sanctions whatsoever, even an additional order compelling

production of the non-produced documents, the United States Magistrate Judge

held as follows:

> This Court does not consider entry of default judgment against Defendant appropriate based upon its failure to produce items already in Plaintiff's possession (the Rick Moore file), available over the internet (Catastrophe Induction Manual), or actually filed in the record in this case (Steve Burke notes), and the Court finds that this case fails to present the "extreme circumstances" which would justify entry of default judgment.[2] In addition, the Court finds that there was no good faith effort to resolve this matter prior to filing the instant motion.

[135] at 3. The Magistrate Judge's Order does not address the thousand or more

documents submitted for *in camera* view, nor have same been placed in the Court

record.

10.

The United States Magistrate Judge's order was clearly erroneous and

contrary to law in failing to provide any sanction whatsoever with regard to State

Farm's violation of the Court's order and in discussing only default as a potential

---

[2]While Plaintiff set forth in the underlying motion that the Rick Moore file, Catastrophe Induction Manual and Steve Burke notes had not been produced in this case as further evidence of non-compliance, the Magistrate's order fails to discuss the numerous other documents listed above which are not in counsel for Plaintiff's possession and to her knowledge, have not been produced in any litigation in which she has appeared as counsel.

sanction.  Indeed, instead of sanctioning State Farm  for violation of a specific order of production, the United States Magistrate Judge  in effect sanctioned counsel for Plaintiff for purported lack of good faith effort to resolve the matter.

11.

The United States Magistrate Judge's opinion cites only default judgment and only failure to produce documents already available.  The Magistrate Judge's order completely fails to address the list of documents shown to have not been produced and completely fails to address the thousand pages or more produced to the Court *in camera*.  This failure was clearly erroneous and contrary to law.

12.

Surely, at a minimum, State Farm should be compelled to produce the documents in question within a specified period of time and to pay reasonable attorney's fees and expenses.  Indeed, Rule 37(b) makes mandatory such an award of expenses.

13.

Moreover, State Farm is clearly in contempt of the Court's order yet the Magistrate Judge failed to discuss same.  The Fifth Circuit described the standard in *American Airlines v. Allied Pilots Association*, 228 F.3d 574, 581 (5th Cir. 2000), as follows:

> A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order.

7

A finding of bad faith is not necessary. The Fifth Circuit has held that the "contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *See also, McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949) (intent of defendant irrelevant).

14.

Moreover, the United States Magistrate Judge's holding placing the burden on counsel for Plaintiff for State Farm's non-production is clearly erroneous and contrary to law. As has been demonstrated, Plaintiff filed a Motion to Compel these documents over six months ago, resulting in an order from the Court for the documents in question. Prior to filing the motion, Counsel for Plaintiff brought the issues of non-compliance to State Farm's attention and was rebuked. Under these circumstances, nothing further can be required from Plaintiff. *See*, *Norman v. Wayne Farms, LLC*, 2008 WL 4793748 at *1 (S.D. Miss. 2008) (good faith certificate not necessary prior to sanctions motion for non-compliance with court order). Moreover, that further efforts to have the documents produced would be futile is clear from the fact that, even after filing the motion in question, State Farm has failed and refused to produce the omitted documents. The Magistrate Judge would require Plaintiff to move mountains while Defendant has no responsibility to the Court.

15.

The Magistrate Judge's order ignoring the 1,000 or more documents produced in camera and failing to include same in the record and provide at least

8

some description is likewise clearly erroneous and contrary to law. Plaintiff is entitled to a record concerning its claim of violation of the Court's order and a ruling on whether said documents are or are not discoverable.

16.

The United States Magistrate Judge's order of September 24, 2009, should be reviewed by this Honorable Court and reversed. State Farm should be required to produce the missing documents or at least provide some explanation concerning same. Similarly, the Court should reject State Farm's belated "trade secrets" excuse for non-production as to the OG's submitted to the Magistrate Judge for *in camera* inspection and order their production. In the alternative, the Magistrate Judge should be required to review same and make a record of his findings regarding discoverability.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that this Honorable Court will enter its order reversing the Magistrate Judge's order of September 24, 2009, and requiring State Farm to produce the missing documents or at least provide an explanation concerning same. Plaintiff also prays that he be awarded attorney's fees and expenses for the necessity of filing the motion for sanctions. Plaintiff prays for such other and further relief as may be deemed appropriate.

THIS the 2nd day of October, 2009.

                                Respectfully submitted,

                                REGINALD EDWIN BOSSIER

                           BY: */s Judy M. Guice*_____
                                JUDY M. GUICE (#5057)

Judy M. Guice (MSB #5057)
JUDY M. GUICE, P.A.
P. O. Box 1919
Biloxi, MS 39533-1919
Telephone: (228) 374-9787
Facsimile:  (228) 374-9436

## CERTIFICATE OF SERVICE

       I, Judy M. Guice, counsel for Plaintiff, do hereby certify that I have this day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to the following:

       H. Benjamin Mullen, Esquire
       John A. Banahan, Esquire
       Bryan, Nelson, Schroeder, Castigliola & Banahan, PLLC
       P. O. Drawer 1529
       Pascagoula, MS 39568

       This the 2nd day of October, 2009.

                                *s/Judy M. Guice*_____
                               JUDY M. GUICE (MSB #5057)

10