**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**REGINALD EDWIN BOSSIER**                                 **PLAINTIFF**

**V.**                               **CIVIL ACTION NO.1:08CV408 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANT'S MOTIONS TO EXCLUDE EXPERT TESTIMONY

The Court has before it three motions filed by State Farm Fire and Casualty Company (State Farm) seeking to exclude the expert testimony of Rocco Calaci (Calaci) [87], Daniel Schroeder (Schroeder) and Tim Shaw (Shaw) [89], and Ted Biddy (Biddy) [91].

Calaci is a meteorologist who has already been accepted by the Court as an expert in this field. *Medical Plaza, LLC v. U. S. Fid. & Guar. Co.,* 2008 WL 4539587. Calaci will be permitted to express his opinions concerning the weather conditions and forces generated by Hurricane Katrina. Calaci will not be permitted to testify as an expert in the field of engineering or in any other field in which he is not qualified as an expert under Rule 702 of the Federal Rules of Evidence and the holding in *Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) (Daubert).* The objections State Farm expresses concerning Calaci's anticipated testimony go to its weight and not to its admissibility.

Biddy has also been previously qualified as an expert in the field of engineering. *Sanders v. Nationwide Mut. Fire Ins. Co.,* Civil Action No. 1:07cv988 LTS-RHW. Within this discipline, and in no other, Biddy will be permitted to express his opinions concerning the storm forces and their effect on the insured property. State Farm's objections to Biddy's testimony also go to its weight and not to its admissibility.

Schroeder and Shaw have not, to my knowledge, heretofore been tendered as experts in their field of property appraisal. Their six-page report is signed by Shaw as the appraiser and Schroeder as the "supervisory appraiser (only if required)". The appraisal states it was prepared "for income tax purposes." Presumably, this appraisal was intended to evaluate the casualty loss deduction for Bossier's income tax returns. Plaintiff asserts, and State Farm apparently concedes, that Schroeder and Shaw were not specially retained as experts to testify in this action. This being the case, the disclosure requirements for retained experts (set out in Rule 26(a)(2)(B) F.R.Civ.P.) do not apply to these two experts. The appraisers' report is quite detailed, and I believe a fair reading of the report is sufficient to disclose the opinions that these individuals have formed concerning the value of the insured property.

The report reflects two estimates of the value of the insured property in its pre-storm and in its post-storm condition, one based upon a "sales comparison analysis" and the other based upon a "cost approach." The "sales comparison analysis" uses the sale price of three comparable properties to reach a pre-storm market value estimate of $831,000. Deducting storm damage of $450,000 and debris removal expenses of $125,000, the appraisers conclude that the post-storm market value of the property is $256,000.

The "cost approach" estimates the "site value" (apparently the value of the plaintiff's lot) at $300,000. Calculating the value of the structure and other improvements on a per-square foot basis, the appraisers estimate the replacement cost for the improvements on the property to be $599,835. Depreciation of $47,846 reduces the pre-storm estimated value of these improvements to $551,848. The "'As-Is' Value of Site Improvements" is estimated at $25,000, yielding a total pre-storm market value for the property (including the lot) of $876,848 ($300,000 + $551,848 + $25,000 = $876,848) and a post-storm value of $325,000 ($300,000 + $25,000 = $325,000). The difference of $551,848 appears to represent these appraisers' opinion of the pre-storm actual cash value (ACV) of the improvements destroyed in the storm.

State Farm objects to this appraisal on the grounds that it estimates market value, not ACV. State Farm asserts that the only relevant figure under its policy is ACV. The policy does indeed provide for compensation on an ACV basis (unless replacement cost coverage applies). ACV is generally calculated as the replacement cost of a structure less depreciation. Thus the "cost approach" is an attempt to estimate ACV, and the "sales comparison analysis" is a market value estimate. State Farm has offered no evidence that the "sales comparison analysis" is not a reliable estimate that the jury could take into consideration in deciding ACV. State Farm has offered no evidence that the market value of the insured dwelling does not approximate the building's ACV. State Farm argues that there could be no reasonable correlation, but it offers no evidence to support this argument.

State Farm has not shown that the appraisers' estimates are factually flawed or otherwise unreliable. Because the dwelling was destroyed during the storm, the appraisers could not appraise the property in a normal fashion. In light of the destruction of the building itself, the appraisers had to rely upon the photographs that were available and the plaintiff's description of his dwelling. Assuming that the appraisers were given accurate information concerning the quality of the residential construction and its recent renovation, it is reasonable for the appraisers to take this information into consideration in the absence of first hand knowledge. Of course, if it were shown that the appraisers were given false or inaccurate information, this would undermine the validity of their opinions. But State Farm has offered no evidence that the information the plaintiffs gave the appraisers was untruthful, inaccurate, or incomplete.

State Farm asserts that the appraisers failed to "describe the criteria used in determining that the three 'comparable' properties were actually comparable at all." But State Farm offers no evidence that the evaluation of the other properties violated any standard or accepted appraisal methods. Again, the properties were not available for first hand inspection after the storm, and the appraisers cannot therefore be faulted for not making the first hand inspections that would normally be part of the appraisal process.

State Farm has not shown that the appraisers are not qualified to make an assessment of the value of this property, nor has State Farm shown that these appraisers' testimony is unreliable or otherwise inadmissible under the standards of Rule 702 of the Federal Rules of Evidence or under the *Daubert* analysis.

For the reasons set out above, I will deny State Farm's motions to exclude these experts.

Accordingly, it is

**ORDERED**

That State Farm Fire and Casualty Company's motions to exclude the expert testimony of Rocco Calaci [87], Daniel Schroeder and Tim Shaw [89], and Ted Biddy [91] are hereby **DENIED.**

**SO ORDERED** this 9th day of October, 2009.

                                                              s/ L. T. Senter, Jr.
                                                              L. T. SENTER, JR.
                                                              SENIOR JUDGE