UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


REGINALD EDWIN BOSSIER                                                            PLAINTIFF

V.                                                      CIVIL ACTION NO. 1:08CV408-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                              DEFENDANT

**ORDER**

This Court disposed [132] of Defendant's [85] Motion for Partial Summary Judgment. Attention now turns to several dispositive motions filed by Plaintiff concerning [77] the issue of the anti-concurrent cause clause in the subject insurance policy; [79] the issue of windstorm; [82] the dwelling extension coverage; and [83] "accidental direct physical loss" suffered by Plaintiff. At the time these motions were filed, some of the issues were the subjects of an appeal to the Mississippi Supreme Court, *Corban v. United Services Automobile Assoc.*, No. 2008-IA-00645-SCT; the Supreme Court issued an opinion on October 8, 2009, and rejected the principal conclusions reached by the United States Court of Appeals of the Fifth Circuit in *Tuepker v. State Farm Fire & Casualty Co.*, 507 F. 3d 346 (5th Cir. 2007), and *Leonard v. Nationwide Mutual Insurance Co.*, 499 F.3d 419 (5th Cir. 2007), *cert. denied*, 2008 WL77718 (2008). However, that does not mean that Plaintiff is entitled to the requested relief.

While the Mississippi Supreme Court did not agree with the Fifth Circuit's interpretation of the anti-concurrent cause clause found in homeowner insurance policies, especially with respect to the "in any sequence" portion of the provision, the decision did not change the essence of this Court's approach regarding the meaning and–for practical purposes–inapplicability of the anti-concurrent language. The Mississippi Supreme Court expressly adopted this Court's analysis in *Dickinson v. Nationwide Mutual Fire Insurance Co.*, No. 1:06cv198 (2008 WL 1913957 and 2008 WL 941783).

Now that the Mississippi Supreme Court has issued its decision, this Court sees no reason to delay trial, for the intention to follow *Dickinson* and the interpretation of the anti-concurrent cause language has been consistently clear and has merely been affirmed by *Corban*. The Mississippi Supreme Court did not go as far as Plaintiff's counsel (who represented the Corbans) urged, for it upheld the validity of the exclusion for flood damage and the allocation of the respective burdens of proof. The Fifth Circuit's Erie-guess was wrong, but not to the extent argued by Plaintiff in his [77] [79] motions for partial summary judgment. *Corban* also tacitly approved the Fifth Circuit's declarations in *Broussard v. State Farm Fire and Casualty Co.*, 523 F.3d 618, 627 (5th Cir. 2008), that "State Farm's 'shifting back' theory is not the rule in Mississippi . . ., the parties must meet their burdens of proof  . . ., and the ultimate allocation of wind and water damages under the . . . [various] coverage[s] is a question of fact for the jury." *Broussard,* 523 F.3d at 630 (citations omitted) . *Corban*, slip op. at 26-8.

Since Plaintiff filed his [82] Motion for Partial Summary Judgment on the Dwelling Extension Coverage, Defendant unconditionally tendered policy limits plus interest as to the outlying structure, but continues to deny liability for the contents contained therein. This conduct was examined by the Court in the [132] Order denying Defendant's [85] Motion for Partial Summary Judgment. In addition to seeking all benefits under the dwelling extension coverage, Plaintiff requests a finding that he is already in position to go to the jury on extra-contractual and punitive damages. Defendant, as the non-moving party, is entitled to the same grant of reasonable inferences as was the Plaintiff with respect to Defendant's own motion for partial summary judgment. Under the Court's [132] order, these matters (both of the contractual and extra-contractual nature) are appropriate for trial and not summary disposition. Although the Court is denying Plaintiff's [82] Motion for Partial Summary Judgment on the Dwelling Extension Coverage, Defendant's request [129] to file a sur-reply will be granted for the purposes of a full record.

Plaintiff's final [83] Motion for Partial Summary Judgment regarding accidental direct physical loss essentially asks for a declaratory judgment on his "claims of coverage for all Hurricane Katrina losses," reserving to Defendant proof on any applicable exclusion. It is unnecessary for this declaration to be made at this time, particularly in light of *Corban*. The parties bear their respective burdens of proof, and consideration will be given to the fact that Defendant has acknowledged, through the payment of policy benefits, that certain coverages attach to portions of Plaintiff's loss. The full extent of Plaintiff's loss and the applicable coverage will be determined at trial according to the evidence. *See generally Corban* and *Broussard*.

Accordingly, **IT IS ORDERED**:

Plaintiff's [77] Motion for Partial Summary Judgment on the Issue of the Anti-concurrent Cause Clause is **DENIED**;

Plaintiff's [79] Motion for Partial Summary Judgment on the Issue of Windstorm is **DENIED**;

Plaintiff's [82] Motion for Partial Summary Judgment on the Dwelling Extension is **DENIED**;

Plaintiff's [83] Motion for Partial Summary Judgment Regarding Accidental Direct Physical Loss is **DENIED**;

Defendant's [129] Motion for Leave to file Sur-reply in connection with Plaintiff's [82] Motion for Partial Summary Judgment on the Dwelling Extension is **GRANTED**. Because the proposed sur-reply is attached to the [129] motion and is already a part of the record, there is no need to file the document again.

**SO ORDERED** this the 9th day of October, 2009.

s/ <u>L. T. Senter, Jr.</u>
L. T. SENTER, JR.
SENIOR JUDGE