UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REGINALD EDWIN BOSSIER                                                              PLAINTIFF

V.                                                            CIVIL ACTION NO. 1:08cv408-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                          DEFENDANT

## ORDER

This order addresses the pending motions *in limine* in this cause of action filed by the Defendant. They are as follows:

[142] Motion to Bifurcate Trial and to Preclude Evidence of or Reference to Claims for Extra-Contractual and Punitive Damages Prior to a Finding of Coverage Under the Insurance Policy;

[144] Motion to Exclude Testimony or Evidence Relating to the Market Conduct Report;

[146] Motion to Limit Testimony or Evidence Relating to Mississippi Department of Insurance Bulletins and Related Correspondence;

[147] Motion to Preclude Introduction of Testimony or Evidence that Waiver or Estoppel Create or Modify Coverage under the subject insurance policy;

[148] Motion to Exclude Evidence of or References to any Grand Jury or Government Investigations relating to the Insurance Industry's Response to Hurricane Katrina;

[149] Motion to Exclude Evidence Regarding Properties Other than Plaintiff's Property;

[150] Motion to Preclude Testimony or Evidence Relating to Interpretation of Insurance Policy Provisions or Principles of Mississippi Law and to Exclude the Wind/Water Claim Handling Protocol;

[151] Motion to Exclude Evidence of Dissimilar or Out-of-State Conduct; and

[153] Motion to Exclude Evidence of or Reference to Plaintiff's Other Properties.

This Court has outlined the procedure to be used in the trial of other cases, and the approach here will be no different. *See, e.g., Payment v. State Farm Fire and Casualty Co.*, No. 1:07cv1003 (docket entries [97] and [131]). There are potentially three phases of the trial, with the first considering the underlying contractual/coverage/negligence claims. The second and

third phases are reserved for consideration of punitive and extra-contractual damages. Depending on the outcome of the first phase respecting compensatory damages under the contract, punitive and extra-contractual damages may not be considered at all. Thus, the only issue to be tried in phase one is the coverage claim. The subject(s) of any additional phases will be determined once the first phase is fully concluded. Of course, counsel for each party may make statements at the beginning of each phase that is held, and each party will be allowed to address the prospect of punitive damages in *voir dire*.

Defendant's [142] motion is fairly consistent with the above discussion. However, it continues to urge, contrary to this Court's many previous rulings, that the manner in which the claim was handled is not appropriate for the first phase. As the Court has observed on numerous occasions (including *Broussard*, where similar rulings were made), it is difficult to envision even a standard breach of an insurance contract lawsuit without consideration of the policy provisions, the investigation of the loss, and the overall manner in which the claim was handled, all leading to a decision on coverage and payment of benefits under the policy arising from the loss. The information in Defendant's possession at the time of its claims decision, as well as the tools it used in reaching that decision, are relevant as to whether Plaintiff is entitled to benefits under the insurance policy, and this would be the case even if punitive or extra-contractual damages were not sought.

The Court understands Defendant's concern with "prevent[ing] issue confusion and . . . creat[ing] a barrier between testimony regarding the fundamental issue of liability and the inflammatory issue of egregious conduct" consistent with Miss. Code Ann. § 11-1-65. *Hartford Underwriters Insurance Co. v. Williams*, 936 So. 2d 888, 897 (Miss. 2006). It is not this Court's intention to try all issues in a single phase, and even the Mississippi Supreme Court has acknowledged "that it is hardly uncommon for cases to involve 'mixed facts' which would be relevant on both the issues of liability and punitive damages." *Bradfield v. Schwartz*, 936 So. 2d 931, 938 n. 9 (Miss. 2006).

This Court is sensitive to avoid "confus[ing] the basic issue of fault or liability and compensatory damages with the contingent issue of wanton and reckless conduct which may or may not ultimately justify an award of punitive damages." *Id.* at 938. Still, the wind/water protocol adopted by Defendant is admissible, as it is one of the rules and procedures Defendant followed in making a decision on the underlying contract claim. Plaintiff will not be permitted to offer opinion testimony on interpretation of his insurance policy, as will be discussed below. This Court will make the ultimate call on legal issues. Plaintiff may not argue in the first phase that any reliance on the protocol (or any other part of its investigation leading to a decision on the claim) was reckless or constituted "bad faith"; Defendant may not prevent Plaintiff from introducing evidence in the first phase of the trial concerning the handling of the claim and the basis of the decision to pay/deny benefits. Plaintiff may also offer proof of damages he claims are owed for coverage afforded under the insurance policy and which have not been paid.

Defendant also seeks the exclusion of the Report of the Special Target Examination for Hurricane Katrina Homeowner Claims (popularly known as the Market Conduct Report) commissioned by the Mississippi Department of Insurance. The Court agrees that the probative

value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403; *Payment, supra*. Defendant's [144] motion will be granted, and the Market Conduct Report will not be admitted for any purpose. This cause of action involves Plaintiff's claim only.

The Court has ruled consistently that Mississippi Department of Insurance bulletins and correspondence are not admissible, unless Defendant responded to them in one manner and acted in another, or if Defendant used or relied on those bulletins for other purposes. Whether this comes into play in the determination of compensatory/contractual damages with respect to coverage and the payment of policy benefits, or in a subsequent phase on extra-contractual/punitive damages, depends on the way it may have been used. The same exception holds true if Defendant made a statement in the nature of an evidentiary admission in any of these documents. Otherwise, these documents are not relevant to any issue in dispute and will be inadmissible at trial. Except as conditioned above, the Court will grant Defendant's [146] motion.

