IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REGINALD EDWIN BOSSIER**                                   **PLAINTIFF**

**VERSUS**                                     **CAUSE NO. 1:08-cv-408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**           **DEFENDANT**

**REPLY IN SUPPORT OF [154] APPLICATION FOR REVIEW OF,
AND OBJECTION TO, SEPTEMBER 24, 2009, ORDER OF
UNITED STATES MAGISTRATE JUDGE**

COMES NOW the Plaintiff, by and through undersigned counsel, and submits herewith his Reply in Support of [154] Application for Review of, and Objection to, [135] September 24, 2009, Order of United States Magistrate Judge, and would show unto this Honorable Court the following:

1.

The subject Application arises from the Magistrate Judge's Order of June 5, 2009, compelling State Farm "to produce those documents containing State Farm directives, guidelines, policies and procedures for handling Hurricane Katrina claims in general or Plaintiff's claim specifically." [ECF 59][1]

2.

On July 30, 2009, counsel for Plaintiff brought to the Court's attention the fact that multiple documents falling under the Court's order had not been produced in this case. These documents included material that was listed by

---

[1] The Order is related to the Motion to Compel filed by Plaintiff on March 20, 2009. [ECF 33]

State Farm in *Lizana v. State Farm*, No. 1:08-cv-501 at ECF 30. In addition, Plaintiff identified multiple OG (operating guidelines) sections that had not been produced. Finally, Plaintiff called to the Court's attention certain documents in Plaintiff's possession via production in other cases which should have been but were not produced in this case.

3.

State Farm's response was to produce to the Magistrate Judge *in camera* approximately 1,000 pages of OG sections. As to the *Lizana* documents, State Farm vaguely contended that some of same had been produced in the case *sub judice*, but failed to identify which or where.

4.

On October 14, 2009, when the attorneys appeared for the Pretrial Conference, the District Court Judge requested that counsel for State Farm identify the Lizana documents that he contended had been produced in this case. On the same day, State Farm for the first time provided counsel for Plaintiff and the Court with a list purporting to identify said documents. [Exhibit A)

5.

In addition, State Farm filed a response to the subject Application maintaining that "Plaintiff has subjected State Farm and the Court to this wasteful round of motion practice because he was unwilling to carefully review all of the documents already produced by State Farm in the instant case." [ECF 168 at page 14]. An examination of the documents that State Farm contends correlate

with the *Lizana* documents reveals, however, that no amount of careful review would lead one to conclude that they had been produced in this case.

6.

Initially, we note again for the record that the 9,000 or so pages of documents which State Farm brags about producing in this case were contained on two CD's that were not indexed or bookmarked in any way. In other words, the CDs contain 9,000 pages which do not indicate where a document starts or stops, or what the identity of the document is. This would be the same as a document production containing 9,000 pages without dividers, staples or paperclips.[2]

7.

More importantly, serious questions exist concerning whether the documents identified by State Farm in this case are in fact the same as the documents identified in the *Lizana* case. As an example, State Farm in the *Lizana* case listed on the privilege log a document identified as "Request for Responsive Documents 8/2006; Hurricane Sweep". In the case *sub judice,* State Farm for the first time on October 14, 2009, maintained that a "careful review" of the documents by Plaintiff would easily reveal that the "Request for Responsive Documents 8/2006; Hurricane Sweep" had been produced in this case. That document according to State Farm was in the 9,000 page haystack in two separate places, namely BOSR724 - BOSR741 and BOSR9013-BOSR9018. The

---

[2]Counsel for State Farm was in error when he represented at the in chambers meeting with the Court that the documents were labeled on the disk.

first portion of the document is attached hereto as Exhibit B. A "careful review" of this document establishes that it is entitled "Fire Catastrophe Estimatics & Claim Handling Practices for: Southern Zone - Katrina"; that it is dated 8/29/05 and nowhere contains a date of 8/2006; and that the document is not a "request for responsive documents" nor does it reference in any way, shape, or form, the "hurricane sweep."[3] The part of the document that is located over 8,000 pages later is marked confidential and cannot be attached. However, counsel for Plaintiff will note for the record that it is entitled "Catastrophe Claim Inspection Process", that it is dated "revised 08/29/05", that it does not refer to any "request for responsive documents" and that there is no mention of the "hurricane sweep."

