IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REGINALD EDWIN BOSSIER**                                              **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO.: 1:08-CV-00408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                  **DEFENDANT**

**ORDER GRANTING IN PART, DENYING IN PART**
**[133] MOTION FOR SANCTIONS**

      Before the Court is [133] Plaintiff's motion for sanctions for Defendant's failure to comply with [124] court order of September 3, 2009, which was an agreed order prepared by counsel for the parties and submitted to the Court following a telephonic hearing on discovery matters held that same date.  The order required production, "within 14 days from September 3, 2009," of claims files from a specified area depicted on a map, also prepared and submitted by counsel as an exhibit to the agreed order entered by the Court.  Plaintiff complains Defendant neither produced the documents nor communicated with his counsel regarding the files ordered produced by September 17, 2009.  In response to a September 18, 2009 inquiry from the office of Plaintiff's counsel, Defendant's counsel advised that the documents would be sent on Monday or Tuesday.  Also on September 18, 2009, Plaintiff's counsel advised that she had shortened her Europe trip by two days, with penalty, to return to review the documents in preparation for the November 2, 2009 trial, and asked that the documents be delivered to her by Tuesday, September 22, 2009.  The documents did not arrive by that date, and Plaintiff filed the instant motion for sanctions the next day, requesting that the Court enter default judgment, cite Defendant for contempt, award Plaintiff attorney's fees and expenses, and require Defendant to pay Plaintiff's counsel's travel expenses and penalties unnecessarily incurred.

Defendant does not deny it was late in producing claim files as required by the agreed order, but points out that it timely complied with that part of the order requiring production of un-redacted copies of previously produced files. Defendant states that the delay in producing the remainder of the claim files was due to the fact that the person responsible "for gathering and scanning the files in the Southern Zone for State Farm had been out of the office..." Defendant further points out that a disk had been made of 150 State Farm claim files on September 21, 2009, but the disk did not reach Defendant's counsel until September 24, 2009, at which time it was immediately hand delivered to Plaintiff's counsel. A second disk containing twelve additional files was provided on September 29, 2009. Accordingly, Defendant urges that sanctions are not warranted, particularly the ultimate sanction of default judgment. Defendant further argues it should not be responsible for costs associated with Plaintiff's counsel's vacation travels, since the trial date was set in 2008, and was well known to counsel before she planned her trip to Europe.

The Court having considered the motion pleadings, argument of the parties and authorities cited, finds that the circumstances of this case do not make default judgment or a contempt citation appropriate. However, Defendant admittedly failed to produce the documents by the time agreed to by the parties, or to notify Plaintiff's counsel that the production would be delayed, which led to the filing of the instant motion. The Court therefore orders Defendant to pay Plaintiff's attorney sanctions in the amount of $500.00 for the filing of this motion, said sanctions to be paid within 12 days of the date of this order. The Court will not require Defendant to pay any costs associated with Plaintiff's counsel's vacation.

SO ORDERED, this the 20th day of October, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE