UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REGINALD EDWIN BOSSIER                                                                    PLAINTIFF

V.                                                                   CIVIL ACTION NO. 1:08cv408-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                   DEFENDANT

### ORDER

Plaintiff's [155] Motion *in Limine* addresses three subjects: the admissibility of evidence surrounding Plaintiff's receipt of a Mississippi Development Authority (MDA) grant and a loan from the Small Business Administration (SBA) arising from the Hurricane Katrina loss which is the subject of this cause of action; the interjection of personal comments by counsel for the Defendant during *voir dire*; and a letter from one of Defendant's employees unconditionally tendering a check to Plaintiff for the payment of dwelling extension coverage under the insurance policy at issue here.  The Court advised counsel of its position on these issues at the Pretrial Conference held on October 14-15, 2009.  This order memorializes those rulings.

This Court has held consistently that the details of an MDA grant application and the amount of the MDA grant (Defendant's [158] Response to the [155] Motion indicates that it "does not intend to present evidence of Plaintiff's application for and receipt of that [SBA] loan") are not admissible because Defendant's obligations under its insurance policy with Plaintiff are not offset or reduced by the amount of the grant or the loan, and the receipt of same does not reduce the Plaintiff's total loss in the same way as a flood insurance recovery (of course, in this case, Plaintiff did not have flood insurance).  The award and receipt of a grant/loan is between Plaintiff and MDA/SBA.  As stated in *Dickinson v. Nationwide Mutual Fire Insurance Co.*, No. 1:06cv198 (docket entry 225), "except for the fact that Plaintiff[], as part of the grant process, admitted that [his] dwelling sustained flood damage, any other element of the MDA grant process is not admissible as evidence.  The probative value of such evidence is substantially outweighed by confusion of the issues or misleading the jury.  Fed. R. Evid. 403."

As for statements of a personal nature during *voir dire* (or, for that matter, any time during the trial), counsel for Plaintiff and Defendant shall be required to keep any personal remarks within narrow and reasonable bounds, but each will be granted some leeway to put the jury at ease during *voir dire*.  During the opening statement, these types of remarks shall be very limited so that the emphasis is on the evidence and the facts the parties believe the evidence will establish.

Finally, the request for exclusion of the tender letter is based on hearsay.  Indeed, this letter is replete with statements that do not even purport to be within the first hand knowledge of the Defendant's employee who signed it.  The letter will be excluded unless the signer takes the

stand to sponsor the letter and be cross examined about it.  The Court notes that this employee is not listed as a witness by either party in the [171] Pretrial Order.

Accordingly, **IT IS ORDERED:**

Plaintiff's [155] Motion *in Limine* is **GRANTED IN PART** and **DENIED IN PART**, consistent with the above comments.

**SO ORDERED** this the 23rd day of October, 2009.

                s/ L. T. Senter, Jr.
                L. T. SENTER, JR.
                SENIOR JUDGE