IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD EDWIN BOSSIER,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>                Defendant. | No.: 1:08-CV-00408-LTS-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S
BENCH MEMORANDUM RE: PLAINTIFF'S REQUEST TO EXCLUDE THE
EXPERT TESTIMONY OF DRS. MASTERS AND WEISBERG**

State Farm Fire and Casualty Company ("State Farm") respectfully submits this bench memorandum concerning Plaintiff's challenge to the admissibility of the testimony of State Farm's expert witnesses, Forrest Masters, Ph.D. and Robert H. Weisberg, Ph.D., which Plaintiff's counsel raised near the end of the trial proceedings on November 5, 2009.

### I.   PLAINTIFF'S *DAUBERT* CHALLENGE IS UNTIMELY AND WAIVED

Plaintiff's counsel asserts that Drs. Masters and Weisberg are "not qualified" to testify because they have not complied with Rule 4.05 of the Rules and Regulations of Procedure promulgated by the Mississippi Board of Licensure for Professional Engineers and Surveyors. *See, e.g.*, 11/05/2009, Trial Tr. at 134:15-135:21. Plaintiff's motion, which challenges the qualifications of State Farm's experts "to give opinion testimony," *id.* at 135:18-21, is clearly untimely under the Court's required schedule for the making of *Daubert* motions. In this case, State Farm timely produced the expert reports of Drs. Masters and Weisberg to Plaintiff's counsel. On December 4, 2008, this Court ordered in its Case Management Order that "Daubert motions[] shall be filed by 6/15/09." [18] (emphasis in original). Thus, Plaintiff had ample opportunity in which to file timely *Daubert* motions with respect to Drs. Masters and Weisberg. However, Plaintiff failed to do so.

It is settled that "[p]arties have an obligation to object to an expert's testimony in a timely fashion, so that the expert's prepared testimony can be evaluated with care." *Feliciano-Hill v. Principi*, 439 F.3d 18, 24 (1st Cir. 2006) (citing cases). In *Feliciano-Hill*, the First Circuit held that the district court properly rejected as untimely the plaintiff's challenge to the testimony of the defendant's expert. Like Plaintiff here, the plaintiff in *Feliciano-Hill* had failed to make a *Daubert* motion in a timely fashion before trial but rather waited until trial to challenge the defendant's expert. The First Circuit concluded that the plaintiff "did not make a timely motion here" and "the district court was on firm ground in refusing her motion as untimely." *Id.*; *see also Frazier v. Honeywell Int'l Inc.*, 518 F. Supp. 2d 831, 839 (E.D. Tex. 2007) (party that did not file timely *Daubert* motion waived its right to object

later to expert's testimony); *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 2006 U.S. Dist. LEXIS 22329, at *6 (M.D. Fla. Apr. 24, 2006) (denying challenge to expert testimony as untimely *Daubert* motion); *Vienne v. Am. Honda Motor Co.*, 2001 U.S. Dist. LEXIS 1301, at *5 (E.D. La. Jan. 26, 2001) (denying as untimely plaintiff's motion to exclude expert's testimony where plaintiff failed to file *Daubert* motion before pre-trial motion deadline); *Webster v. Fulton County*, 85 F. Supp. 2d 1375, 1377 (N.D. Ala. 2000) (denying *Daubert* motion as untimely when it was not filed until eve of trial). Consistent with the foregoing authorities, Plaintiff's current request to exclude Drs. Masters and Weisberg is untimely and waived.

## II. UNDER FIFTH CIRCUIT PRECEDENT, RULE 4.05 SHOULD NOT APPLY TO THIS COURT'S DETERMINATION OF THE ADMISSIBILITY OF EXPERT TESTIMONY UNDER FED. R. EVID. 702

Plaintiff's reliance on Rule 4.05, a Mississippi regulatory rule, to support his *Daubert* challenge is misplaced. The Federal Rules of Evidence do not require a license for expert testimony to be admissible. *See* Fed. R. Evid. 702. Indeed, it is well-settled in the Fifth Circuit and other courts that state regulatory restrictions on expert testimony by professionals do not apply to the federal courts. As the Fifth Circuit has held, "questions concerning the admissibility of evidence in federal court are governed by the Federal Rules of Evidence," and federal courts "need not concern [them]selves" with state regulatory restrictions on the proffered testimony of professionals because such state restrictions do "not apply in federal court." *Dawsey v. Olin Corp.*, 782 F.2d 1254, 1262 (5th Cir. 1986).

