**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

REGINALD EDWIN BOSSIER,

        Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant.

No.: 1:08-CV-00408-LTS-RHW

**STATE FARM FIRE AND CASUALTY COMPANY'S SUPPLEMENTAL
BENCH MEMORANDUM RE: PLAINTIFF'S REQUEST TO EXCLUDE THE
<u>EXPERT TESTIMONY OF DRS. MASTERS AND WEISBERG</u>**

State Farm Fire and Casualty Company ("State Farm") respectfully submits this supplemental bench memorandum concerning Plaintiff's challenge to the admissibility of the testimony of State Farm's expert witnesses, Forrest Masters, Ph.D. and Robert H. Weisberg, Ph.D.

In his Reply [186] to Defendant's Bench Memorandum, Plaintiff erroneously invokes Fed. R. Evid. 601 as requiring exclusion of Defendant's experts as not "competent" to testify under state law. Plaintiff's reliance of Rule 601 fails for two reasons: first, it is contrary to the Fifth Circuit's decision in *Dawsey v. Olin Corp.*, 782 F.2d 1254 (5th Cir. 1986); second, Defendant's experts are competent to testify as a matter of Mississippi law.

According to the Fifth Circuit in *Dawsey*, Fed. R. Evid. 702 "provides the standard for the admission of expert testimony." 782 F.2d at 1262. In *Dawsey*, the Fifth Circuit ruled that state law requiring a medical expert to be a licensed physician was inapplicable. *Id.* at 1262-63. *Dawsey* is directly on point here and is binding precedent on this Court.

To the extent that *Ralph v. Nagy*, 749 F. Supp. 169 (M.D. Tenn. 1990), the only case cited by Plaintiff in his Reply, says otherwise, it is not good law in the Fifth Circuit. Moreover, the statute at issue in *Ralph* stated specifically that an unlicensed physician was not "competent to testify." *Id.* at 171. Mississippi Rule 4.05, in contrast, does not state that unlicensed engineers are not competent to testify.

Fed. R. Evid. 601 is a general rule with regard to competency. Competency generally addresses such matters as age, mental competency, particular religious beliefs or lack thereof, infamy, and a witness's refusal to declare he or she will testify truthfully. *See* 1 *McCormick on Evidence* ¶ 62 (6th ed. 2006). Rule 601 does not place extra requirements on experts, override the specific rules applicable to experts, or restrict the discretionary gate-keeping function of the federal district courts on experts.

Moreover, to the extent Fed. R. Evid. 601 looks to state law to determine competency, State Farm's experts are competent to testify as a matter of Mississippi law. Indeed, Mississippi Rule of Evidence 601 provides that, with certain exceptions not relevant here, "*[e]very person* is competent to be a witness." Miss. R. Evid. 601 (emphasis added); *see also id.* at (a) (setting forth rules governing

competency of spouses to testify against each other); *id.* at (b) (court appointed appraisers not competent to testify in eminent domain proceedings). The Mississippi Supreme Court has declared that it is the province of that Court to promulgate rules governing the competency of witnesses to testify and that it may adopt or abrogate Mississippi statutory provisions that intrude on that sphere of its authority. *See Hudspeth v. State Highway Comm'n of Mississippi*, 534 So. 2d 210, 213 (Miss. 1988). Thus, Mississippi Rule 601's broad provision that "every person" is competent to testify is controlling Mississippi law for purposes of Fed. R. Evid. 601.

In any case, neither Mississippi Code Title 73 (governing, *inter alia*, the practice of engineering) nor Rule 4.05 (which is promulgated pursuant to Title 73) provides that engineering experts without a limited licensure are not competent to testify. When the Mississippi Legislature has enacted statutes governing the competency of witnesses, it has done so expressly, using the terms "competent witness" or "competent to testify." *See, e.g.*, Miss. Code Ann. § 73-54-39 (a marriage therapist who counseled both parties to a marriage "shall not be competent to testify in an alimony, custody or divorce action . . . "); §13-1-11 (a person convicted of perjury or subornation of perjury "shall not afterwards be a competent witness in any case . . . " (abrogated by *Fuselier v. State*, 702 So. 2d 388, 393 (Miss. 1997)); § 13-1-5 (a spouse is a "competent witness" against his or her spouse in certain circumstances); § 97-37-23(2) (officers making searches "shall be competent to testify" as to facts ascertained by reasonable search or seizure). There is no authority of any kind holding that Rule 4.05 is a competency rule that would be applicable under Fed. R. Evid. 601 or that it somehow affects the standard of admissibility for expert testimony in either the federal courts or in the Mississippi courts. Indeed, in determining whether expert testimony, including engineering testimony, is admissible, Mississippi looks to its Rule 702 and applies it much as the federal courts apply Fed. R. Evid. 702. *See* Miss. R. Evid. 702, comment.

Accordingly, for all the foregoing reasons and those set forth in its initial bench memorandum [185] and by its counsel at oral argument, State Farm respectfully submits that Plaintiff's motion to

exclude Drs. Masters and Weisberg should be denied in its entirety.

Dated: November 6, 2009

Respectfully submitted,

*/s/ H. Benjamin Mullen*
H. BENJAMIN MULLEN, MSB # 9077
BRYAN, NELSON, SCHROEDER,
CASTIGIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS 39568
(228) 762-6631
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, November 6, 2009.

*/s/ H. Benjamin Mullen*
H. BENJAMIN MULLEN

H. BENJAMIN MULLEN
BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS 39568
(228) 762-6631