IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REGINALD EDWIN BOSSIER,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

No.: 1:08-CV-00408-LTS-RHW

**STATE FARM FIRE AND CASUALTY COMPANY'S BENCH MEMORANDUM IN RESPONSE TO PLAINTIFF'S ORE TENUS MOTION FOR PREJUDGMENT INTEREST**

State Farm Fire and Casualty Company ("State Farm") respectfully submits this bench memorandum, as requested by the Court, in response to Plaintiff's motion for prejudgment interest.

Plaintiff has moved for prejudgment interest on the jury's verdict of $52,300 – an amount that corresponds to the total claimed for personal property that was damaged in Plaintiff's outbuilding. Nov. 12, 2009 Hr'g Tr. at 54:1-5. Plaintiff contends that the interest should be computed from October 10, 2005, the day of State Farm's first dwelling payment and the day State Farm used to compute interest for its subsequent payments for the dwelling and dwelling extension. To compute interest for Plaintiff's personal property damages, however, the Court should use as the starting date the day that State Farm first obtained Plaintiff's personal property inventory because the inventory is essential to ascertain the dollar value of personal property in the outbuilding. That dollar value would be the principal from which any prejudgment interest would be calculated, and without a principal, no interest can accumulate. Plaintiff provided his personal property inventory to State Farm on October 27, 2008, during discovery after suit was filed. *See id.* at 10:2-13 (direct examination of Tip Pupua); Pl's Pre-Discovery Disclosures (attached hereto as Exhibit A) at 4, no. 2(l) (served to State Farm on Oct. 27, 2008). Therefore, the Court should use October 27, 2008 to compute any prejudgment interest on the total verdict of $52,300.

In this diversity case, the Fifth Circuit has held that "issues of prejudgment interest are governed by applicable state law." *Canal Ins. Co. v. First Gen. Ins. Co.*, 901 F.2d 45, 47 (5th Cir. 1990); *see also* 19 Charles A. Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice & Procedure* § 4511 n.124 (3d ed. 2009) (state law governs awards for prejudgment interest); 17A James Wm. Moore, *Moore's Federal Practice – Civil* § 124.07[3][a] (3d ed. 2009) (same). As the Fifth Circuit held in *Canal Insurance*, prejudgment interest may be warranted "in the insurer-insured context where the claim was liquidated when made." 901 F.2d at 47 (citing cases). "On the other hand, [the Mississippi Supreme Court] has reversed prejudgment interest awards where the underlying amounts were unliquidated." *Id*. For example, in *Coho Resources, Inc. v. McCarthy*, 829 So. 2d 1 (Miss. 2002) (en

banc), the Mississippi Supreme Court held that "'[n]o award of prejudgment interest may rationally be made where the principal amount has not been fixed prior to judgment.'" *Id.* at 20 (citation omitted; emphasis in original); *accord Tupelo Redevelopment Agency v. Abernathy*, 913 So. 2d 278, 286-87 (Miss. 2005) (reversing prejudgment interest award). Thus, as the Fifth Circuit ruled, a "key consideration" for prejudgment interest is that the principal "funds due . . . are established or ascertainable in amount." *Canal Ins.*, 901 F.2d at 47.

The Mississippi Supreme Court has also outright denied prejudgment interest where the dollar amount of liability for a breach of contract is not stated in the contract itself. For instance, in *Theobald v. Nosser*, 784 So. 2d 142 (Miss. 2001), the Court denied prejudgment interest entirely because the amount of the judgment for the breach of contract was not clear at the time the claim was made. *Id.* at 145. The Court held that the "generally accepted definition of liquidated damages [is] damages for breach of contract set by the terms of the contract itself." *Id.* (citing *Black's Law Dictionary* 941 (7th ed. 1999)). Otherwise, damages are unliquidated, and prejudgment interest is not due. *Id.*

Under Mississippi law, unliquidated damages are "'damages that have been established by a verdict or award but cannot be determined by a fixed formula, so they are left to the discretion of the judge or jury.'" *Benchmark Health Care Ctr., Inc. v. Cain*, 912 So. 2d 175, 183-84 (Miss. Ct. App. 2005) (alteration omitted; citation omitted); *accord Sports Page Inc. v. Punzo*, 900 So. 2d 1193, 1207 (Miss. Ct. App. 2004) (reversing award of prejudgment interest; "[w]e find that this claim was not 'liquidated' as the courts have defined that term, because it was in dispute and uncertain prior to the judgment . . . .") (applying *Moeller v. Am. Guar. & Liab. Ins. Co.*, 812 So. 2d 953, 958 (Miss. 2002)); *see Grace v. Lititz Mut. Ins. Co.*, 257 So. 2d 217, 225 (Miss. 1972) (in Hurricane Camille case, denying prejudgment interest because the dispute over the amount owed was not in bad faith).

As applied to this case, no prejudgment interest should be awarded until the principal (*i.e.*, the dollar value of personal property in the outbuilding) could have been ascertained by State Farm. The

earliest this could have occurred is when Plaintiff first provided his personal property inventory to State Farm during discovery in this case on October 27, 2008. Without that inventory, the total dollar amount at issue for Plaintiff's personal property in the outbuilding would have been wholly speculative and could not have been "established or ascertainable," as is required. *See Canal Ins.*, 901 F.2d at 47 (holding that the principal must be established or ascertainable to form a basis for prejudgment interest and unliquidated amounts are not eligible for prejudgment interest). Accordingly, State Farm submits that the Court should compute any prejudgment interest upon the judgment starting from October 27, 2008.

Dated: November 16, 2009

Respectfully submitted,

*/s/ H. Benjamin Mullen*
H. BENJAMIN MULLEN, MSB # 9077
BRYAN, NELSON, SCHROEDER,
CASTIGIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS  39568
(228) 762-6631
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have this day mailed by United States Mail, postage prepaid, a true and correct copy of the above and foregoing pleading to:

| | |
|---|---|
| Judy M. Guice, Esq. | Stanton Fountain, Jr., Esq. |
| JUDY M. GUICE, P.A. | Post Office Box 817 |
| Post Office Box 1919 | Biloxi, MS 39533 |
| Biloxi, MS 39533-1919 | |

DATED, this the 16th day of November, 2009.

/s/ H. Benjamin Mullen
**H. BENJAMIN MULLEN**

**H. BENJAMIN MULLEN (9077)**
**JOHN A. BANAHAN (1731)**

BRYAN, NELSON, SCHROEDER, CASTIGLIOLA & BANAHAN, PLLC
Attorneys at Law
Post Office Drawer 1529
1103 Jackson Avenue
Pascagoula, MS 39568-1529
Tel.: (228)762-6631
Fax: (228)769-6392
Email: ben@bnscb.com
John@bnscb.com

4