**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**REGINALD EDWIN BOSSIER**                                              **PLAINTIFF**

**VERSUS**                                      **CAUSE NO. 1:08-cv-408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                    **DEFENDANT**

**MEMORANDUM IN SUPPORT OF MOTION FOR
JUDGMENT AS A MATTER OF LAW OR IN
THE ALTERNATIVE FOR A NEW TRIAL**

COMES NOW the Plaintiff, by and through undersigned counsel, and files

this his Memorandum in Support of Motion for Judgment as a Matter of Law or

in the Alternative for a New Trial and would show unto this Honorable Court the

following:

Plaintiff moves for a judgment as a matter of law under Rule 50(b), Fed. R.

Civ. P.  In the alternative, Plaintiff requests a new trial under Rule 59.

**I.      JMOL**

A judgment as a matter of law is appropriate in this case because a

reasonable jury would not have a legally sufficient evidentiary basis to find against

the Plaintiff and in favor of Defendant on Plaintiff's contractual damages claims.

Accordingly, the Court should issue judgment as a matter of law, finding Plaintiff

to be entitled to policy limits for all amounts unpaid on the dwelling in the amount

of $325,337.87.  Moreover, the Court should find as a matter of law Plaintiff to be

entitled to the remaining policy limits for Plaintiff's personal property, in the

amount of $203,607.00, and undisputed damages of $48,000.00 for additional

living expenses. Those judgments should bear prejudgment interest at the rate of 8% per annum from October 10, 2005, until paid.

The law is clear that when considering a Rule 50 motion, "the Court must review all of the evidence from the record, draw all reasonable inferences in favor of the non-moving party, and may not make credibility determinations or weigh the evidence." *Poliner v. Texas Health Systems*, 537 F.3d 368, 376 (5th Cir. 2008). While this standard is a heavy one, in the case *sub judice* the evidence presented at trial compelled a finding in favor of the Plaintiff. The jury's contrary verdict should not be allowed to stand.

Defendant bore the burden of proving that all of Plaintiff's dwelling loss beyond that which had previously been paid resulted from storm surge flooding. It failed to carry this burden. Indeed, Defendant failed to offer a qualified expert witness on the issue of causation. Under Mississippi law, only a licensed professional engineer can give opinions concerning causation, yet Defendant failed to present any. *See,* Miss. Code Ann. § 73-13-1, *et .seq.*

The evidence was uncontradicted that high winds totally destroyed Plaintiff's 1,000 square foot dwelling extension prior to the arrival of storm surge flooding on the property. This dwelling extension was located in close proximity to Plaintiff's dwelling. The side of Plaintiff's dwelling closest to the dwelling extension was completely missing. Professional engineer Ted Biddy testified that he personally observed that the east wall closest to the dwelling extension was blown in by winds.

2

Moreover, Defendant admitted that Plaintiff's entire roof and parts of the exterior required replacement. Yet Defendant paid nothing for interior damage that would have occurred and offered no proof that the sole cause of such damage was excluded from storm surge.

Defendant offered only photographs and unsubstantiated adjuster conclusions concerning the cause of loss. The photographs, however, demonstrated substantial upper level damage to the home, including soffit and fascia damage and roof damage that was well above the waterline. State Farm representative Tip Pupua admitted that even afer adjusting the loss amount for paying only for a 25 year roof, State Farm erred again and paid only for a 30 year roof. Pupua admitted State Farm owed Plaintiff additional monies for a 40 year roof yet the jury ignored this uncontradicted testimony.

Proof also established that Plaintiff's south side of the dwelling was completely encased in windows. The entire wall of windows was missing following the storm. Defense witnesses readily conceded that they did not and could not determine that none of the windows had been broken by wind.

This Honorable Court denied Plaintiff's Motion for Judgment as a Matter of Law after Defendant's presentation of the evidence, but noted during the jury instruction conference that the motion probably should have been granted. While the Court permitted the case to go to the jury, it may, and should now, order judgment as a matter of law.

The Fifth Circuit Court of Appeals decision in *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618 (5th Cir. 2008),  supports grant of the Rule 50 motion in this case.  Specifically, the Fifth Circuit's reversal of this Honorable Court's JMOL in *Broussard* was based solely on the testimony of State Farm's expert witnesses who "testified that the damage to the actual structure of the Broussards' home came from the storm surge." *Id.* at 625.  No such evidence was presented here.  JMOL is appropriate in this case.

## II.    NEW TRIAL

In the alternative, the Court should grant a new trial as to all issues under Rule 59.  Again, the standard is a familiar one.  Specifically, a new trial may be granted when the verdict is "against the great [weight], not merely the preponderance, of the evidence." *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir. 1989).  Of course, "the evidence must be viewed in a light most favorable to the jury's verdict, and the verdict must be affirmed unless the evidence points 'so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary [conclusion].'" *Id.* at 987 (quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc)).

Here, the evidence was overwhelmingly in favor of Plaintiff.  Plaintiff presented eyewitness testimony of Joseph Ziz who observed the substantial dwelling extension being destroyed by wind prior to the arrival of storm surge flooding.  Moreover, Plaintiff presented multiple claims file information of neighboring properties where engineers hired by State Farm found evidence of

heavy wind damage in the area.  Plaintiff also presented the only professional engineer to testify at trial.  This uncontradicted testimony was that the damage to Plaintiff's home resulted from the winds of Hurricane Katrina.

