UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REGINALD EDWIN BOSSIER**                                                          **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO.1:08CV408 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## ON PLAINTIFF'S OBJECTION TO EXPERT TESTIMONY

The Court has before it the plaintiff's *ore tenus* motion to exclude the testimony of Forrest James Masters (Masters), one of State Farm Fire and Casualty Company's (State Farm) expert witnesses. State Farm has retained Masters to testify as an expert in the field of engineering. Masters is extensively educated, holding a Ph.D. in civil engineering. He meets the requirements of Rule 702 of the Federal Rules of Evidence in that he is qualified by knowledge, skill, experience, training, or education to testify in the form of an opinion on engineering issues. Plaintiff's objection to the admissibility of Masters's testimony is not in the nature of a *Daubert* challenge nor is it based upon any alleged inadequacy in Masters's engineering education, training, or expertise. If the plaintiff's objection were based on the holding in *Daubert*, or on Masters's qualifications as an expert under Rule 702, I would overrule the objection and allow Masters to testify.

The plaintiff's challenge is not, however, grounded in *Daubert* or in the question of Masters's education, training, or expertise. Plaintiff challenges Masters's competency under Mississippi law, specifically §73-13-1, *et seq.* and the regulations enacted under these statutes. These state laws require that a professional engineer be certified in order to practice engineering in Mississippi, and these same statutes define the practice of engineering to include giving testimony as an expert in the field of engineering.

I am duty bound to follow Mississippi law in determining the competency of all witnesses in this diversity action. Federal Rules of Evidence 601 provides:

> *Rule 601. General Rule of Competency*
> *Every person is competent to be a witness except as otherwise provided in these rules. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law.*

This is a diversity action. Therefore, both Rule 601 and Rule 703 of the Federal Rules of Evidence apply to Masters's testimony, and the requirements of both rules must be met if Masters is to testify as an expert in this action. Not only must Masters be qualified as an expert under Rule 703, he must also be competent to testify as an expert in engineering under Mississippi law.

To put it in its simplest terms, the plaintiff asserts that Masters is statutorily disqualified from testifying in this case because he lacks the requisite certification as a professional engineer under Mississippi law. Plaintiff correctly points out that testifying as an expert in the field of engineering is within the definition of "practicing engineering" and therefore requires a Mississippi certificate of registration.

§73-13-3 provides:

*Definitions*
*The term "engineer" as used in Sections 73-13-1 through 73-13-45 shall mean a professional engineer as hereinafter defined.*

*The term "professional engineer" within the meaning and intent of Sections 73-13-1 through 73-13-45 shall mean a person who has met the qualifications as required under Section 73-13-23(1) and who has been issued a certificate of registration as a professional engineer.*

*The term "practice of engineering" within the meaning and intent of Sections 73-13-1 through 73-13-45 shall mean any service or creative work the adequate performance of which requires engineering education, training, and experience in the application of special knowledge of the mathematical, physical, and engineering sciences to such services or creative work as consultation, investigation, expert technical testimony evaluation, planning, design, and design coordination of engineering works and systems, planning the use of land, air and water, performing engineering surveys and studies and the review of construction for the purpose of monitoring compliance with drawings and specifications; and of which embraces such engineering services or work, either public or private in connection with any utilities, water resources, structures, buildings, machines, equipment, processes, work systems, projects, communication systems, transportation systems, industrial or consumer products or equipment or control systems . . .*

*A person or firm shall be construed to practice or offer to practice engineering within the meaning and intent of Section 73-13-1 through 73-13-45, who practices any branch of the profession of engineering; . . . or who holds himself out as able to perform and provide, or who does perform any engineering service or work or any other professional services designated by the practitioner or recognized by education authorities as engineering.*

Regulation 4.05 provides:

