IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REGINALD EDWIN BOSSIER**                                                      **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO.: 1:08-CV-00408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                     **DEFENDANT**

## MOTION TO TAX COSTS AGAINST THE PLAINTIFF

COMES NOW the Defendant, STATE FARM FIRE AND CASUALTY COMPANY (hereinafter "State Farm"), by and through its counsel of record and files this its Motion to Tax Costs Against the Plaintiff pursuant to Rule 68 of the Federal Rules of Civil Procedure as well as all applicable cost statutes and rules and for cause would show unto the Court as follows, to-wit:

I.

That on October 6, 2009, State Farm, through its counsel, tendered an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure to the Plaintiff in the amount of TWO HUNDRED SEVENTY FIVE THOUSAND AND NO/100 DOLLARS ($275,000.00) along with a transmittal letter setting forth that said Offer of Judgment would be valid for a period of ten (10) days from October 6, 2009.  See Exhibit "A" attached hereto.

II.

That the Plaintiff never responded to the Offer of Judgment within the period prescribed, and said Offer of Judgment expired by virtue of its terms after ten (10) days.

III.

That on November 10, 2009, the Plaintiff obtained a jury verdict in his favor in the amount of $52,300.00, and the Clerk of the Court entered judgment on said verdict on November 12, 2009.  The amount of the recovery by the Plaintiff, exclusive of interest and costs, is less favorable than the Offer of Judgment and less than the jurisdictional minimum of this Court pursuant to 28 U.S.C. §1332.

IV.

That the taxation of costs by this Court in favor of State Farm is mandatory pursuant to Rule 68.  See also Johnson v. Penrod Drilling Co., 803 F.2d 867, 869 (5th Cir. 1986) ("Rule 68 operates to *require* a prevailing plaintiff to pay the costs of the litigation in the single circumstance covered by the rule: where the plaintiff does not accept the defendant's offer of judgment which is more favorable than the judgment the plaintiff ultimately obtains.  The language of Rule 68 is mandatory; where the rule operates, it leaves no room for district court discretion."); Pontchartrain Gardens, Inc. v. State Farm General Ins. Co., 2009 U.S. Dist. LEXIS 49628 at Page 2 ("Rule 68 is mandatory and leaves no room for discretion to the district court."); Weiser v. Horace Mann Ins. Co., 2009 U.S. Dist. LEXIS 66474 at Page 2 (same); Ezelle v. Bauer Corp., 154 F.R.D. 149, 152 (S.D. Miss. 1994) ("[W]here the plaintiff obtains judgment, but that judgment is less than the offer of judgment made by the defendant and rejected by the plaintiff, the plaintiff will be required to pay the costs of litigation.").

V.

That because of the Plaintiff's failure to accept the Offer of Judgment, State Farm has incurred the following taxable costs:

1. Fees of the Clerk .......................................... $0.00

2. Fees for Service of Subpoena(s) ................................ $279.80[1]

3. Fees of the Court Reporter for all or any part of the transcript necessarily obtained for use in the case

    a. Teri Norton ....................................... $6,243.10[2]

    b. Simpson, Burdine & Migues ............................. $787.00[3]

    c. Legalink ........................................ $2,118.60[4]

4. Fees and disbursements for printing .............................. $0.00

5. Fees for witnesses

---

[1] These charges (service of process fee [$140.00] and witness fee and mileage [139.80]) are for subpoenas served on Katie Bossier, Joseph Ziz, Sr., and Stanton Fountain, Jr.. See Exhibits "B," "C," "D," and "E" attached hereto.

[2] Used in preparation for cross-examination of witnesses and closing arguments. See Exhibit "F."

[3] Deposition of Katie Bossier used in the cross-examination of Katie Bossier at trial. Deposition of Joseph Ziz, Sr., used in the cross-examination of Reginald Edwin Bossier at trial. See Exhibit "G" attached hereto.

[4] Depositions of Tip Pupua, Shellie Leverett, and Lee Ann Johnson used for trial preparation of Tip Pupua, Shellie Leverett, and Lee Ann Johnson as a witnesses at trial. Deposition excerpts of the Deposition of Matthew Thiele used by Defendant at trial during examination of Lee Ann Johnson and in closing arguments. See Exhibits "H," "I," "J," and "K" attached hereto.

  a. Lee Ann Johnson[5]

   Travel Costs (Air Fare) .............................. $543.20
   Rental Car (7 days) ............................... $293.89
   Fuel ........................................... $49.91
   Hotel (7 days) .................................. $839.30
   Meals (7 days) .................................. $105.26
   Witness Attendance Fee ($40/day for 1 day) ........... $40.00[6]

  b. Shellie Leverett

   Travel Expense (Mileage at 55¢/mile) ................ $121.00[7]
   Witness Attendance Fee ($40/day for 4 days) .......... $160.00

  c. Tip Pupua[8]

   Travel Costs (Air Fare) .......................... $3,061.70[9]
   Rental Car .................................... $579.70
   Hotel (14 days) ............................... $1,808.80
   Witness Attendance Fee ($40/day for 3 days) ......... $120.00[10]

  d. Forrest Masters, Ph.D.[11]

   Travel Costs (Air Fare) .......................... $2,596.78
   Rental Car .................................... $153.77
   Hotel ........................................ $821.48
   Witness Attendance Fee ($40/day for 5 days) .......... $200.00

---

[5] See Exhibit "L."

[6] 28 U.S.C. §1821

[7] Round trip from Ocean Springs to Gulfport for 4 days.

[8] See Exhibit "M."

[9] This includes change fees and increased ticket costs to and from Salt Lake City, Utah (Mr. Pupua's resident location), and Gulfport, Mississippi, due to changes necessary to attend a two (2) week trial which had originally been scheduled as a four (4) day trial.

