**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**


**REGINALD EDWIN BOSSIER**                                        **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 1:08-CV-00408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY**                          **DEFENDANT**
**COMPANY**


**STATE FARM FIRE AND CASUALTY COMPANY'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT [198] [199]**

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ..................................................................................1

II.   PLAINTIFF CANNOT ESTABLISH ANY ENTITLEMENT TO AN AWARD OF
      ATTORNEY FEES OR EXPENSES ........................................................................5

      A.    The Jury Unanimously Rejected Plaintiff's Punitive Damages Claim, Which,
            Under Mississippi Law, Disposes of Plaintiff's Request for Attorney Fees and
            Expenses .............................................................................................................5

      B.    Plaintiff Cites No Mississippi Authority That Awards Attorney Fees or Expenses
            Without a Prior Award of Punitive Damages ....................................................9

      C.    Applying Plaintiff's Erroneous Legal Framework, Attorney Fees and Expenses
            Are Still Not Recoverable ...............................................................................11

      D.    Plaintiff Fails to Justify the Reasonableness of His Request for Attorney Fees and
            Expenses ...........................................................................................................13

      E.    Plaintiff Fails to Substantiate His Expenses ...................................................24

III.  PLAINTIFF'S REQUEST FOR JUDGMENT INTEREST IS ERRONEOUS...........25

      A.    Prejudgment Interest ........................................................................................26

      B.    Post-Judgment Interest.....................................................................................29

IV.   CONCLUSION ......................................................................................................30

# I.    PRELIMINARY STATEMENT

State Farm Fire and Casualty Company ("State Farm") respectfully submits this response in opposition to Plaintiff's motion to alter or amend judgment to add attorney fees, expenses, and judgment interest. [198] [199]. In this case, Plaintiff sought punitive damages from State Farm for its adjustment of his homeowners insurance claim, and after trial, the Court submitted the punitive damages claim to the Jury. The Jury unanimously rejected Plaintiff's punitive damages claim and found for State Farm, ruling "[w]e, the Jury, find for the Defendant on the issue of punitive damages." Nov. 12, 2009 Jury Verdict [191]. Under Mississippi law, an award of punitive damages is a prerequisite for Plaintiff to recover attorney fees or expenses. Therefore, Plaintiff's request for such fees and expenses should be denied in its entirety.

This Court has repeatedly held in Hurricane Katrina cases that an award of punitive damages is necessary for an award of attorney fees, stating that "[t]he Mississippi Supreme Court . . . held that attorney's fees are justified *where* punitive damages are awarded." *Anthony v. State Farm Fire & Cas. Co.*, 2009 WL 3747186, at *3 (S.D. Miss. Nov. 4, 2009) (Senter, J.) (emphasis added; applying *U. Am. Ins. Co. v. Merrill*, 978 So. 2d 613 (Miss. 2007)).[1] Indeed, this Court has already adjudicated this issue in this case when it ruled that "[t]he Mississippi Supreme Court . . . held that attorney's fees are justified where punitive damages are awarded." Sept. 17, 2009 Order [132] at 2 (applying *Merill*, 978 So. 2d 613). Here, the Jury unanimously rejected Plaintiff's claim for punitive damages, and, therefore, attorney fees are neither justified nor recoverable.

Approaching trial, Plaintiff and Plaintiff's counsel acknowledged that an award of punitive damages is necessary for an award of attorney fees. Plaintiff represented to the Court in his opposition to a State Farm motion *in limine* that he acknowledges a punitive damages award is necessary for an

---

[1] *Accord Politz v. Nationwide Mut. Fire Ins. Co.*, 2009 WL 1505384, at *1 (S.D. Miss. May 28, 2009) (Senter, J.); *Remel v. State Farm Fire & Cas. Co.*, 2009 WL 531862, at *1 (S.D. Miss. Mar. 2, 2009) (Senter, J.); *Magruder v. Amica Mut. Ins. Co.*, 2009 WL 302404, at *1 (S.D. Miss. Feb. 3, 2009) (Senter, J.); *Schmermund v. Nationwide Mut. Ins. Co.*, 2008 WL 5169396, at *3 (S.D. Miss. Dec. 5, 2008) (Senter, J.); *Medical Plaza, LLC v. U.S. Fid. & Guar. Co.*, 2008 WL 4446524, at *1 (S.D. Miss. Sept. 22, 2008) (Senter, J.).

attorney fee award: "If [State Farm] is advancing the Court decide post-trial the amount of such fees and expenses *if* the jury determines punitive damages are appropriate, Plaintiff would agree to that procedure." [156] at 3 (emphasis added). Plaintiff's counsel made the same acknowledgment in an email to State Farm's counsel: "I think I agree with your position on att[orne]y fees, which I think is that *if* punitive[s] are allowed, the court decides the amount of fees and expenses post-verdict." Oct. 7, 2009 email from Plaintiff's counsel, J. Guice, to State Farm's counsel, B. Mullen, et al. (attached hereto as Ex. A) (emphasis added). These acknowledgments accord with the numerous holdings of the Court in Hurricane Katrina cases. In light of this Court's own precedent and Plaintiff's acknowledgments, this Court should deny Plaintiff's instant motion because the Jury unanimously rejected Plaintiff's claim for punitive damages.

This Court's precedent on attorney fee awards follows well-established Mississippi law. As the Mississippi Supreme Court held, "'Mississippi follows the American rule regarding attorney fees: unless a statute or contract provides for imposition of attorney fees, they are not recoverable[.] When there is no contractual provision or statutory authority providing for attorney fees, they may not be awarded as damages *unless* punitive damages are also proper[.]'" *Huggins v. Wright*, 774 So. 2d 408, 412-13 (Miss. 2000) (emphasis added; citations omitted); *see also Spencer v. State Farm Mut. Ins. Co.*, 891 So. 2d 827, 830 (Miss. 2005) ("[T]his Court, in the absence of a contractual provision or statutory authority, has *never* approved an award of trial expenses and attorney's fees to a successful litigant.") (emphasis added). Here, no statutory authority or contractual provision permits Plaintiff to recover attorney fees or expenses, and the Jury unanimously rejected Plaintiff's claim for punitive damages. Indeed, because Plaintiff recovered less than the $75,000 jurisdictional minimum, the Court "may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff." 28 U.S.C. § 1332(b). Therefore, Plaintiff cannot establish any entitlement to an award for attorney fees or expenses. As discussed below, Plaintiff's theory of recovering such an award is not supported by the authority he cites and is contrary to

the overwhelming weight of Mississippi precedent.

Denying Plaintiff's request for attorney fees and expenses is even more justified with regard to the dwelling extension claim, which State Farm paid Plaintiff $77,607.80 as part of its adjustment of his insurance claim. The Jury awarded Plaintiff nothing in compensatory damages and nothing in punitive damages for the dwelling structure claim. Yet Plaintiff improperly seeks attorney fees and expenses for that claim. The Fifth Circuit has repeatedly rejected claims for attorney fees and expenses where the party recovers neither compensatory nor punitive damages. *Sobley v. S. Natural Gas Co.*, 302 F.3d 325, 343 (5th Cir. 2002) (reversing award for attorney fees and expenses, holding "in the absence of an award of actual damages against State Farm, and having reversed the award to the [plaintiffs'] of punitive damages, there is no basis for the award of the [plaintiffs'] attorneys' fees and expenses from State Farm"); *Greer v. Burkhardt*, 58 F.3d 1070, 1075 (5th Cir. 1995) ("Mississippi law does not allow the recovery of attorney's fees where the insured recovers neither actual nor punitive damages."). This Court should likewise deny Plaintiff's request for attorney fees and expenses arising from or related to his dwelling extension claim.

