## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**REGINALD EDWIN BOSSIER**                                        **PLAINTIFF**

**VERSUS**                                        **CAUSE NO. 1:08-cv-408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                **DEFENDANT**

### MOTION FOR REVIEW AND OBJECTION
### TO [205] CLERK'S TAXATION OF COSTS

COMES NOW Plaintiff, by and through undersigned counsel of record, and files herewith his Motion for Review and Objection to [205] Clerk's Taxation of Costs and for cause therefore would show unto this Honorable Court as follows:

### I. BACKGROUND

1.

Judgment in this matter was entered in favor of Plaintiff on November 12, 2009, in the amount of $52,300.00. [ECF 193]

2.

On November 19, 2009, Plaintiff filed a Motion to Alter or Amend said judgment to include an award of attorney's fees and litigation expenses. [ECF 198]

3.

On November 20, 2009, Plaintiff filed a Motion for Judgment as a Matter of Law or in the Alternative for a New Trial. [ECF 200]

4.

On November 23, 2009, Defendant State Farm filed a Motion to Tax Costs Against the Plaintiff in a Cost Bill in the amount of $26,613.04. [ECF 204]

5.

On November 24, 2009, the Clerk taxed costs in the amount of $26,613.04 in favor of Defendant State Farm. [ECF 205]

6.

The Clerk's Taxation of Costs is manifestly in error and contrary to law and should be stricken in its entirety.  In the alternative, the amount of costs taxed are grossly excessive.

## II.  **RULE 68**

7.

Rule 54(d), Fed. R. Civ. P., provides for an award of costs "to the prevailing party."  28 U.S.C. § 1920 defines recoverable costs as follows:

(1)    Fees of the clerk and marshal;

(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title;

> (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . .

While a District Court may decline to award the costs listed in the statute, it may not award costs omitted from the list. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S.Ct. 2494, 2498, 96 L.Ed.2d 385 (1987).[1]

8.

Defendant State Farm is not a prevailing party entitled to costs under Rule 54(d). Indeed, Plaintiff is the prevailing party in this action. Accordingly, Defendant is not entitled to any costs.

9.

The only argument which would allow Defendant to costs in its favor is limited to whether it filed a valid Rule 68 Offer of Judgment and whether said Offer of Judgment was more favorable to Plaintiff than the judgment actually obtained. Both of those determinations require a decision from the District Court Judge. Until such a decision is made, the Clerk is not authorized to tax any costs in State Farm's favor. Thus, the award of costs should be vacated pending ruling on all post-trial motions.

---

[1]Defendant is simply wrong in asserting that costs are mandatory. *Crawford Fitting*, *supra*, makes clear they are discretionary and neither the Fifth Circuit nor Southern District cases cited by Defendant hold otherwise. Indeed, costs were not allowed under Rule 68 in either of said cases.

3

10.

The Offer of Judgment fails to comply with Rule 68, which provides "more than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, **with the costs then accrued**."

11.

Defendant's offer makes no specification that would permit Plaintiff to recover "the costs then accrued" as required by the Rule.  Indeed, the offer appears to intend to preclude any further monetary payments, including costs, or attorney fees, as it required Plaintiff to execute a "release of any and all claims." Under these circumstances, the Offer of Judgment was invalid.  *See*, *Thompson v. Southern Farm Bureau Cas. Ins. Co.*, 520 F.3d 902, 904-05 (8th Cir. 2008) (offer of judgment unambiguously excluding costs <u>held</u> invalid); *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 401-03 (8th Cir. 1988) (offer of judgment invalid as it did not expressly address attorney's fees); *Bentley v. Bolger*, 110 F.R.D. 108, 112 (C.D. Ill. 1986) (offer of judgment allowing costs but excluding attorney fees <u>held</u> invalid as a "valid Offer of Judgment in response to a Title VII claim must either explicitly or implicitly encompass a provision for costs, including attorney's fees that are reasonable under the circumstances.").

12.

Defendant could have, but did not, expressly include costs within the lump sum amount specified.  Since it did not do so and further required execution of

4

a release which would prohibit Plaintiff from recovering costs, the offer is invalid as it "implicitly or explicitly provide[s] that the judgment <u>not</u> include costs." *Marek v. Chesny*, 473 U.S. 1, 6, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

13.

Defendant's offer also violates Rule 68 by its explicit requirement that Plaintiff execute a release in favor of State Farm.  It has been recognized that "while a release in return for consideration and a stipulated judgment may have similar effects, they are different animals." *Oram v. DeCholnoky*, 47 Conn. L. Rptr. 105 at *2 (Conn. 2009) (construing similar Connecticut statute).  Thus, an offer of judgment that requires a release of all claims against the Defendant has been held to be invalid as a cost-shifting mechanism.  *URS Group, Inc. v. Tetra Tech FW, Inc.*, 181 P.3d 380, 392 (Colo. 2008).