Plaintiff will not be allowed to challenge the validity of the water exclusion, and this Court will be guided by the Mississippi Supreme Court's decision in *Corban v. United Services Automobile Association*, No. 2008-IA-00645-SCT (slip op. Oct. 8, 2009), with respect to other relevant provisions in the subject insurance policy. The extent of the policy's coverage has been established by *Corban* (adopting this Court's rulings in *Dickinson v. Nationwide Mutual Fire Insurance Co.*, No. 1:06cv198 (2008 WL 1913957 and 2008 WL 941783)), and evidence dealing with waiver or estoppel of its provisions to expand coverage will not be allowed. Defendant's [147] motion will be granted.

As to Defendant's [148] motion regarding government and grand jury investigations of the insurance industry's response to Hurricane Katrina, as well as the [151] motion concerning dissimilar out-of-state conduct, the Court finds, once again consistent with other rulings on these issues, that this evidence is fraught with the danger of unfair prejudice, confusion of the issues, and misleading the jury. As should be clear by now, the sole focus of the trial of this cause of action is Plaintiff's and Defendant's contractual relationship, and any liability arising therefrom.

Defendant seeks [149] to exclude evidence regarding properties other than Plaintiff's property. Plaintiff may intend to offer evidence concerning other properties in close proximity to his where wind damage was allegedly sustained, but not with respect to claims practices or decisions by other insurers. This Court has not allowed the introduction of evidence of claims adjusted by different insurance companies. On the other hand, Defendant's own adjusting practices, policies, and procedures are fair game for cross examination. While the wholesale introduction of evidence of this type will not be allowed, Plaintiff will not be prohibited from developing fact-specific proof of Defendant's own claims adjusting in any case where the property(ies) are in reasonably close proximity to Plaintiff and was/were exposed to similar storm conditions. Along this line, Plaintiff, with a proper predicate, may also be allowed to develop evidence of damage to other properties in his surrounding neighborhood, but at some point this may cross the line into confusion or misleading the jury. Thus, Defendant's [149] motion will be granted in part and denied in part, without prejudice.

Finally, Defendant's [153] motion seeks exclusion of evidence of or reference to other properties purchased by Plaintiff following the loss to the insured premises, 1987 Bayside in Biloxi.  This motion is premised on the loss settlement provisions relating to payment for replacement cost.  The policy provides that Defendant "will pay the cost to repair or replace with similar construction and for the same use *on the premises shown in the **Declarations**.*" (Emphasis supplied; bold in original) The same emphasized language appears in a section dealing with repair or replacement using "common construction techniques and materials commonly used by the building trades in standard new construction."  These sections extend repair or replacement coverage to the "damaged part of the property."

The Court agrees that these provisions are clear and unambiguous, and do not apply to replacement structures not located on the insured premises.  Neither may Plaintiff offer evidence surrounding the adjustment of the loss to his rental property, as it is not the subject matter of this cause of action.  Therefore, Defendant's [153] motion will be granted.

Accordingly, **IT IS ORDERED**:

Defendant's [142] Motion for a Phased Trial and to Preclude any and all Testimony, Evidence, and Argument Regarding Negligence, Other Tort Claims, and Claims for Extra-Contractual and Punitive Damages Prior to a Finding of Coverage Under the Insurance Policy is **GRANTED IN PART** and **DENIED IN PART**, subject to the above comments ;

Defendant's [144] Motion to Exclude any and all Testimony, Evidence, and Argument Relating to the Market Conduct Report is **GRANTED**;

Defendant's [146] Motion to Exclude Evidence, Testimony, or Argument Relating to Mississippi Department of Insurance Bulletins and Related Correspondence is **GRANTED**, subject to the above comments;

Defendant's [147] Motion to Preclude Plaintiff from Introducing Testimony or Evidence that Waiver or Estoppel Create or Modify Coverage is **GRANTED**;

Defendant's [148] Motion to Exclude any and all Testimony, Evidence, and Argument Regarding any Grand Jury or Government Investigation of the Insurance Industry's Response to Hurricane Katrina is **GRANTED**;

Defendant's [149] Motion to Exclude Evidence Regarding Properties Other than Plaintiff's is **GRANTED IN PART** and **DENIED IN PART**, subject to the above comments;

Defendant's [150] Motion to Exclude Testimony, Evidence, and Argument Relating to Interpretation of Insurance Policy Provisions or Principles of Mississippi Law and to Exclude the Wind/Water Claim Handling Protocol is **GRANTED IN PART** (as to interpretation of the policy and law) and **DENIED IN PART** (as to the wind/water protocol);

Defendant's [151] Motion to Exclude Evidence, Testimony, or Argument Concerning

Evidence of Dissimilar Out-of-State Conduct is **GRANTED**; and

Defendant's [153] Motion to Exclude Evidence of or Reference to Plaintiff's Other Properties is **GRANTED**.

**SO ORDERED** this the 9th day of October, 2009.

                                                s/ L. T. Senter, Jr.
                                                L. T. SENTER, JR.
                                                SENIOR JUDGE