8.

As another example, Plaintiff would note that the document identified in *Lizana* as "2005 Hurricane Katrina Adjustor Training" is in fact entitled "SF Catastrophe Customer Service & Claim handling tips".[4]

9.

The document identified in *Lizana* as "Lansing Vargo's Working File Relating to Hurricane Katrina" purportedly is a single document entitled "Engineer Request Workflow". Similarly, *Lizana*'s 2005 Hurricane Katrina Adjustor Training -

---

[3] Hurricane sweep is the term used to describe State Farm's action in requiring all of the adjusters and employees who worked on Hurricane Katrina claims to return to the company in Bloomington any documents relating to same.

[4] Again the document is marked confidential and accordingly is not attached hereto but will shown to the Court *in camera*.

Louisiana; Central Consulting Services" is a two page document "Flood General Information - - Agent's Draft Authority/No advances on Flood Policies" in Bossier. The document does not refer to adjusters, Louisiana, or Central Consulting Services.

10.

In short, there is absolutely no correlation between the documents now identified in Bossier that supposedly correspond to those listed in *Lizana*. If in fact they are the same documents, which seems extremely doubtful, there is absolutely no way that anyone other than State Farm would ever know that. Counsel for State Farm should have and could have, but did not, make this identification months ago. It is State Farm's failure that has led to this expenditure of time and effort.

11.

Moreover, the multiple OG's that have not been produced in this case but instead were given to the Magistrate Judge for *in camera* review but not addressed in the Order, likewise should have been produced pursuant to the prior Order of the Court. There is no reason why these operating guidelines should not be produced. Indeed, they fall within the Court's prior Order compelling same.

12.

Finally, State Farm cannot be excused from its violation by blaming Plaintiff for failing to meet and confer. As previously noted, such an obligation does not exist when an order of the Court is at issue. Moreover, it is clear beyond

peradventure that no meeting and conference would have made any difference whatsoever in this matter. It was not until the District Court Judge asked counsel for State Farm specifically to identify the documents it claimed were produced that such action occurred. The original motion concerning these matters was filed months ago, yet State Farm did nothing to attempt to identify or produce the documents in question.

13.

This matter is set for trial in approximately two weeks. Plaintiff does not desire a continuance of this matter. As counsel for State Farm acknowledges, the Court has broad discretion in determining an appropriate sanction. Inexplicably, however, the Magistrate Judge addressed only the potential sanction of default judgment and no other.

14.

In short, the Magistrate Judge's findings were clearly erroneous and contrary to law. Appropriate sanctions, as determined by the Court, should be levied against State Farm. In no event, however, should a continuance of this matter be ordered, as same would constitute as a sanction against Plaintiff and not Defendant.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that this Honorable Court will enter its order reversing the Magistrate Judge's order of September 24, 2009. Plaintiff also prays that he be awarded attorney's fees and expenses for the

necessity of filing the motion for sanctions. Plaintiff prays for such other and further relief as may be deemed appropriate.

  THIS the 15th day of October, 2009.

            Respectfully submitted,

            REGINALD EDWIN BOSSIER

            BY: */s Judy M. Guice*
              JUDY M. GUICE (#5057)

Judy M. Guice (MSB #5057)
JUDY M. GUICE, P.A.
P. O. Box 1919
Biloxi, MS 39533-1919
Telephone: (228) 374-9787
Facsimile: (228) 374-9436

## CERTIFICATE OF SERVICE

  I, Judy M. Guice, counsel for Plaintiff, do hereby certify that I have this day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to the following:

H. Benjamin Mullen, Esquire
John A. Banahan, Esquire
Bryan, Nelson, Schroeder, Castigliola & Banahan, PLLC
P. O. Drawer 1529
Pascagoula, MS 39568

This the 15th day of October, 2009.

            *s/Judy M. Guice*
            JUDY M. GUICE (MSB #5057)