Under *Dawsey*, Rule 4.05 does not bar Drs. Masters and Weisberg from providing expert testimony in the trial of this case. In *Dawsey*, the Fifth Circuit considered the effect of a state statute that prohibited unlicensed physicians from testifying as experts in any court. *Id.* (quoting LA. REV. STAT. ANN. § 37:1284 (1985)). The plaintiffs in *Dawsey* argued that, under that state statute, the district court erred in permitting an unlicensed physician to provide expert testimony on the effects of a drug on people. *Id.* The Fifth Circuit rejected the plaintiffs' argument, holding that the Federal Rules of

2

Evidence – not the state statute – control the admissibility of expert testimony in federal courts. *Id.* at 1262-63; *see id.* at 1262 (citing Fed. R. Evid. 1101(a) (Federal Rules of Evidence "apply to the United States district courts.")). *Dawsey* applies with equal force in this case, and Plaintiff's misplaced reliance upon Rule 4.05 does not preclude Drs. Masters and Weisberg from providing expert testimony at trial.

Furthermore, as stated in a leading treatise on evidence, "[a] proffered expert may be qualified even if he is unlicensed in his field of expertise, is not a member of a learned profession, has never published or lectured in his field, or is not an 'outstanding practitioner' in his field." DAVID H. KAYE ET AL., THE NEW WIGMORE—A TREATISE ON EVIDENCE (EXPERT EVIDENCE) § 2.1.1 (2004) (citing cases; footnotes omitted); c*f. Dickerson v. Cushman, Inc.*, 909 F. Supp. 1467, 1472 (M.D. Ala. 1995) ("[T]he fact that an expert does not have a degree or license in his or her professed specialty goes to the weight of his or her testimony rather than its admissibility"). Accordingly, Plaintiff's challenge to the qualifications of Drs. Masters and Weisberg based upon Rule 4.05 should be rejected.[1]

### III.   IN ANY CASE, RULE 4.05 DOES NOT APPLY TO DRS. MASTERS OR WEISBERG

Rule 4.05 does not apply to either Drs. Masters or Weisberg. Rather, that rule requires out-of-state licensed practicing engineers, who testify as such, to obtain a limited licensure. As part of the application, the applicant must show that he or she "is licensed to practice engineering in another jurisdiction" and must identify the firms and practice groups with which he or she is associated in the practice of engineering. *See* Rule 4.05(1)(b), (c). Plaintiff incorrectly interprets Rule 4.05 to mean that no one from another state is allowed to offer testimony on engineering matters unless they obtain a limited licensure, an interpretation that would effectively mean that only licensed engineers can testify

---

[1] Plaintiff cites to one case to attempt to support his contention, *Board of Water & Sewer v. Hunter*, 956 So. 2d 403 (Ala. 2006). 11/05/2009 Trial Tr. at 141:1-2. In *Hunter*, the Alabama Supreme Court overruled the trial court's determination that a state licensing statute for engineers was unconstitutional. 956 So. 2d at 407. That court did not reach the issue of whether the Alabama statute, as applied, would bar the testimony of an engineering expert, much less an expert in federal court. *See id.* at 408, 426 (disposing of constitutional challenges and remanding for further proceedings). Unlike the state court in *Hunter*, this federal Court, consistent with *Dawsey*, should apply the Federal Rules of Evidence to ascertain the qualifications of an expert witness, not Mississippi law. *See, e.g.*, *Dawsey*, 782 F.2d at 1262; Fed. R. Evid. 1011(a).

3

as to engineering matters.  Rule 4.05 itself counsels against any such interpretation, stating: "Nothing contained in this rule or in the Board's administration thereof may unreasonably burden any state or federal court or any administrative agency in the administration of rules governing the permissibility of, and admissibility of, testimony by expert witnesses in the form of an opinion or otherwise."  *See* Rule 4.05(3).  An interpretation of Rule 4.05 which would bar the giving of testimony by Professors of Engineering, who are nationally recognized as experts in their fields, but who are not licensed practicing engineers and therefore arguably ineligible for a Mississippi limited licensure, would surely "unreasonably burden" the courts.  Indeed, the Mississippi Board of Engineers has no authority to restrict the discretion of the federal courts in determining who is qualified to testify as an expert.  Application of the rule in these circumstances would also impermissibly burden the constitutional, due process, and other rights of litigants, including State Farm, to defend and/or present their cases.[2]

---

[2] In any case, Rule 4.05 gives expert witnesses up to thirty days *after* giving testimony to apply for a limited licensure.  *See* Rule 4.05(e).  Accordingly, under the terms of Rule 4.05, the fact that Drs. Masters and Weisberg have not yet applied for and received limited licensures is not grounds for excluding their testimony.  Presumably, if Rule 4.05 were held applicable to them and they were to apply, the Mississippi Board could exercise its discretion to accept their national qualifications and professorial experience in lieu of an actual license from another state.  *See, e.g.*, Miss. Code Ann. §§ 73-13-23(10)(b) (engineering teaching may be construed as engineering experience).  Furthermore, Dr. Weisberg as a professor of physical oceanography should not be deemed subject to Rule 4.05 at all.