In contrast, Defendant presented only photographs and conclusory lay opinion testimony from poorly trained and unqualified adjusters.  The only expert witness presented by Defendant confirmed that the winds of Hurricane Katrina would have impacted Plaintiff's property prior to excluded flood waters.

State Farm wholly and utterly failed to meet its burden of proving that all or any of the unpaid damage to Plaintiff's home was caused by storm surge.  Stated differently, Defendant failed to prove that none of the damage to Plaintiff's home was caused by wind prior to the arrival of storm surge flooding.  The evidence was so strongly and overwhelmingly in favor of Plaintiff that a new trial should and must be granted.

In addition, there exists in this case evidence of confusion on the part of the jury.  During the jury's deliberation on the punitive damages claim, a note was sent to the Court asking why Plaintiff did not have flood insurance.  This was obviously an issue that was on the jury's mind, although it had no relevance as to any issue in this case, whether punitive or compensatory damages.  Further confusion of the jury was evident when the jury was polled and juror number 1 vacillated as to whether the verdict read was in fact her verdict.

Plaintiff also submits that a new trial is required because of the erroneous form of the jury verdict during the compensatory damages phase of the trial.

While the Court's instructions to the jury properly placed the burden of proving an exclusion to coverage on State Farm and advised the jury that Plaintiff had met his burden of proving that the dwelling damage was caused by an accidental direct physical loss and the personal property by windstorm, the jury verdict form was in conflict with said instructions and required the jury to find that the cause of loss was covered. In this regard, the jury verdict provided as follows:

> We the jury find that $_____ ($0 to $325,337.87) of the damage to the Plaintiff's dwelling was caused by wind and not by storm surge flooding, and we award this amount as compensation for damage to the Plaintiff's dwelling under the Plaintiff's State Farm insurance policy.

> We the jury find that $_____ ($0 to $255,907.00) of the damage to the contents located on the Plaintiff's property was caused by windstorm and not storm surge flooding, and we award this amount as compensation for damages to the contents on the Plaintiff's property under the Plaintiff's State Farm insurance policy.

> We the jury find that $_____ is the amount of compensation due to the Plaintiff for additional living expenses/loss of use under his State Farm insurance policy. This amount represents the actual loss suffered by Plaintiff for additional living expenses incurred and the loss of use of his dwelling as a result of damage caused by wind.

The verdict form relating to the dwelling required the jury to find the damage was caused by wind, in effect negating the Court's previous instructions that Plaintiff had met his burden of proof. Similarly, as to contents, while the Court had previously advised the jury that the contents were covered as caused by windstorm, the jury verdict form required the jury to find the loss was caused by windstorm. Thus, the jury verdict form, in conjunction with the instructions, produced a hopeless conflict concerning the burden of proof.

6

In fact, the jury did not have to find that Plaintiff's dwelling was destroyed by wind. Plaintiff had already met his burden of proving coverage. Under Mississippi law, State Farm was obligated to pay the entirety of the dwelling loss unless it could prove the loss was caused by storm surge flooding. The jury verdict form improperly placed the burden of proof on Plaintiff.

Similarly, as to contents, Plaintiff met his burden of proving that the contents were destroyed by windstorm. The Court's jury verdict form improperly required the jury to find that the contents loss was caused by windstorm and not storm surge flooding. This, again, improperly placed the burden of proof on Plaintiff.

For all these reasons, a new trial is required on all issues in this case - - compensatory and punitive.

### III.    CONCLUSION

The jury's verdict in favor of Defendant on all issues other than the contents contained in the dwelling extension was contrary to the overwhelming weight of the evidence. Plaintiff is entitled to judgment as a matter of law on all issues relating to compensatory damages. Specifically, Plaintiff is entitled to judgment in the amount of $325,337.87, constituting the remaining policy limits available concerning Plaintiff's dwelling loss; $203,607.00, constituting the remaining policy limits available on Plaintiff's contents claim; and $48,000.00 for additional living expenses.

Alternatively, Plaintiff is entitled to a new trial on all issues in this case, compensatory and punitive. Even viewing the evidence in the light most favorable to Defendant, insufficient evidence exists to support the jury's verdict. There are sufficient facts and evidence existing to suggest confusion on the part of the jury resulting in the unsupported verdict. A new trial on all issues is required.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court enter judgment as a matter of law in favor of Plaintiff or in the alternative orders a new trial. Plaintiff requests such other and further relief as may be deemed appropriate.

THIS the 20th day of November, 2009.

Respectfully submitted,

REGINALD EDWIN BOSSIER

BY: *Is Judy M. Guice*
JUDY M. GUICE (#5057)

Judy M. Guice (MSB #5057)
JUDY M. GUICE, P.A.
P. O. Box 1919
Biloxi, MS 39533-1919
Telephone: (228) 374-9787
Facsimile: (228) 374-9436

**CERTIFICATE OF SERVICE**

I, Judy M. Guice, counsel for Plaintiff, do hereby certify that I have this day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to the following:

H. Benjamin Mullen, Esquire
John A. Banahan, Esquire
Bryan, Nelson, Schroeder, Castigliola & Banahan, PLLC
P. O. Drawer 1529
Pascagoula, MS 39568

This the 20th day of November, 2009.


        _s/Judy M. Guice_
        JUDY M. GUICE (MSB #5057)