*Limited Licensure for Expert Technical Testimony*
1. *Subject to the provisions of item 2 below, any person not licensed to practice engineering in this state and who desires to provide expert testimony in the field of engineering in the form of an opinion or otherwise in any judicial or administrative proceeding, must apply to the Board for a limited license. Said license shall be administratively granted, provided that each such person shall:*

   a. *Provide his or her full name, residence address, office address, voice and facsimile telephone numbers and email address;*
   b. *Provide the full name, office address, voice and facsimile telephone numbers and email address for each firm, practice group of [sic] other entity with which he or she is associated in the practice of engineering;*
   C. *Provide evidence that he or she is licensed to practice engineering in another jurisdiction and is in good standing in that jurisdiction;*
   d. *Bind himself or herself to adhere to the principles of ethics and professional responsibility general [sic] applicable to persons licensed to practice engineering in Mississippi;*
   e, *Give notice to the board of the fact of his or her appearance as aforesaid, in substantial compliance with a form to be made available by the Board prior to or within thirty (30) days after providing such testimony as may be prescribed by the Board;*
   f. *Pay a fee with each such appearance in the amount of $75.00;*
   g. *Submit himself or herself to the jurisdiction of the Board of Licensure for the application, administration and enforcement of this rule.*

   \*   \*   \*
3. *Nothing contained in this rule or in the Board's administration thereof may unreasonabley burden any state or federal court or any administrative agency in the administration of rules governing the permissibility of, and admissibility of, testimony by expert witnesses in the form of an opinion or otherwise.*

Masters is not licensed or certified as an engineer in Mississippi, nor is he licensed or certified as a practicing engineer in any other state. Masters is qualified as an engineer intern in Florida, and he earns his living primarily as an engineering teacher. The question before the Court is whether his lack of certification under Mississippi law as a professional engineer disqualifies him from testifying in this action under 73-13-1 *et seq*. and Rule 601 of the Federal Rules of Evidence.

Based on my review of the statutes and regulations on which the plaintiff relies, I agree with the plaintiff's contention that giving expert testimony as an engineer is within the statutory definition of practicing engineering. Miss. Code Ann. §73-13-3. If the statute and regulations are to be honored, Masters must be disqualified as an expert in this case on the grounds that allowing his testimony in the absence of certification or a Regulation 4.05 certificate is inconsistent with Mississippi substantive law made binding on this Court in all diversity cases under Rule 601 of the Federal Rules of Evidence.

It would be my preference to allow Masters to testify were that option open under Mississippi law. The competing interest in this matter is the very important right of a party to present reliable evidence in support of its position. Defendant asserts that the statute and regulations impose an undue or unreasonable restriction on the Court's control of evidence under the Federal Rules of Evidence.

This is not the first time this issue has arisen in the context of Hurricane Katrina litigation. In *Aiken v. Rimkus,* Civil Action No. 1:06cv741 LTS-RHW *(Aiken),* I excluded the substantive testimony of an expert engineer for his failure to meet the requirements imposed by §73-13-1 *et seq*. In *Aiken*, I attempted to ameliorate the effect of the statute by permitting the engineer in question to testify to establish the standard of care in his field, finding that this did not infringe the statutory restrictions. It proved impossible, however, to completely separate testimony concerning the standard of care from the forensic question whether that standard of care had been met. The importance of the *Aiken* case, from the Court's point of view, is that it serves to give fair notice to the litigants and attorneys in Katrina cases that the statute and regulations at issue will be honored. I have reviewed the following cases in order to guide my decision on the important point of law the plaintiff has raised:

In *Kilhullen v. Kansas City Southern Railway,* 8 So.3d 168 (Miss 2009), the Mississippi Supreme Court reversed a trial court's decision to exclude the affidavits of two experts who were attempting to give evidence concerning the line of sight on a railroad right-of-way. One of the experts, Jimmy Halfacre, was a registered professional engineer in Mississippi. The opinion does not indicate whether the other engineer, Brett Alexander, was licensed under Mississippi law. Both of these individuals were permitted to give evidence on the engineering issue in the case, i.e. the line of sight. Because the statutory qualification of Brett Alexander was not considered or disclosed, this case gives no indication how the Mississippi Supreme Court would deal with the challenge in the case before me.