[10] Mr. Pupua was State Farm's corporate representative. However, these charges reflect only his time spent as a testifying witness at trial (3 days out of a total of 7 trial days).

[11] See Exhibit "N."

    e.    Robert H. Weisberg, Ph.D.[12]
- Travel Costs (Air Fare) .......................... $1,408.30
- Auto/Taxi/Airport Parking ......................... $193.90
- Hotel ........................................... $828.39
- Meals .......................................... $272.00
- Witness Attendance Fee ($40/day for 5 days) .......... $200.00

6.    Fees for exemplification and copies of papers necessarily obtained for use in the case .................................................. $0.00

7.    Docket fees under 28 U.S.C. §1923 .............................. $20.00

8.    Attorney/Paralegal travel round trip to Gulfport or Biloxi as noted below from Pascagoula at 55¢ per mile.[13]

    a.    John A. Banahan ................................... $396.00
- 11/2/09–Travel to Gulfport to Trial    = $49.50
- 11/3/09–Travel to Gulfport to Trial    = $49.50
- 11/4/09–Travel to Gulfport to Trial    = $49.50
- 11/5/09–Travel to Gulfport to Trial    = $49.50
- 11/6/09–Travel to Gulfport to Trial    = $49.50
- 11/9/09–Travel to Gulfport to Trial    = $49.50
- 11/10/09–Travel to Gulfport to Trial    = $49.50
- 11/12/09–Travel to Gulfport to Trial    = $49.50

    b.    H. Benjamin Mullen ................................... $469.70
- 10/14/09–Travel to Gulfport to Pre Trial Conf. = $49.50
- 10/15/09–Travel to Gulfport to Pre Trial Conf. = $49.50
- 10/21/09–Travel to Guice Office in Biloxi    = $24.20
- 11/2/09–Travel to Gulfport to Trial    = $49.50
- 11/3/09–Travel to Gulfport to Trial    = $49.50
- 11/4/09–Travel to Gulfport to Trial    = $49.50
- 11/5/09–Travel to Gulfport to Trial    = $49.50
- 11/6/09–Travel to Gulfport to Trial    = $49.50
- 11/9/09–Travel to Gulfport to Trial    = $49.50

---

[12] See Exhibit "O."

[13] Certain days, attorneys and the paralegal rode together which is why there is a difference in the dates shown for which mileage is claimed.

|   |   | 11/12/09–Travel to Gulfport to Trial | = $49.50 |

   c. Layna Lassiter ........................................ $346.50
     11/2/09–Travel to Gulfport to Trial = $49.50
     11/3/09–Travel to Gulfport to Trial = $49.50
     11/4/09–Travel to Gulfport to Trial = $49.50
     11/5/09–Travel to Gulfport to Trial = $49.50
     11/6/09–Travel to Gulfport to Trial = $49.50
     11/9/09–Travel to Gulfport to Trial = $49.50
     11/12/09–Travel to Gulfport to Trial = $49.50

9. Mileage at 55¢ per mile for Taylor Goff, runner[14] ................... $122.10
   10/22/09–Travel to Biloxi to Guice office = $24.20
   10/27/09–Travel to Biloxi to Guice office = $24.20
   10/28/09–Travel to Biloxi to Guice office = $24.20
   11/2/09–Travel to Gulfport to Court house = $49.50

10. Conference room/meals at Courtyard Marriot in Gulfport for use during trial for witness preparation and operations during trial ................... $1,432.86[15]

## VI.

That all of the above and foregoing costs constitute necessary expenses incurred by State Farm as a result of the Plaintiff's failure to accept the Offer of Judgment.

## VII.

That State Farm has filed a proper Bill of Costs commensurate herewith, a copy of which is attached hereto as Exhibit "Q."

## VIII.

That because the applicable law has been cited as part of this Motion, the Defendant

---

[14] This is for the delivery of documents, disks, and other items delivered to counsel for the Plaintiff as required by Court Order or the rules. Mileage is from Pascagoula, MS.

[15] See Exhibit "P."

respectfully requests that it be relieved from filing a separate memorandum of authorities in support hereof.

WHEREFORE, PREMISES CONSIDERED, this Court should enter an Order taxing the costs totaling $26,613.04 as set forth in this Motion against the Plaintiff for the reasons set forth herein.

                                      Respectfully submitted,

                                      BRYAN, NELSON, SCHROEDER, CASTIGLIOLA & BANAHAN, PLLC
Attorneys for Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**

BY: /s/ H. Benjamin Mullen
      H. BENJAMIN MULLEN

**CERTIFICATE OF SERVICE**

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, do hereby certify that I have this date electronically filed the foregoing Motion to Tax Costs Against the Plaintiff with the Clerk of Court using the ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Judy M. Guice, Esq. | Stanton J. Fountain, Jr., Esq. |
| JUDY M. GUICE, P.A. | ATTORNEY AT LAW |
| Post Office Box 1919 | Post Office Box 817 |
| Biloxi, MS 39533-1919 | Biloxi, MS 39533 |

DATED, this the 23rd day of November, 2009.

/s/ H. Benjamin Mullen
**H. BENJAMIN MULLEN**

**H. BENJAMIN MULLEN (9077)**
**JOHN A. BANAHAN (1731)**

BRYAN, NELSON, SCHROEDER, CASTIGLIOLA & BANAHAN, PLLC
Attorneys at Law
Post Office Drawer 1529
1103 Jackson Avenue
Pascagoula, MS 39568-1529
Tel.: (228)762-6631
Fax: (228)769-6392
Email: ben@bnscb.com
John@bnscb.com