In addition to Plaintiff's inability to recover any attorney fees or expenses, Plaintiff has failed to substantiate the amount of those fees and expenses. As discussed below, Mississippi law requires the Court to analyze several factors when weighing whether Plaintiff's fees and expenses are reasonable, and findings of fact and law are necessary for these factors. These factors weigh heavily against Plaintiff's requested relief. Indeed, Plaintiff's attorney fee request is unreasonable on its face. Plaintiff sought to recover $629,244.87 in compensatory damages and $2,000,000 in punitive damages. Nov. 10, 2009 Jury Verdict [189]; Nov. 10, 2009 Hr'g Tr. at 47:4-5; Nov. 12, 2009 Hr'g Tr. at 31:19-23. After considering his claims, the Jury awarded Plaintiff only $52,300 in compensatory damages and ruled "[w]e, the jury, find for the Defendant on the issue of punitive damages." Nov. 10, 2009 Jury Verdict [189]; Nov. 12, 2009 Jury Verdict [191]. The $52,300 Jury award is less than 2% of the $2,629,244.87

in total damages that Plaintiff alleged he should receive from State Farm.  For that 2% recovery, Plaintiff requests $215,550.00 in attorney fees and $16,468.28 in expenses, which would be more than four times greater (444%) than his total recovery.  In light of the Jury's generally unfavorable reception of Plaintiff's case and the 2% award, Plaintiff's requested attorney fees and expenses are facially unreasonable and should be denied.  Plaintiff and his counsel knowingly bore the risk in this case and did not accept a $275,000 offer of judgment from State Farm.  [204-2].  Although Plaintiff improperly surmises that State Farm would obtain some kind of "windfall" if his motion is denied, *see* [199] at 3, in fact, it is Plaintiff's counsel, not State Farm, who seeks to recover a windfall.

Moreover, Plaintiff's request for judgment interest is erroneous in numerous respects.  Plaintiff does not recognize or apply the controlling law for awards of prejudgment or post-judgment interest.  As discussed below, Mississippi law governs a prejudgment interest award and mandates that interest can only be awarded once the principal due is established or ascertainable.  Here, the principal amount found by the Jury to be due was for Plaintiff's dwelling extension contents, which was not known until Plaintiff drafted and submitted a personal property inventory on October 27, 2008.  Plaintiff's request for many more years of prejudgment interest is contrary to Mississippi law.

Furthermore, federal law governs a post-judgment interest award pursuant to 28 U.S.C. § 1961, and the United States Federal Reserve has set the applicable rate at 0.36%, which the Court may not alter.  *See Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 840 (1990) (rejecting equity argument for a higher rate of post-judgment interest; "Where Congress has . . . set a definite interest rate that governs this litigation, the courts may not legislate to the contrary.").  Therefore, Plaintiff's request for 8% post-judgment interest is manifestly contrary to federal law.  *See* [199] at 15 (seeking "prejudgment interest from October 10, 2005, ***to present***") (emphasis added); [198] at 1 (seeking prejudgment interest "until paid").

Accordingly, for these reasons and those set forth below, Plaintiff's motion to alter or amend

judgment should be denied in its entirety.

II.    **PLAINTIFF CANNOT ESTABLISH ANY ENTITLEMENT TO AN AWARD OF ATTORNEY FEES OR EXPENSES**

   A.    **The Jury Unanimously Rejected Plaintiff's Punitive Damages Claim, Which, Under Mississippi Law, Disposes of Plaintiff's Request for Attorney Fees and Expenses**

In his motion for $215,550.00 in attorney fees and $16,468.28 in expenses based upon a total verdict of $52,300.00, Plaintiff devotes only a few paragraphs to discuss his legal entitlement to any such awards. [199] at 1-3. Plaintiff ignores the overwhelming weight of authority in Mississippi that, under the American Rule, Plaintiff is to pay for his attorney fees and expenses. The only exceptions to the American Rule recognized in Mississippi are if a statute or contract permits an award for attorney fees or expenses or if punitive damages are proper. None of these exceptions apply. Therefore, Plaintiff as a matter of law is not entitled to recover any attorney fees or expenses.

As the Mississippi Supreme Court has held, "[t]he law in Mississippi with respect to the awarding of attorney's fees is well settled: 'If attorney's fees are not authorized by the contract or by statute, they are not to be awarded when an award of punitive damages is not proper.'" *In re Guardianship of Duckett*, 991 So. 2d 1165, 1179-80 (Miss. 2008) (citation omitted; alteration omitted) ("Because we conclude that the chancery court's award of punitive damages was in error, its award of attorney's fees was in error as well."). As but one example of the Mississippi Supreme Court applying this rule, in *Miller v. Allstate Insurance Co.*, the Court denied the plaintiffs' request for attorney fees and expenses because punitive damages were not warranted. 631 So. 2d 789, 795 (Miss. 1994). *Miller* involved a car accident and insurance claims under an automobile policy. *Id.* at 790. The trial court entered a declaratory judgment against the plaintiffs and declined to award attorneys fees. *Id.* On appeal, the Mississippi Supreme Court affirmed in all respects. *Id.* at 791-92. In particular, the Court denied the plaintiffs' request for attorneys fees and expenses because "there is no contractual or statutory authority for awarding attorney fees and litigation expenses, nor is this a case for punitive damages." *Id.*

at 790, 792.

In numerous other cases, the Mississippi Supreme Court has applied the American Rule and repeatedly held that attorney fees and expenses are not appropriate where punitive damages are not proper. *See, e.g.*, *Spencer*, 891 So. 2d at 830 (in an insurance case, "this Court, in the absence of a contractual provision or statutory authority, has **never** approved an award of trial expenses and attorney's fees to a successful litigant") (emphasis added); *Hamilton v. Hopkins,* 834 So. 2d 695, 700 (Miss. 2003) (reversing award of attorneys fees; "if attorney's fees are not authorized by the contract or by statute, they are not to be awarded when an award of punitive damages is not proper"); *Hearn v. Autumn Woods Office Park Prop. Owners Ass'n*, 757 So. 2d 155, 164 (Miss. 1999) ("When there is no contractual provision or statutory authority providing for attorney fees, they may not be awarded as damages unless punitive damages are also proper."); *Grisham v. Hinton*, 490 So. 2d 1201, 1205 (Miss. 1986) ("With the sole exception of punitive damages cases, in the absence of contractual provision or statutory authority therefor, this Court has never approved awarding trial expenses and attorney's fees to the successful litigant."); *Garner v. Jones*, 464 So. 2d 1144, 1150 (Miss. 1985) ("Having held that the award of punitive damages may not stand as a matter of law, under the rule acceded to by [the plaintiff], the award of attorneys fees must fall as well."); *Aetna Cas. & Sur. Co. v. Steele*, 373 So. 2d 797, 801-02 (Miss. 1979) ("Attorney's fees are not recoverable as an element of damages unless the infliction of punitive damages is justified.").

In light of the overwhelming weight of authority on this issue from the Mississippi Supreme Court, the Fifth Circuit has ruled that the American Rule is the "prevailing view" in Mississippi, which means that "attorney's fees are not recoverable absent an award of punitive damages." *Greer*, 58 F.3d at 1075. In *Greer*, the plaintiff was awarded compensatory damages, and the district court denied the plaintiff's request for a jury instruction on punitive damages. *Id.* at 1072, 1074. The plaintiff was also awarded attorney fees. *Id.* at 1072. On appeal, the Fifth Circuit reversed the attorney fee award because

the plaintiff had not recovered any punitive damages. *Id.* at 1075. The Fifth Circuit acknowledged, however, that "some cases indicate that attorney's fees can be awarded as extra-contractual or consequential damages even where punitive damages are not warranted, if the insurer denied a claim without any arguable basis," but the Fifth Circuit declined to apply those cases and reversed the district court's attorney fee award in part because the "prevailing view" in Mississippi requires an award of punitive damages to obtain attorney fees. *Id.*

In accord with the above authority from Mississippi state and federal appellate courts, this Court has already ruled in this case that "[t]he Mississippi Supreme Court . . . held that attorney's fees are justified where punitive damages are awarded." Sept. 17, 2009 Order [132] at 2 (applying *Merrill*, 978 So. 2d 613). This holding is consistent with numerous other rulings by the Court in Hurricane Katrina cases that a punitive damages award is necessary for recovering attorney fees. *Anthony*, 2009 WL 3747186, at *3 *Polit*, 2009 WL 1505384, at *1; *Remel*, 2009 WL 531862, at *1; *Magruder*, 2009 WL 302404, at *1; *Schmermund*, 2008 WL 5169396, at *3; *Medical Plaza, LLC*, 2008 WL 4446524, at *1; *accord Blades v. Countrywide Home Loans, Inc.*, 2009 WL 3805519, at *4 (S.D. Miss. Nov. 5, 2009) (Ozerden, J.) ("'[I]f attorney's fees are not authorized by the contract or by statute, they are not to be awarded when an award of punitive damages is not proper.'") (citation omitted).

So, too, Plaintiff has acknowledged in this case that a punitive damage award is necessary to recover attorney fees. As Plaintiff represented to the Court in his opposition to a State Farm motion *in limine*, "[i]f [State Farm] is advancing the Court decide post-trial the amount of such fees and expenses *if* the jury determines punitive damages are appropriate, Plaintiff would agree to that procedure." [156] at 3 (emphasis added). Likewise, Plaintiff's counsel represented in an email to State Farm's counsel that "I think I agree with your position on att[orne]y fees, which I think is that *if* punitive[s] are allowed, the court decides the amount of fees and expenses post-verdict." Ex. A (emphasis added). Given this Court's own precedent and Plaintiff's acknowledgments, this Court should deny Plaintiff's instant motion

in its entirety because the Jury unanimously rejected Plaintiff's claim for punitive damages.  Moreover, because Plaintiff recovered only $52,300, which is less than the $75,000 jurisdictional minimum, the Court "may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff." 28 U.S.C. § 1332(b).

Furthermore, Plaintiff's request for attorney fees and expenses related to the dwelling extension is even more far afield.  In addition to the great weight of authority cited above, which establishes that *no* attorney fee or expense award at all is appropriate here, Mississippi law does not permit a party to recover an award of attorney fees or expenses when there has been no award for compensatory damages. With regard to Plaintiff's dwelling extension, State Farm paid Plaintiff the limits under the policy for that part of his property, and the Jury did not award Plaintiff any compensatory damages for the dwelling extension.  *See* Nov. 10, 2009 Jury Verdict [189].  Nor did (or could) Plaintiff ask the Jury for any compensatory damages for damage to his dwelling extension structure.  Where a plaintiff has recovered *neither* compensatory nor punitive damages (in this case for the dwelling extension structure), the Fifth Circuit has held that an attorney fee award is manifestly improper:  "Mississippi law does not allow the recovery of attorney's fees where the insured recovers neither actual nor punitive damages." *Greer*, 58 F.3d at 1075 (reversing attorney fee award); *accord Sobley*, 302 F.3d at 343 (reversing award for attorney fees and expenses, holding "in the absence of an award of actual damages against State Farm, and having reversed the award to the [plaintiffs'] of punitive damages, there is no basis for the award of the [plaintiffs'] attorneys' fees and expenses from State Farm"); *Blades*, 2009 WL 3805519, at *4 ("Because Blades is not entitled to compensatory damages, she may not recover punitive damages or attorney's fees.").

Accordingly, Mississippi law does not permit Plaintiff to recovery any award for attorney fees or expenses, and the Court should deny Plaintiff's motion in its entirety.

**B.    Plaintiff Cites No Mississippi Authority That Awards Attorney Fees or Expenses Without a Prior Award of Punitive Damages**

Plaintiff, in his motion, does not cite a single Mississippi state or federal case that awarded attorney fees or expenses without a prior punitive damages award. *See* [199] at 1-2. For example, Plaintiff relies upon *Universal Life Ins. Co. v. Veasley*, 610 So. 2d 290, 295 (Miss. 1992), for the proposition that an award of attorney fees and expenses is allowed "against an insurance company where the denial was not based on an arguable or legitimate reason." [199] at 1. In *Veasley* however, the Mississippi Supreme Court did not award attorney fees, and no request for attorney fees was mentioned in the opinion. *See Veasley*, 610 So. 2d at 295 (permitting damages for emotional distress). When the Mississippi Supreme Court has specifically addressed attorney fee awards – even after *Veasley* was decided – the Court has repeatedly adhered to the American Rule, including in insurance cases, and found that recovery of punitive damages is a prerequisite to an award of attorney fees. *See* Point II.A *supra*.

Plaintiff's citation to *Merrill* is likewise unavailing. *See* [199] at 2. The court in *Merrill* cited *Veasley* for the issue of emotional distress, not attorney fees or expenses. *Merrill*, 978 So. 2d at 630. Moreover, punitive damages were awarded in *Merrill*, making an award of attorney fees defensible in that case, *id.* at 619, 633-35, and distinguishing *Merrill* from this case, in which the Jury unanimously rejected Plaintiff's punitive damages claim. Nov. 12, 2009 Jury Verdict [191]. Thus, *Merrill* is consistent with the long line of Mississippi cases holding that an award of punitive damages is necessary for an award of attorney fees and expenses. *Merrill* does not support Plaintiff's motion in this case. On the contrary, this Court has repeatedly cited *Merrill*, including in this case, in ruling "that attorney's fees are justified *where* punitive damages are awarded." Sept. 17, 2009 Order [132] at 2 (emphasis added; applying *Merill*, 978 So. 2d 613); *see supra* at 1 n.1 (citing cases).

Plaintiff's reliance on Mississippi federal cases is also unavailing. *See* [199] at 2 & n.2. In none of the Mississippi federal cases cited by Plaintiff on this issue did the court award attorney fees or

expenses, much less do so in the absence of a punitive damages award.  In *Essinger v. Liberty Mutual Fire Insurance Co.*, which Plaintiff cites, the Fifth Circuit held that the plaintiffs "abandoned" any claim for attorney fees, rendering further comment on the issue *dicta* and without precedential value.  529 F.3d 264, 270-71 (5th Cir. 2008) (affirming summary judgment for insurer, holding the plaintiffs "abandoned" any claim to attorney fees and "do not seek those damages"), *reh'g denied*, 534 F.3d 450 (5th Cir. 2008).  On rehearing, the Fifth Circuit stated that in *Essinger*, "[n]o precedents or analysis were presented to us concerning what would justify lesser damages" for attorney fees or expenses, so the Fifth Circuit "decline[d] to reach the issue of lesser damages because the issue was not only known but it was presented, only to be dropped below."  *Essinger*, 534 F.3d at 453.[2]  Thus, a claim for attorney fees and expenses was not before the Fifth Circuit in *Essinger*.  Nor did the Fifth Circuit permit such an award in *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 629 (5th Cir. 2008) (remanding for consideration of "whether additional actual or consequential damages are appropriate" in general; rendering no opinion as to the possibility of recovering attorney fees or expenses).

Likewise, in *Simpson v. Economy Premier Assurance Co.*, another case cited by Plaintiff in purported defense of recovering any attorney fees or expenses, [199] at 2, the district court did not rule one way or the other on the requirements for recovering attorney fees and expenses under Mississippi law.  2006 WL 2590620, at *2 (N.D. Miss. Sept. 8, 2006).  Rather, the court addressed an *in limine* motion to exclude evidence of emotional distress and held under *Veasley* that emotional distress evidence would not be excluded.  *Id.* at *1-2.  The court in *Simpson* did not adopt the request that Plaintiff submits to this Court:  to award attorney fees and expenses after losing his claim for punitive damages.  Indeed, none of the Mississippi cases cited by Plaintiff support his extreme request to depart from the long line of Mississippi authority requiring an award of punitive damages to obtain attorney

---

[2] *Dicta* are statements that could be "'deleted without seriously impairing the analytical foundations of the holding-[and], being peripheral, may not have received the full and careful consideration of the court that uttered it.'"  *In re Cajun Elec. Power Co-op, Inc.*, 109 F.3d 248, 256 (5th Cir. 1997) (alteration in original; citation omitted).

10

fees and expenses. This Court should deny Plaintiff's motion in its entirety.

> ### C.    Even Applying Plaintiff's Erroneous Legal Framework, Attorney Fees and Expenses Are Still Not Recoverable

Plaintiff claims that he is entitled to attorney fees and expenses because, he asserts, State Farm had no arguable or legitimate basis for its adjustment of his dwelling extension and dwelling extension contents claim. [199] at 2. As discussed above, Plaintiff's legal test for obtaining attorney fees and expenses is contrary to the overwhelming weight of Mississippi precedent. *See* Point II.A *supra*. Yet, even applying Plaintiff's erroneous legal framework, Plaintiff is still not entitled to recover attorney fees or expenses.

Plaintiff makes the same error in his motion that Plaintiff's counsel made during the jury charge conference for punitive damages. In his motion, Plaintiff confuses the Court's threshold decision to submit the punitive damages claim to the jury with a final determination of the issue by the Jury. *See* [199] at 2. Plaintiff's counsel made the same erroneous assumption during the jury charge conference and proposed jury instruction P-10, which would have directed a verdict for Plaintiff on the arguable basis prong of his punitive damages claim.[3] In the charge conference, the Court corrected Plaintiff's counsel's misapprehension and refused instruction P-10:

> The Court:  . . . P10, doesn't it require that the judge first find a lack of arguable reason and then the jury also must find it?
>
> Mr. Mullen:  That is correct. It is a jury question on that issue. You have to make the finding to get to this phase, and then they had to make the finding of their own, so we would object on that basis to P10.
>
> Ms. Guice:  I had understood the Court to find that as a matter of law. I was a little unclear on that, and that was part of why I ended up with two different sets yesterday.
>
> The Court:  *I make the initial finding, and then it has to go to them to then find.* So we will refuse P10 and find a better statement of it. . . . .

---

[3] Plaintiff's proposed instruction P-10 stated:  "The Court instructs you that State Farm's delay in paying for Mr. Bossier's dwelling extension and its failure to pay for the contents in that dwelling extension were lacking an arguable or legitimate basis." *See* Pl's Proposed Phase Two Instructions (attached hereto as Ex. C) at P-10.

Phase Two Jury Charge Conf. Tr. at 1:24-2:11 (emphasis added); *see id.* at 19:20-23 ("The Court: . . . I am refusing P10 . . . ."). The Court thereafter submitted the arguable basis issue to the Jury as part of the punitive damages claim. Nov. 12, 2009 Hr'g Tr. at 48:14-49:1. The Jury unanimously ruled, "[w]e, the jury, find for the Defendant on the issue of punitive damages." Nov. 12, 2009 Jury Verdict [191].

The Court's finding that State Farm did not have an arguable basis for adjusting the dwelling extension claims was merely part of the threshold decision of whether to submit the claim to the Jury for final adjudication. Under Mississippi Code section 11-1-65, the Court must first hold an evidentiary hearing on the question of whether to submit the punitive damages issue to the jury, and if the Court decides to do so, "the trier of fact shall determine whether to award punitive damages and in what amount." Miss. Code. Ann. § 11-1-65(1)(d); *accord Sobley v. S. Natural Gas Co.*, 210 F.3d 561, 564-65 (5th Cir. 2000). Thus, as the Court correctly stated during the charge conference, it is for the Court to decide whether to submit the punitive damages issue to the jury, but it is for the Jury to decide whether Plaintiff met his burden of proof to obtain such damages. After its deliberations, the Jury unanimously rejected Plaintiff's claim for punitive damages. Nov. 12, 2009 Jury Verdict [191]. To revisit the arguable basis issue after it has been submitted and decided by the Jury would impinge upon State Farm's constitutional right to the trial by jury. Nor did Plaintiff propose any verdict form to ask the Jury to separately find that State Farm had no arguable basis. Therefore, even if Plaintiff's erroneous theory of recovering attorney fees and expenses applied (and it does not), Plaintiff's motion fails because the Jury did not find that State Farm had no arguable basis for its adjustment and unanimously rejected Plaintiff's claim for punitive damages. On the contrary, the Jury unanimously ruled, "[w]e, the jury, find for the Defendant on the issue of punitive damages." Nov. 12, 2009 Jury Verdict [191].

Moreover, even if the Court applied *Veasley* in the manner Plaintiff proposes, which it should not, Plaintiff's request for attorney fees and expenses still fails because the Jury did not find that State Farm was negligent in any way. Plaintiff did not submit a proposed jury instruction on a negligence

claim, and the Court gave no such instruction to the Jury. Plaintiff also abandoned his claim for emotional distress. Phase Two Jury Charge Conf. Tr. at 6:8-9 ("Ms. Guice: A bunch of yours [State Farm jury instructions] have to do with emotional distress, which we are not claiming."). By the end of trial, the only claims submitted to the Jury by Plaintiff were for compensatory damages under the homeowners insurance policy and punitive damages. The jury never considered or found whether State Farm's claims investigation was negligent, which further distinguishes this case from *Veasley*, 610 So. 2d at 295 (affirming emotional distress damages due to the insurer's "failure to pay a valid claim through the negligence of its employees"). Rather, as State Farm counsel summarized in closing argument, the evidence showed, among other facts, that State Farm attempted in good faith to obtain the information it needed from Plaintiff's neighbor to revise its adjustment to his dwelling extension, that Plaintiff's counsel drafted a misleading affidavit of Plaintiff's neighbor concealing the timing and severity of storm surge flooding, that storm surge flooding caused damage to Plaintiff's dwelling extension and contents, and that Plaintiff presented no evidence that any of his claimed personal property items were in the dwelling extension or that they were specifically destroyed. *See, e.g.*, Nov. 10, 2009 Hr'g Tr. at 21:19-23:3, 25:12-26:24, 33:11-36:2.

Accordingly, for all the foregoing reasons, Plaintiff's motion should be denied.

### D. Plaintiff Fails to Justify the Reasonableness of His Request for Attorney Fees and Expenses

In addition to being unable to justify any legal entitlement to an award of attorney fees or expenses, *see* Point II.A *supra*, Plaintiff also fails to justify the amount of his request. On its face, Plaintiff's request is manifestly unreasonable. Plaintiff sought to recover $629,244.87 in compensatory damages and $2,000,000 in punitive damages. Nov. 10, 2009 Jury Verdict [189]; Nov. 10, 2009 Hr'g Tr. at 47:4-5; Nov. 12, 2009 Hr'g Tr. at 31:19-23. After considering his claims, the Jury awarded Plaintiff only $52,300 in compensatory damages and ruled "[w]e, the jury, find for the Defendant on the issue of

punitive damages." Nov. 10, 2009 Jury Verdict [189]; Nov. 12, 2009 Jury Verdict [191].[4] This $52,300 Jury award is 2% of the $2,629,244.87 in total alleged damages that Plaintiff sought. For that mere 2% recovery, Plaintiff requests $215,550.00 in attorney fees and $16,468.28 in expenses, which would be more than four times greater (444%) than his total actual recovery.[5] In light of the Jury's generally unwelcome reception of Plaintiff's case and the 2% award, Plaintiff's motion for attorney fees and expenses is facially unreasonable and should be denied. It is Plaintiff's counsel, not State Farm, who would recover a "windfall" were Plaintiff's extreme request granted. *See* [199] at 3.

Under Mississippi law, an attorney fee award must be reasonable and well supported by the Court's conclusions of fact and law.[6] "It is well settled in this State that what constitutes a reasonable attorney's fee rests within the sound discretion of the trial court" and must "be supported by credible evidence" and "based on findings of fact and conclusions of law concerning" all the relevant factors. *Miss. Power & Light v. Cook*, 832 So. 2d 474, 486-87 (Miss. 2002) (en banc; citation omitted) (reversing attorney fee award for lack of sufficient factual findings); *see Ford Motor Co. v. Tennin*, 960 So. 2d 379, 396-97 (Miss. 2007) ("Any award of attorney's fees and expenses should be supported with factual determinations by the trial court"); *see also* Fed. R. Civ. P. 54(d)(2)(C) (when ruling on a motion for attorney fees, "[t]he court must find the facts and state its conclusions of law as provided in Rule 52(a)"). The Mississippi Supreme Court has held that it is an abuse of discretion to issue an attorney fee award that is not supported by specific findings of fact and conclusions of law for the governing factors. *BellSouth Personal Commc'n, LLC v. Bd. of Supervisors of Hinds County*, 912 So. 2d 436, 447-48 (Miss. 2005); *Cook*, 832 So. 2d at 487.

---

[4] Because Plaintiff did not accept State Farm's $275,000 offer of judgment, which exceeded the amount of the verdict, Plaintiff's recovery will be further reduced by $26,613.04. *See* Bill of Costs [205]; [205-2]; Fed. R. Civ. P. 68.

[5] Plaintiff also improperly seeks attorney fees and expenses related to his claim for structural damage to his dwelling extension. [199] at 1. For this dwelling extension claim, Plaintiff recovered no compensatory or punitive damages, making an attorney fee and expense award manifestly improper and contrary to Mississippi law. *See infra* at 16-17.

[6] A federal court sitting in diversity applies state law on the substantive requirements for obtaining attorney fees. *See, e.g., Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

14

The factors the Court should consider include the following: "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent." *Cook*, 832 So. 2d at 486; *accord* Miss. R. Professional Conduct 1.5(a) (listing factors); *see also McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982).[7]

**Time and Labor Required.**  The sole "evidence" presented by Plaintiff to attempt to support his motion is an affidavit from his counsel, Judy Guice, who also purports to speak for Plaintiff's other counsel, Stanton Fountain, and paralegal Rachel Poulos.  *See* [198-2] ¶¶ 4, 17.  As discussed below, Ms. Guice's affidavit – the only "evidence" presented by Plaintiff to obtain $215,550 in fees – is insufficient under Mississippi law.

Plaintiff does not explain, nor does his counsel, how the hours were computed for the request for attorney fees.  Plaintiff attempts to excuse himself from having to show how his counsel computed the hours allegedly spent on this case by citing to inapposite cases that do not apply Mississippi law.  *See* [199] at 6 (citing *Heasley v. Comm'r*, 967 F.2d 116 (5th Cir. 1992) (federal law in IRS tax dispute); *CWTW Corp. v. AM Gen. LLC*, 2006 WL 1804623 (S.D. Tex. June 28, 2006) (Texas law in quantum meruit action)).  In a diversity case, Mississippi state law controls "both the award of and the reasonableness of fees awarded." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).  Plaintiff's

---

[7] Plaintiff notes that the court in *McKee* – a divorce case – mentioned the relative wealth of the parties as a relevant factor. [199] at 5.  Relative wealth may be relevant in a divorce case (where contingency fee arrangements are unethical), but that "factor" is not adopted in subsequent decisions by the Mississippi Supreme Court in non-divorce cases, *see, e.g.*, *BellSouth Personal Commc'n*, 912 So. 2d at 445-46; *Cook*, 832 So. 2d at 486, nor is it adopted in Mississippi Rule of Professional Conduct 1.5(a), from which the relevant factors are drawn.  *See infra* at 23.

citation to cases decided using federal law and Texas law do not excuse his failure of proof.

Mississippi law is more exacting than the federal and Texas law Plaintiff cites. Plaintiff claims that a loadstar computation is "almost presumed reasonable," [199] at 5, but without substantial proof of the hours spent on the case, Mississippi law does not treat an attorney fee request as reasonable. For example, in *McKee* – perhaps a foundational case on attorney fee awards – the Mississippi Supreme Court reversed an attorney fee award because the proof submitted to the Court was insufficient. 418 So. 2d at 767. In *McKee*, the attorneys submitted evidence of their hours, some with diaries to substantiate the hours and some without diaries. *Id.* at 766-67. The Mississippi Supreme Court disfavored using "estimates" of hours (as Plaintiff presents here with nothing more) because "the approximation is more susceptible to error, and thus more suspect than properly maintained time records." *Id.* at 767. Although the court acknowledged that estimates may be considered, the attorney who submits an estimate "should have *a clear explanation of the method* used in approximating the hours consumed on a case." *Id.* (emphasis added). In *McKee*, the absence of such evidence warranted reversal of the award. *Id.* In this case, it undermines Plaintiff's motion for such an award in the first instance. *See also BellSouth Personal Commc'n,* 912 So. 2d at 439, 447-48 (vacating attorney fee award that was supported by "seventy-four pages of itemized billing statements"; rejecting "the simple rationale that a suit in court for three years involving thousands of pages of discovery must be worth over $100,000.00 in legal fees").

In this case, Plaintiff's only evidence submitted to attempt to support his request for attorney fees is Ms. Guice's affidavit. In her affidavit, Ms. Guice acknowledges that her contractual fee with Plaintiff is contingent upon a favorable outcome of the case but provides no details. [198-2] ¶ 4. She then opts for an hours-based fee regimen and asserts that she spent 621 hours performing various broad classes of tasks. *Id.* ¶¶ 9, 11, 12-15, 17. But Ms. Guice does not substantiate any of her assertions regarding the amount of time spent on any of these tasks. She does not state whether she kept diaries or maintained

any other internal records of her time. If she did keep records, Ms. Guice fails to provide them. Nor does Ms. Guice provide the required "clear explanation of the method used in approximating the hours consumed on a case," as the Mississippi Supreme Court requires. *See McKee*, 418 So. 2d at 767. Ms. Guice's bare and unsubstantiated assertions are, therefore, insufficient under Mississippi law to support Plaintiff's motion.

Moreover, Ms. Guice improperly commingles attorney fees allegedly incurred with regard to the dwelling extension claim for $77,607.80 and the dwelling extension contents claim. Plaintiff, however, did not recover any compensatory or punitive damages for damage to his dwelling extension, making any award for attorney fees and expenses contrary to Mississippi law. *Sobley*, 302 F.3d at 343; *Greer*, 58 F.3d at 1075; *Blades*, 2009 WL 3805519, at *4. By commingling the fees for recoverable and non-recoverable matters, the affidavit artificially and impermissibly inflates the amount of attorney fees at issue. Notably, Ms. Guice does not reveal whether Plaintiff is liable to her for a contingency fee on the amount State Farm paid for his dwelling extension.

Ms. Guice's assertions regarding the purported hours of Mr. Fountain are also unsubstantiated and insufficient under Mississippi law. She asserts that Mr. Fountain spent 75 "hours of time during trial." [198-2] ¶ 16. It appears that Mr. Fountain performed no direct examinations of witnesses, cross-examined no witness, presented no arguments to the jury, and argued no motions to the Court. Ms. Guice also fails to explain the basis for her personal knowledge of Mr. Fountain's time, how she computed Mr. Fountain's total time, and whether Mr. Fountain kept any diaries or other records, all failing the requirement of providing a "clear explanation of the method" for computing these figures. *McKee*, 418 So. 2d at 767. Nor does Ms. Guice explain when Mr. Fountain was retained, whether he typically works on a contingency fee basis, what his credentials are, or any information regarding his trial experience. Mr. Fountain's history of involvement in the case and professional background are withheld. It is not known if Ms. Guice's purported method of computing time is the same as Mr.

Fountain's method. Significantly, Mr. Fountain has not submitted any affidavit or other document (such as time diaries) to support any of Ms. Guice's suppositions.

Ms. Guice also fails to substantiate the time claimed for Ms. Poulos, a paralegal, whom Ms. Guice asserts charges $60 per hour in "[a]ttorney[] fees." [198-2] at. ¶ 17. Ms. Guice does not explain Ms. Poulos' credentials or experience. Yet Ms. Guice claims that Ms. Poulos spent 75 "hours of time during trial" and spent 100 "hours of pretrial preparation time." *Id.* ¶ 16. Ms. Guice fails to explain whether Ms. Poulos kept any diaries or other records to substantiate this claim. Nor does Ms. Poulos submit any affidavit or other document (such as time diaries) to confirm Ms. Guice's suppositions. Ms. Guice provides no basis whatsoever for her computation of Ms. Poulos' claimed time, which fails to satisfy the requirement of a "clear explanation of the method used in approximating the hours consumed on a case" where those hours are merely estimated. *McKee*, 418 So. 2d at 767.

Moreover, it is respectfully submitted that Plaintiff should not be allowed to recover attorney fees for unsuccessful efforts by his counsel. While Plaintiff submitted many pretrial motions as he notes, [199] at 7, many were unsuccessful and should not be permitted to form the basis for an award of attorney fees or expenses. For example, Plaintiff moved for partial summary judgment on several issues, including regarding the dwelling extension and its contents. *See* [77], [78], [79], [82], [83], [84]. The Court denied all those summary judgment motions in their entirety, including Plaintiff's motion for partial summary judgment regarding the dwelling extension and its contents. Oct. 9, 2009 Order [165]. Additionally, when Plaintiff obtained unfavorable results in discovery motion practice, Plaintiff sought review of Judge Walker's discovery orders on several occasions, [95] [101], even going so far as to seek default judgment against State Farm. [73]. This Court, however, denied all those motions as well. Sept. 11, 2009 Order [128]; Oct. 15, 2009 Order [170]. Plaintiff's counsels' needless and excessive expenditure of time and resources pursuing unsuccessful unfruitful motions (and appealing the denial of those motions) cannot properly form the basis for a reasonable award to be charged again State Farm.

18

**Novelty and Difficulty of the Questions Involved.** Plaintiff completely ignores this factor in his motion. *See* [199] at 7. This factor weighs against an award for attorney fees and expenses. This Hurricane Katrina case is one of many hundreds that have come before this Court with familiar factual and legal questions of wind versus water damage, a homeowners insurance policy, contract law, and insurance law. Much of the law controlling Plaintiff's claims for breach of contract and punitive damages has been largely settled by the Fifth Circuit, Mississippi courts, and this Court. *See, e.g.*, *Broussard*, 523 F.3d 618; *Tuepker v. State Farm Fire & Cas. Co.*, 507 F.3d 346 (5th Cir. 2007); *Corban v. United Servs. Auto. Ass'n*, – So. 3d –, 2009 WL 3208704 (Miss. Oct. 8, 2009) (en banc). Plaintiff presented no novel or uniquely difficult causes of action.

Even though this is Plaintiff's first Hurricane Katrina case, Plaintiff's counsel is well versed in Hurricane Katrina litigation, including cases involving State Farm. Whatever novelty or difficulty Plaintiff may have experienced was entirely mitigated by Plaintiff's counsel's extensive experience in Hurricane Katrina litigation. Plaintiff's counsel was personally involved in extensive litigation following Hurricane Katrina in which she explored numerous factual and legal issues early in Hurricane Katrina litigation. Plaintiff's counsel is thoroughly familiar with the factual and legal issues in Hurricane Katrina litigation and personally familiar with State Farm's homeowners policy, operation guides, employees, and other matters, all arising from her extensive litigation experience in this area, including from her own lawsuit. Plaintiff's counsel was a lead attorney in the Mississippi case *Corban*, 2009 WL 3208704, which delved deeply into and resolved fundamental coverage issues under Mississippi law. For the factual and legal issues in this case, Plaintiff's counsel employed much of her acquired familiarity and presented both evidence and argument that were borrowed from other Katrina cases, including from her own. Therefore, this factor heavily weighs against Plaintiff's motion.

**Plaintiff's Awareness of His Counsels' Opportunity Costs.** Among other factors to scrutinize a claim for attorney fees, Mississippi law requires consideration of "the likelihood, if apparent to the

client, that the acceptance of the particular employment will preclude other employment by the lawyer." *Cook*, 832 So. 2d at 486. Stated otherwise, this factor asks the Court to weigh the opportunity cost to Plaintiff's counsel and Plaintiff's awareness of that cost when he retained his counsel. This factor weighs against Plaintiff's motion.

Plaintiff has presented no evidence to suggest that he was aware or suspected that, by representing Plaintiff, Ms. Guice and Mr. Fountain would be prevented from pursuing other work. Plaintiff has submitted no affidavit for himself in support of his motion on any issue. Moreover, Ms. Guice's affidavit fails to identify a single instance in which she was precluded from any other professional opportunity due to her services in this case. Mr. Fountain submits nothing in support of Plaintiff's request, so there is no evidence to suggest that he was prevented from other work by representing Plaintiff. Indeed, neither Ms. Guice nor Mr. Fountain identify any other professional opportunity available to them, much less one they missed by working on this case. This factor, too, weighs against Plaintiff's motion.

**Customary Hourly Fee Charged in the Locality for Similar Services.** Plaintiff claims that the hourly fees by Ms. Guice, Mr. Fountain, and Ms. Poulos "are normal and reasonable." [199] at 8. Plaintiff's personal knowledge for such a claim is not revealed in his motion or any other paper. The only cited support for Plaintiff's claim is Ms. Guice's affidavit, but not even Ms. Guice claims in her affidavit that any of these hourly rates are customary in the locality or that they are reasonable for the legal services involved in this case. *See* [198-2]. Nor does Mr. Fountain or Ms. Poulos submit that their fees are customary in the locality or for the services they rendered. Plaintiff simply fails to make even a minimal showing to support this factor in the analysis.

**Amount at Issue Versus Results.** Another factor the Court is called to consider under Mississippi law is the relationship between "the amount involved and the results obtained." *Cook*, 832 So. 2d at 486. This factor serves as a check on the proportionality of the award sought to the actual

results the attorney obtained for the client. Plaintiff incorrectly believes that the proportionality is measured in part by "the amount of work involved, the financial investment of Plaintiff's counsel, [and] the risk of loss." [199] at 8. Those issues of risk and expected work are subsumed within a contingency fee arrangement. Under Mississippi law, the proportionality measure is solely between "the amount involved and the results obtained." *Cook*, 832 So. 2d at 486. Here, Plaintiff's motion seeks attorney fees that are grossly disproportionate to the results his attorneys obtained.

Plaintiff sought to recover $629,244.87 in compensatory damages and $2,000,000 in punitive damages. Nov. 10, 2009 Jury Verdict [189]; Nov. 10, 2009 Hr'g Tr. at 47:4-5; Nov. 12, 2009 Hr'g Tr. at 31:19-23. In total, the "amount involved" was at least $2,629,244.87. The Jury, after considering the evidence, argument, and advocacy, awarded Plaintiff $52,300 in compensatory damages and ruled, "[w]e, the jury, find for the Defendant on the issue of punitive damages." Nov. 10, 2009 Jury Verdict [189]; Nov. 12, 2009 Jury Verdict [191]. Therefore, the proportion between the amount involved and the result obtained is 2%. Furthermore, State Farm submitted to Plaintiff a $275,000 offer of judgment that was substantially greater than the results obtained, [204-2], and Plaintiff (presumably with advice of counsel) did not accept. *See* Mot. for Taxation of Costs [204]. The final results will therefore be reduced by $26,613.04. *Id.*; Bill of Costs [205]; Clerk Entry of Bill of Costs [206]. Plaintiff and his counsel bore this risk, and that should not be shifted to State Farm.

For Plaintiff's 2% recovery, he requests $215,550.00 in attorney fees and $16,468.28 in expenses, which would be more than four times greater (444%) than his total recovery. To spend $232,018.28 to earn less than $52,300 is an exceptionally negative return on investment. This gross disproportionality reflects a poor assessment of risk and a misguided view of the likely merits of the case. The American Rule places both the risk and the cost of such errors upon those who made the judgment, *i.e.*, Plaintiff and his counsel. This factor heavily weighs against charging State Farm for Plaintiff's attorney fees and expenses.

21

To attempt to justify his extreme request, Plaintiff cites to inapposite cases that permitted an attorney fee award exceeding the judgment obtained. [199] at 8-9. None of those cases, however, were decided under Mississippi law, which governs here. *See City of Riverside v. Rivera*, 477 U.S. 561 (1986) (federal civil rights case; statutory award of fees); *Meineke Disc. Muffler v. Jaynes*, 999 F.2d 120 (5th Cir. 1993) (federal and Texas law; contractual right to attorney fees); *Reneau v. Mossy Motors*, 622 F.2d 192 (5th Cir. 1980) (federal law; reversing and remanding attorney fee award); *Dunkin' Donuts, Inc. v. Mercantile Ventures, Inc.*, 1994 WL 720236 (W.D. Tex. Aug. 11, 1994) (federal law; statutory award of fees); *Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co.*, 837 N.E.2d 1121 (Mass. 2005) (Massachusetts law; statutory award of fees); *Askvig v. Wells Fargo Bank Wyo., N.A.*, 121 P.3d 783 (Wyo. 2005) (Wyoming law; contractual right to attorney fees). None of these cases apply Mississippi law or award attorney fees based upon common law principles, as Plaintiff seeks here. Plaintiff cites no Mississippi case to support the grossly disproportionate request for attorney fees. Such a disproportionate award is not favored. *See, e.g., Cook*, 832 So. 2d at 478, 487-88 (vacating $2.06M of attorney fee award on $5.15M judgment for insufficient findings by trial judge of relevant factors).

Accordingly, the relationship between the amount at issue versus the results Plaintiff's counsel obtained strongly weighs against Plaintiff's motion.

**Time Limitations.** In his haste to dispose of this factor, Plaintiff misapprehends that the time limitations that Mississippi law requires to be considered when weighing an attorney fee award are "time limitations imposed **by the client** or **by the circumstances**." *Cook*, 832 So. 2d at 486 (emphasis added). Plaintiff has submitted no affidavit for himself to suggest that he imposed any time limitations, and Plaintiff's counsel does not assert in her affidavit that Plaintiff imposed any such limitations. Plaintiff identifies no particular source of special time limitations other than those imposed by the Court, which is done in every case. In theory, the trial of this case could have been moved without affecting the merits of Plaintiff's case. Thus, this factor, too, does not support Plaintiff's motion.

22

**Nature and Length of Professional Relationship.**  Plaintiff admits that his retention of Ms. Guice was limited to his Hurricane Katrina litigation and that he has no prior professional relationship with Ms. Guice.  Plaintiff is utterly silent about the nature and length of the professional relationship regarding Mr. Fountain.  Thus, this factor does not support Plaintiff's motion with respect to Ms. Guice's fees or Mr. Fountain's fees.

**Experience, Reputation, and Ability of Counsel.**  The experience, reputation, and ability of Ms. Guice is self evident from her prior Hurricane Katrina litigation and advocacy in this case.  But Mr. Fountain does not provide the Court with any indication of his experience, reputation, or ability, and Ms. Guice is silent in her affidavit as to Mr. Fountain's experience, reputation, and ability.  Plaintiff does not claim that Mr. Fountain has tried a case before this one or that he has worked on a Hurricane Katrina case in the past.  Mr. Fountain did not question any witness, argue any motion, or present any advocacy to the jury.

**Resources of the Parties.**  This so-called "factor" is mentioned by the Mississippi Supreme Court in *McKee*, a divorce case, in which it is unethical to charge contingency fees.  460 So. 2d 767; *see also* Miss. R. Professional Conduct 1.5(d)(1).  Where only an hourly rate can be charged divorcing parties, it is rational for the court to consider whether the prevailing party can afford the fees necessary to obtain the divorce.  Relative wealth may be relevant in a divorce case, but that "factor" is not listed in subsequent decisions by the Mississippi Supreme Court in non-divorce cases, *see, e.g.*, *BellSouth Personal Commc'n*, 912 So. 2d at 445-46; *Cook*, 832 So. 2d at 486, nor is it adopted in Mississippi Rule of Professional Conduct 1.5(a), from which the relevant factors are drawn.

Moreover, in this case, Plaintiff does not claim that he cannot afford to pay his attorney fees, which are contingent on the outcome of the case.  Plaintiff is a well-established and successful businessman.  Nor does Ms. Guice, in her affidavit, claim any financial hardship from her expenses or fees.  Mr. Fountain and Ms. Poulus are silent.

In short, based upon consideration of all the relevant factors, Plaintiff's requested attorney fee award is clearly unreasonable and should be denied in its entirety.[8]

### E.    Plaintiff Fails to Substantiate His Expenses

In addition to being unable to justify any legal entitlement to an award of attorney fees or expenses, *see* Point II.A *supra*, Plaintiff fails to substantiate the amount of the expenses that he claims to have incurred.  The only support for his request is the affidavit of his counsel, Ms. Guice.  Plaintiff submits no evidence to support any expenses by Mr. Fountain, who supposedly spent 75 hours on this case.

Ms. Guice acknowledges in her affidavit that her office tracks her expenses, even so far as to "track[] each photocopy made" during the course of her work.  [198-2] at 6 n.3.  Despite such meticulous record keeping, Ms. Guice does not provide the Court with a single record, receipt, bill, estimate, or other document to support Plaintiff's request for expenses in his motion.  Receipts and other documents to support expenses would certainly be available from PACER, depositions, experts, filing and service, overnight mail, research, witness fees, and other expenses, but Plaintiff refuses to provide them with his motion.  Plaintiff's refusal to substantiate his request for expenses does not even permit the Court to check his computations.

Moreover, Ms. Guice does not subtract expenses incurred regarding Plaintiff's claim for contents in his house or additional living expenses.  *See id.* at 6.  Nor does she subtract expenses regarding Plaintiff's claim for damage to his dwelling extension, *id.*, for which he did not recover any compensatory or punitive damages.  By commingling expenses for recoverable and non-recoverable matters, the affidavit artificially and impermissibly inflates the claimed expenses.  Since Plaintiff has not

---

[8] Plaintiff cites *Jowers v. BOC Group, Inc.*, 608 F. Supp. 2d 724 (S.D. Miss. 2009), to suggest that any challenge to the reasonableness of the amount of an attorney fee requires State Farm to provide its own attorney fee expenses. *See* [199] at 4. *Jowers*, however, does not support Plaintiff's position here.  In *Jowers*, the defendant did not challenge the amount of the attorney fee request, and the court stated that *if* such a challenge were filed, a comparison of hours and rates may be warranted. *Jowers*, 608 F. Supp. 2d at 784 & n.291.  The *Jowers* court did not cite to any Mississippi law on the subject but only the law of other states.  Thus, not only is it *dicta*, but that portion of the opinion is unsupported by any cited Mississippi law.

provided any documents of any kind to substantiate his claim, it is not possible for the Court to correct the calculations. Plaintiff has, therefore, failed to substantiate his expenses, and his request for them should be denied.

## III.  PLAINTIFF'S REQUEST FOR JUDGMENT INTEREST IS ERRONEOUS

Plaintiff appears to misapprehend the legal requirements for and the difference between prejudgment and post-judgment interest because he seeks for "prejudgment interest from October 10, 2005, to present." [199] at 15; *see also* [198] at 1 (prejudgment interest "until paid"). Not only does such a request improperly conflate prejudgment and post-judgment interest, it also obscures a proper calculation of those rates.

The Fifth Circuit has held that "issues of prejudgment interest are governed by applicable state law." *Canal Ins. Co. v. First Gen. Ins. Co.*, 901 F.2d 45, 47 (5th Cir. 1990); *see also* 19 Charles A. Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice & Procedure* § 4511 n.124 (3d ed. 2009) (state law governs awards for prejudgment interest); 17A James Wm. Moore, *Moore's Federal Practice – Civil* § 124.07[3][a] (3d ed. 2009) (same). The Fifth Circuit has further held a federal court sitting in diversity applies federal law to compute and award post-judgment interest. *See, e.g.*, *Hall v. White, Getgey, Meyer Co.*, 465 F.3d 587, 594 (5th Cir. 2006) (in diversity case, reversing post-judgment interest award that was computed under state law because "post-judgment interest rate for judgments in federal courts is governed by federal statute, 28 U.S.C. § 1961(a)"); *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 622 (5th Cir. 1988) ("[F]ederal postjudgment interest statute applies in diversity cases."); *see also* 19 Charles A. Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice & Procedure* § 4511 n.124 (3d ed. 2009) (federal law governs post-judgment interest in diversity cases); 17A James Wm. Moore, *Moore's Federal Practice – Civil* § 124.07[3][a] (3d ed. 2009) (same).

Plaintiff, in his motion, does not discuss any applicable law with regard to the computation or

award of prejudgment or post-judgment interest. *See* [199] at 13-14.[9]  As discussed below and in State

Farm's opposition to Plaintiff's motion for prejudgment interest, [197], Plaintiff's computation of

prejudgment and post-judgment interest is contrary to the applicable law and should be rejected.

Prejudgment interest, under Mississippi law, accrues from the day that a principal amount is established

or ascertainable and runs until the day of judgment.  Post-judgment interest, under federal law, accrues

from the day of judgment and runs until it is paid.  *See Bonjorno*, 494 U.S. at 835-36.

### A.    Prejudgment Interest

After the Jury returned a verdict unanimously rejecting Plaintiff's claim for punitive damages,

Plaintiff moved *ore tenus* for prejudgment interest on the jury's verdict of $52,300 – an amount that

corresponds to the total claimed for personal property that was damaged in Plaintiff's outbuilding.  Nov.

12, 2009 Hr'g Tr. at 54:1-5.   State Farm, as requested by the Court, promptly filed a response in

opposition to Plaintiff's motion.  [197].  In his motion, Plaintiff has no answer to any of the points or

authorities raised in State Farm's opposition.

Plaintiff contends that the interest should be computed from October 10, 2005, the day of State

Farm's first dwelling payment and the day State Farm used during its ongoing insurance adjustment to

compute interest for its subsequent payments for the dwelling and dwelling extension.  To compute

interest for Plaintiff's personal property damages, however, the Court should use as the starting date the

day that State Farm first obtained Plaintiff's personal property inventory.  The inventory is essential to

ascertain the dollar value of personal property in the dwelling extension, which would be the principal

amount from which any prejudgment interest would be calculated.  Without a principal, no interest can

accumulate.  Plaintiff provided his personal property inventory to State Farm on October 27, 2008,

---

[9] The case *Phillips Petroleum Co. v. Adams*, 513 F.2d 355 (5th Cir. 1975), cited by Plaintiff, applied Texas law.  Cases decided by the Mississippi Supreme Court would not apply federal law for post-judgment interest, and neither *Veasley* nor *Merrill*, cited by Plaintiff, discuss the requirements for or computation of prejudgment interest.  *See Merrill*, 978 So. 2d 613 (applying Mississippi law for post-judgment interest; not analyzing requirements or computation of prejudgment or post-judgment interest); *Veasley*, 610 So. 2d 290 (not analyzing prejudgment or post-judgment interest).

during discovery after suit was filed. *See* Nov. 12, 2009 Hr'g Tr. at 54:1-5 (direct examination of Tip Pupua); Pl's Pre-Discovery Disclosures (attached hereto as Ex. B) at 4, no. 2(l) (served to State Farm on Oct. 27, 2008). Therefore, the Court should use October 27, 2008 to compute any prejudgment interest on the total verdict of $52,300.

As the Fifth Circuit has held under Mississippi law, prejudgment interest may be warranted "in the insurer-insured context where the claim was liquidated when made." *Canal Ins.*, 901 F.2d at 47 (citing cases). "On the other hand, [the Mississippi Supreme Court] has reversed prejudgment interest awards where the underlying amounts were unliquidated." *Id.* For example, in *Coho Resources, Inc. v. McCarthy*, 829 So. 2d 1 (Miss. 2002) (en banc), the Mississippi Supreme Court held that "'**[n]o award of prejudgment interest may rationally be made where the principal amount has not been fixed prior to judgment**.'" *Id.* at 20 (citation omitted; emphasis in original); *accord Tupelo Redev. Agency v. Abernathy*, 913 So. 2d 278, 286-87 (Miss. 2005) (reversing prejudgment interest award). Thus, as the Fifth Circuit ruled, a "key consideration" for prejudgment interest is that the principal "funds due . . . are established or ascertainable in amount." *Canal Ins.*, 901 F.2d at 47.

Here, the dollar amount at issue – Plaintiff's personal property in the dwelling extension – was neither "established" nor "ascertainable" until the inventory was drafted by Plaintiff and furnished to State Farm. This happened after suit was filed and during discovery. In similar circumstances, the Mississippi Supreme Court has outright denied prejudgment interest. For instance, in *Theobald v. Nosser*, 784 So. 2d 142 (Miss. 2001), the Court denied prejudgment interest entirely because the amount of the judgment for the breach of contract was not clear at the time the claim was made. *Id.* at 145. The Court held that the "generally accepted definition of liquidated damages [is] damages for breach of contract set by the terms of the contract itself." *Id.* (citing *Black's Law Dictionary* 941 (7th ed. 1999)). Otherwise, damages are unliquidated, and prejudgment interest is not due. *Id.*

Under Mississippi law, unliquidated damages are "'damages that have been established by a

verdict or award but cannot be determined by a fixed formula, so they are left to the discretion of the judge or jury.'" *Benchmark Health Care Ctr., Inc. v. Cain*, 912 So. 2d 175, 183-84 (Miss. Ct. App. 2005) (alteration omitted; citation omitted); *accord Sports Page Inc. v. Punzo*, 900 So. 2d 1193, 1207 (Miss. Ct. App. 2004) (reversing award of prejudgment interest; "[w]e find that this claim was not 'liquidated' as the courts have defined that term, because it was in dispute and uncertain prior to the judgment . . . .") (applying *Moeller v. Am. Guarantee & Liab. Ins. Co.*, 812 So. 2d 953, 958 (Miss. 2002)); *see Grace v. Lititz Mut. Ins. Co.*, 257 So. 2d 217, 225 (Miss. 1972) (in Hurricane Camille case, denying prejudgment interest because the dispute over the amount owed was not in bad faith).

As applied to this case, no prejudgment interest should be awarded until the principal (*i.e.*, the dollar value of personal property in the outbuilding) was established or ascertainable. The earliest this could have occurred is when Plaintiff first provided his personal property inventory to State Farm during discovery in this case on October 27, 2008. Without that inventory, the total dollar amount at issue for Plaintiff's personal property in the outbuilding would have been wholly speculative, not "established or ascertainable" as required. *See Canal Ins.*, 901 F.2d at 47 (holding that the principal must be established or ascertainable to form a basis for prejudgment interest and unliquidated amounts are not eligible for prejudgment interest).

Plaintiff contends that prejudgment interest should be computed using an earlier date based on several misleading and erroneous arguments. *See* [199] at 13-14. Plaintiff claims that State Farm should pay interest before the principal was ascertainable because State Farm paid interest when it paid Plaintiff for damage to his dwelling extension "even though it did not receive the affidavit of Joseph Ziz until January 2008." *Id.* at 14. Plaintiff entirely misapprehends State Farm's argument. Mr. Ziz's affidavit related to the cause of damage, not the dollar value of Plaintiff's dwelling extension. Learning about the cause of damage does not cause interest to accrue until the dollar value of the damages is known. Plaintiff's personal property inventory is the *sole* basis for ascertaining the dollar value of his

personal property in the dwelling extension. That dollar value is the principal upon which interest would accrue and was not established or ascertainable until Plaintiff drafted and furnished his personal property inventory to State Farm.

Plaintiff also claims that State Farm representative Tip Pupua testified that he "intentionally refused" to "fix the amount of contents loss" because the claim was denied. *Id.* at 14. As with the entirety of Plaintiff's motion, this argument cites to nowhere in the trial record. Mr. Pupua cannot be reasonably expected to guess what personal property, if any, Plaintiff owned in a specific portion of his house, much less the dollar value of that property. An insurance company is not required to pay claims based upon raw guesses about the existence and value of property. This argument, as with Plaintiff's other prejudgment interest arguments, is unsupported by Mississippi law.

Accordingly, State Farm submits that the Court should compute any prejudgment interest upon the judgment starting from October 27, 2008, which is when the dollar value of Plaintiff's dwelling extension personal property was known.

### B.    Post-Judgment Interest

Plaintiff disputes the Court's entry of post-judgment interest by labeling it a "clerical error." [199] at 13 n.8. Plaintiff provides no further analysis and cites no authorities to suggest that the interest rate should be any different.

As explained above, an award of post-judgment interest is governed by federal law. *See supra* Point III. The amount of post-judgment interest is set by the United States Federal Reserve:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment.

28 U.S.C. § 1961(a). That interest is then "computed daily to the date of payment . . . and shall be compounded annually." *Id.* § 1961(b). Therefore, post-judgment interest begins to accrue from the day

of judgment until the judgment is paid. *See Bonjorno*, 494 U.S. at 835 ("[W]e conclude that postjudgment interest properly runs from the date of the entry of judgment.").

In this case, State Farm promptly paid Plaintiff the amount awarded by the Jury. *See* Nov. 23, 2009 letter and check (attached hereto as Ex. D). By paying Plaintiff the amount of the Jury verdict, State Farm satisfied the judgment within the ten day period subject to an automatic stay of executing judgment, pursuant to Fed. R. Civ. P. 62(a). Therefore, no post-judgment interest should be awarded.

Moreover, as for the amount of post-judgment interest (if any), the Federal Reserve reports that the 1-year weekly average interest rate for constant maturity instruments for the week before judgment was entered is 0.36%. *Board of Governors of the Federal Reserve System, Federal Reserve Statistical Release* at 1, col. 7, row 25 (Nov. 9, 2009), *available at* http://www.federalreserve.gov/releases/h15/20091109/h15.pdf (attached hereto as Ex. E). Plaintiff is correct that a post-judgment rate of 0.34% is a clerical error.[10] The correct rate is 0.36% and may not be altered by the Court. *See Bonjorno*, 494 U.S. at 840 (rejecting equity argument for a higher rate of post-judgment interest; "Where Congress has . . . set a definite interest rate that governs this litigation, the courts may not legislate to the contrary.").

This Court should, therefore, alter the Clerk's Judgment to reflect a post-judgment interest rate of 0.36%.

## IV.    CONCLUSION

Accordingly, for all the foregoing reasons, Plaintiff's motion to alter or amend judgment to add attorney fees, expenses, and judgment interest should be denied in its entirety.

---

[10] The 0.34% interest rate is for 1-year constant maturity instruments on November 6, 2009 – the day the clerk entered final judgment. Ex. E; [193]. The correct interest rate pursuant to 28 U.S.C. § 1961(a) is the weekly average rate for the week before judgment was entered, not the interest rate on the day judgment is entered.

Dated:  December 3, 2009

                                                Respectfully submitted,

                                                /s/  *H. Benjamin Mullen*
                                                H. BENJAMIN MULLEN, MSB # 9077
                                                BRYAN, NELSON, SCHROEDER,
                                                CASTIGIOLA & BANAHAN
                                                Attorneys at Law
                                                Post Office Drawer 1529
                                                Pascagoula, MS  39568
                                                (228) 762-6631
                                                *Attorneys for Defendant*
                                                *State Farm Fire and Casualty Company*

<u>**CERTIFICATE OF SERVICE**</u>

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE &**

**CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing

document with the Clerk of Court using the ECF system which sent notification of such filing to all

counsel of record.

DATED, December 3, 2009.

*/s/ H. Benjamin Mullen*
H. BENJAMIN MULLEN

H. BENJAMIN MULLEN
BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN
Attorneys at Law
Post Office Drawer 1529
Pascagoula, MS 39568
(228) 762-6631