14.

Since State Farm's Offer of Judgment violated Rule 68, and since State Farm is not the prevailing party, it is not entitled to have any costs taxed in its favor.

15.

In the alternative, a comparison between the amount of the judgment recovered and the amount of the Offer of Judgment cannot be made until Plaintiff's post-trial motions have been decided.

16.

Defendant's purported Offer of Judgment made clear that it was all-inclusive and intended to result in a "full and final dismissal and release of any and all of claims against State Farm Fire and Casualty Company." [ECF 204-2]

17.

The claims asserted by Plaintiff against State Farm included claims of attorney's fees, litigation expenses, and prejudgment interest. These are matters to be included as damages (not costs) in an insurance bad faith case such as the one asserted by Mr. Bossier.[2] It was determined by the Court, and agreed to by all counsel, that the issue of attorney's fees, litigation expenses, and prejudgment interest would be made following verdict. Until such a determination is made, it is unknown whether the ultimate judgment to be received by Plaintiff will be more favorable to the Offer of Judgment.[3]

### III. COSTS ARE EXCESSIVE

18.

Furthermore, State Farm's cost bill is grossly excessive. The Clerk was manifestly in error in taxing same. While no authority permits the taxing of any costs in Defendant's favor since Plaintiff was the prevailing party, should the

---

[2]Because attorney fees in this case are awarded as damages and not costs, both pre-offer and post-offer fees must be considered in determining whether the ultimate judgment is more favorable than the Offer of Judgment. *See*, *Marek*, *supra*.

[3]Plaintiff's Motion to Alter or Amend requests additional damages in the form of attorneys' fees, litigation expenses, and prejudgment interest that would exceed the amount of the Offer of Judgment.

Court find that Defendant successfully shifted costs of the action after the Offer of Judgment was made on October 6, 2009, such costs must be limited to those statutorily permitted.

### A.    Service of Process

19.

The Defendant demands $140 for service of process fees for serving subpoenas on three witnesses - -  Katie Bossier, Joseph Ziz, and Stanton Fountain.  None of these witnesses were called by Defendant at trial.  Accordingly, the fees do not constitute appropriate witness fees payable under 28 U.S.C. § 1920.

### B.    Transcripts

20.

While the Defendant demands $9,148.70 for transcripts, none of the claimed expenses were "necessarily obtained for use in the case."  The fee for Teri Norton in the amount of $6,243.10 is for the daily transcript copy obtained by Defendant during the trial.  Such was solely for the convenience of Defendant and in no way was "necessarily" obtained for use in the trial.  Defendant never cited the transcript during the trial, whether during cross-examination or in conferences with the Court.  Fees for daily copy must be disallowed.  *See, Farmer v. Arabian American Oil Co.,* 397 U.S. 227, 234, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); *In re Nissan Antitrust Litigation,* 577 F.2d 910, 918 (5th Cir. 1978); *Halliburton Energy Services, Inc. v. M-I, LLC,* 244 F.R.D. 369 (E.D. Tex. 2007).

21.

The fee to Simpson Burdine and Migues in the amount of $787.00 is for depositions taken well prior to the October 6, 2009, Offer of Judgment. Indeed, the bills themselves indicate that they were incurred on May 20, 2009; July 31, 2009; and July 31, 2009. Similarly, the fees for Legalink in the amount of $2,118.60 relate to pre-offer deposition expenses. Rule 68's cost shifting provision applies only to post-offer costs. Because those expenses were incurred prior to the Offer of Judgment, they are not recoverable by Defendant.[4]

**C.    Witness Fees**

22.

Although § 1920 allows costs to be taxed for "fees . . . for . . . witnesses," such expenses are addressed to the discretion of the Court. 28 U.S.C. § 1821 governs the attendance, travel, and subsistence fees that may be taxed. The general rule is that expenses for travel beyond 100 miles are typically refused as taxable cost. *Farmer*, *supra*, at 234-35. The reason behind this general rule is exemplified by State Farm's request to tax the outlandish expenses of Lee Ann Johnson. Ms. Johnson's deposition was taken in this case and offered by Plaintiff during Plaintiff's case in chief. Defendant declined to designate any portions of the deposition. Instead, Defendant voluntarily chose to incur the expense of bringing Ms. Johnson live at trial when it could have and should have utilized her

---

[4]In addition, these depositions were not used by Defendant during trial. Plaintiff introduced portions of the Lee Ann Johnson and Matthew Thiel depositions during his case in chief. Defendant made no counter-designations.

deposition testimony.  No fees should be allowed for Lee Ann Johnson.  *See,*
*Morrison v. Alleluia Cushion Co.,* 73 F.R.D. 70, 71 (N.D. Miss. 1976) (disallowing
witness fee where deposition could have been offered).

23.

In the alternative, the Court should allow only one $40 per day witness
attendance fee for Ms. Johnson and one day of subsistence at the statutory rate
of $124.00.[5]  No showing has been made as to why Ms. Johnson could not have
attended the trial, testified, and left.  Indeed, it appears that she stayed for seven
days for her own reasons, not because same was necessary for trial.  She sat in
the courtroom after she testified and obviously was not available for any rebuttal
case.  Defendant's attempt to require its insured to pay the cost of Ms. Johnson's
vacation is manifestly improper.

24.

Similarly, no fees should be allowed for Tip Pupua, who was present at trial
not as a witness, but as "the face of State Farm."[6]  Expenses borne by a party for
its representative to appear at trial are not taxable as costs.  It is ludicrous for
State Farm to bill its insured over $3,000.00 for State Farm's airfare jetting from

---

[5]Subsistence rates are set forth in Publication 1542, Per Diem Rates, Department of the
Treasury.  Defendant's attempt to require Plaintiff to pay daily charges in excess of $124.00 a day
may not be allowed.

[6]Although Pupua testified three times during the trial, his testimony was always presented
as "the face of State Farm" as defense counsel continually called him.  Thus, unlike the case of
*Ezelle v. Bauer Corp.,* 154 F.R.D. 149, 154-551 (S.D. Miss. 1994), he should not be allowed
witness fees even for the days he testified.

9

Utah to the Mississippi courthouse. Similarly, there is no reason why Mr. Pupua required a hotel for 14 days and a rental car. State Farm is not entitled to tax as costs the expenses of its representative to attend trial.

25.

Defendant seeks to require Plaintiff to pay almost $4,000.00 for Forrest Masters, notwithstanding the fact that he was not allowed to testify in this case due to his failure to comply with Mississippi law. Obviously, no amount was necessarily incurred for Mr. Masters' appearance at trial. Nothing should be allowed for this needless expense.

26.

As for Dr. Weisburg, his testimony was limited greatly. It is certainly excessive to require the Plaintiff to pay for two airfares and over $1,000.00 in hotel and meal expenses. Normally, expenses for travel outside the 100 mile limit in which subpoenas can be issued from this Court is not allowed as taxable costs absent special circumstances. *Goodwin Brothers Leasing Inc. v. Citizens Bank*, 587 F.2d 730 (5th Cir. 1979). At most, Dr. Weisburg should be permitted an appearance fee and subsistence for only the one day he testified.

27.

State Farm asks Plaintiff to pay as costs travel time for its attorneys, paralegal, and runner, as well as the cost of the conference and meals for same during the trial. Defendant even had the temerity to require Plaintiff to pay for the costs of delivering documents ordered to be produced by the Court. *See, City*

10

*Bank of Honolulu v. Davila*, 438 F.2d 1367 (1st Cir. 1971) (travel expenses of counsel, messenger charges, and hotel expenses not properly taxed costs); *Walker v. Borden, Inc.*, 115 F.R.D. 471 (S. D. Miss. 1986).   These items are not allowable as costs and the Clerk acted contrary to law in allowing same.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court enter an Order striking the Clerk's Taxation of Costs against Plaintiff.  In the alternative, the Court should greatly reduce said costs as noted herein. Plaintiff prays for such other and further relief as may be deemed appropriate.

THIS the 3rd day of December, 2009.

Respectfully submitted,

REGINALD EDWIN BOSSIER


BY: */s Judy M. Guice*
    JUDY M. GUICE (#5057)


Judy M. Guice (#5057)
JUDY M. GUICE, P.A.
P. O. Box 1919
Biloxi, MS 39533
Telephone:   (228) 374-9787
Facsimile:   (228) 374-9436

11

**CERTIFICATE OF SERVICE**

I, Judy M. Guice, counsel for Plaintiff, do hereby certify that I have this day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to the following:

H. Benjamin Mullen, Esquire
John A. Banahan, Esquire
Bryan, Nelson, Schroeder, Castigliola & Banahan, PLLC
P. O. Drawer 1529
Pascagoula, MS 39568

This the 3rd day of December, 2009.

_s/Judy M. Guice_____
JUDY M. GUICE (MSB #5057)