IV.     **DRS. MASTERS AND WEISBERG ARE QUALIFIED TO TESTIFY AS EXPERTS AT TRIAL**

Drs. Forest Masters, Ph.D. and Dr. Robert H. Weisberg, Ph.D. are plainly qualified, under Federal Rule of Evidence 702, to offer expert testimony at trial. Dr. Masters is an Assistant Professor of Civil and Coastal Engineering at the University of Florida. Ex. D-52 (Masters Report and *Curriculum Vitae*) at 26. He holds a doctorate degree, masters degree, and bachelors degree in engineering fields. *Id.* at 27. Dr. Masters has amassed years of experience in engineering departments at the Florida International University and the University of Florida in areas such as wind engineering research, hurricane research, hurricane wind loads on residential structures, hurricane data acquisition, weather simulation, and numerous other areas. *Id.* at 26. Over his career, Dr. Masters has refereed many journal articles and delivered numerous conference presentations. *Id.* at 27-31. Dr. Masters serves on the American Society of Technical Engineers (ASCE) Technical Counsel on Wind Engineering as well as the subcommittees on wind-driven rain effects and the structural wind engineering committee. *Id.* at 35.

Dr. Weisberg is a Distinguished Professor of Physical Oceanography in the College of Marine Science at the University of South Florida, where he concentrates his research on "ocean circulation and ocean-atmosphere interaction." D-54 (Weisberg Report and *Curriculum Vitae*) at 44. He holds a doctorate and masters degree in physical oceanography and a bachelor's degree in material science and engineering. *Id.* Dr. Masters has over thirty years of university teaching experience and is director of the University of South Florida Ocean Circulation Group and co-director of the University of South Florida Coastal Ocean Modeling Prediction System. *Id.* Dr. Weisberg holds expertise in, among other areas, real time surface meteorology, ocean currents, and waves. *Id.* at 45.

Accordingly, Drs. Masters and Weisberg are well-qualified under Federal Rule of Evidence 702 to offer expert opinion at the trial of this case. Moreover, to grant Plaintiff's requested relief would subject State Farm to substantial and unfair prejudice in its defense of this case. It is especially prejudicial to State Farm because it made timely *Daubert* motions, the Court denied them, and State

5

Farm has prepared for trial based upon those rulings. Plaintiff, however, made no such motions and has only now raised objections to the qualifications of State Farm's experts. As discussed above, Plaintiff had every opportunity to raise such challenges in a timely manner and did not do so. To grant Plaintiff's relief now, midway through trial, and exclude State Farm's experts notwithstanding their eminent qualifications, would deprive State Farm of its fundamental due process and other constitutional rights to have a meaningful opportunity to present its defenses at trial.

V. **CONCLUSION**

For all the foregoing reasons, State Farm respectfully submits that Plaintiff's current request to exclude Drs. Masters and Weisberg should be denied.

> Respectfully submitted,
>
> BRYAN, NELSON, SCHROEDER,
> CASTIGLIOLA & BANAHAN, PLLC
> Attorneys for Defendant,
> State Farm Fire and Casualty Company
>
>
> BY: s/H. Benjamin Mullen
>     H. BENJAMIN MULLEN

**CERTIFICATE OF SERVICE**

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have this date electronically filed the foregoing Reply to the Plaintiff's Response in Opposition to the Motion to Amend Pre Trial Order with the Clerk of Court using the ECF system which sent notification of such filing to the following to:

| | |
|---|---|
| Judy M. Guice, Esq. | Stanton J. Fountain, Jr. |
| JUDY M. GUICE, P.A. | P. O. Box 817 |
| Post Office Box 1919 | Biloxi, MS 39533 |
| Biloxi, MS 39533-1919 | |

DATED, this the 6th day of November, 2009.

/s/ H. Benjamin Mullen
**H. BENJAMIN MULLEN**

**H. BENJAMIN MULLEN (9077)**
**JOHN A. BANAHAN (1731)**

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
Attorneys at Law
Post Office Drawer 1529
1103 Jackson Avenue
Pascagoula, MS 39568-1529
Tel.:  (228)762-6631
Fax:  (228)769-6392
Email:  ben@bnscb.com
          John@bnscb.com