In *Investor Resource Services, Inc. v. Cato,* 15 So.3d 412 (Miss.2009), the Mississippi Supreme Court reversed a trial court's decision to exclude the testimony of an accounting expert whose license as a C.P.A. had lapsed. This case likewise offers little help, since the opinion does not involve any statute or regulation governing the practice of accounting or requiring professional certification. The Mississippi Supreme Court reached a similar result in *Watts v. Lawrence,* 703 So.2d 236 (Miss.1997) when it considered the admissibility of testimony by a retired real estate appraiser.

The case most nearly on point is a non-binding case decided by the Supreme Court of Alabama, *Board of Water and Sewer Commissioners v. Hunter,* 956 So.2d 403 (Ala.2006). The Alabama court upheld a state statute very similar to the Mississippi statute now before me. Finding that the enactment of the statute was a proper exercise of the police power, the Court reversed the trial court's finding that the statute was unconstitutional and remanded the proceeding with instructions to honor the statutory requirement of licensure.

In *Cyr v. Flying J Inc.,* 2007 WL 2406999 (M.D.Fla) (*Cyr*) the district court declined to follow the reasoning in the *Hunter* decision when considering the qualifications of an expert witness who investigated a fire but who did not hold a Florida license as a private investigator. The district court found the Florida licensure statute inconsistent with Rule 702 of the Federal Rules of Evidence and permitted this individual to testify. I cannot agree with the conclusion reached in *Cyr*. In my opinion, Rule 702 governs a witness's qualifications and Rule 601 governs a witness's competence. Neither rule applies to the exclusion of the other.

The *Cyr* decision adopted the reasoning of the Supreme Court of Illinois in *Thompson v. Gordon,* 851 N.E.2d 1231 (Ill.2006) (*Gordon*). The Illinois court held that an expert witness in a civil case could not be disqualified **solely** on the basis of an Illinois statute forbidding the practice of engineering without a license. The witness in question, Andrew Ramisch (Ramisch), was subject to a cease and desist order issued by the Illinois Department of Financial and Professional Regulation (the Department) based upon Illinois law providing:

> *"[a]n expert witness providing opinion testimony which involves the consultation on, investigation and analysis of engineering systems when such consultation, investigation and analysis requires extensive knowledge of engineering laws, formulae, materials, practice and construction methods constitutes the practice of professional engineering, in specific forensic engineering."*

I have read and re-read the *Gordon* opinion, and I am at a loss to truly understand the distinctions the Illinois Supreme Court is attempting to draw. The *Gordon* opinion acknowledges that allowing the engineer in question (Ramisch) to testify as an expert would be a violation of a final cease and desist order issued by the appropriate state agency forbidding his testimony and would therefore be, as a first offense, a Class A misdemeanor. Yet the court still determined that the trial court had discretion to allow Ramisch's testimony:

> *Contrary to defendants' dire predictions, it is entirely possible that the trial court, after considering Ramisch's knowledge, skill, experience, training, education, as well as his lack of an Illinois license, will again find that Ramisch is not qualified to testify in an Illinois civil trial concerning engineering practices. It is also possible that Ramisch, aware that he is*

> *subject to criminal penalties for violating the Department's cease and desist order, will choose not to testify in this case. Because the appellate court simply remanded this cause to the trial court to properly consider all relevant factors in deciding defendants' motion to strike Ramisch's affidavit, we find no error in the appellate court's ruling.*

221 Ill.2d at 430.

*Dawsey v. Olin*, 782 F.2d 1254 (5th Cir. 1986) (*Dawsey*) considered the applicability of a Louisiana statute that prohibited "unlicensed physicians" from testifying as medical experts. In *dicta*, the Fifth Circuit stated:

> *While we doubt that Frosolono testified as a "medical expert" as that term is used in the Louisiana statute (i.e. Frosolono never expressed an opinion as to how phosgene specifically affected [the plaintiffs]), we need not concern ourselves with the Louisiana statute because the statute does not apply in federal court; questions concerning the admissibility of evidence in federal court are governed by the Federal Rules of Evidence. See Fed.R.Evid. 1101; Pollard v. Metropolitan Life Insurance Company, 598 F.2d 1284, 1286 (3d Cir.1979)* [(*Pollard*)].

*Dawsey* appears to be a diversity case, although I find no statement to that effect in the decision. The effect of Rule 601 of the Federal Rules of Evidence is nowhere considered. The portion of the opinion in *Pollard* cited by the Fifth Circuit states:

> *We hold that the Federal Rules of Evidence govern the admissibility of documentary evidence in Federal diversity cases. [citations omitted] The rules were enacted by Congress to "govern proceedings in the courts of the United States." Rule 101. While the rules do show a desire by Congress to defer to state law in diversity cases on such matters as presumptions (Rule 302), privileges (Rule 501) and competency (Rule 601), there is no similar deference concerning the admissibility of documentary evidence.*

Thus, *Pollard* does not support the Fifth Circuit's *dicta*. The matter before me is not an issue of admissibility concerning documentary evidence: it is an issue of the competency of an expert witness in this diversity case, an issue governed by Rule 601.

This is a diversity action in which the substantive law of Mississippi applies. The central issue in this action is whether the storm damage to the insured property, real and personal, was caused by wind (a covered loss within the policy's named peril, windstorm) or by storm surge flooding ( a loss from an excluded peril). Masters has been called to the stand to testify on this issue and to express the opinion reflected in his report, i.e. his opinion that the property damage in this instance was caused by storm surge flooding and not by wind. This issue requires that substantial engineering

knowledge be brought to bear concerning the insured structure and the forces generated by the storm.

There exists a split in authorities among the circuits on the question whether Rule 702 displaces Rule 601 in determining the competency of expert witnesses. The Sixth, Ninth, and Eleventh Circuits apply Rule 601. *Legg v. Chopra,* 286 F.3d 286, 289-92 (6th Cir.2002) (applying Tennessee law)*; Higgenbottom v. Noreen,* 586 F.2d 719, 720, 722 (9th Cir.1978) (applying Oregon law)*; McDowell v. Brown,* 392 F.3d 1283, 1287, 1294-95 (11th Cir.2004) (applying Georgia law). The First, Fourth, and D.C. Circuits appear to rely on Rule 702 alone. *Garbincius v. Boston Edison Co.,* 621 F.2d 1171, 1173 (1st Cir.1980)*; Bryte ex rel. Bryte v. Am. Household, Inc.,* 429 F.3d 469*,* 475-76 (4th Cir.2005)*; Ealy v. Richardson-Merrell, Inc.* 897 F.2d 1159, 1163 (D.C.Cir.1990).

I find that the requirements of Rule 702 and Rule 601 are cumulative. An expert must meet both the competency requirements of state law and the standard of qualification under Rule 702 and *Daubert*. I have identified no Fifth Circuit case that addresses this specific issue. Among the existing authorities, I find the cases that follow both the competency requirements of Rule 601 and the qualification requirements of Rule 702 persuasive.

Accordingly, I find Rule 601 applicable. Following the dictate of Rule 601, I find that Mississippi law governs the competency of Masters to testify as an expert in the field of engineering. I further find that Masters's lack of the certification required by Miss. Code Ann. §73-13-1 *et seq*. and the regulations thereunder disqualify him from giving expert testimony concerning engineering issues in this case.

My ruling, consistent with this opinion, is already a matter of record. The ruling I made from the bench has been formalized in opinion this 20th day of November, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE