IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REGINALD EDWIN BOSSIER,

        Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant.

No.: 1:08-CV-00408-LTS-RHW

**STATE FARM FIRE AND CASUALTY COMPANY'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR TAXATION OF COSTS AGAINST PLAINTIFF [204]**

## TABLE OF CONTENTS

**Page**

I. FACTUAL BACKGROUND..................................................................................................1

II. UNDER FED. R. CIV. P. 68(d), PLAINTIFF IS CHARGED WITH ALL COSTS THAT STATE FARM INCURRED AFTER IT EXTENDED ITS OFFER OF JUDGMENT TO pLAINTIFF.................................................................................................2

    A. The Cost-Shifting Provision of Fed. R. Civ. P. 68 Is Mandatory and Applies in This Case............................................................................................2

    B. State Farm's Offer of Judgment Was Valid and Is Enforceable .........................4

    C. Plaintiff Is Not Entitled to Attorney Fees as a Matter of Law and Has Not Obtained a More Favorable Judgment Than the Offer of Judgment He Rejected ...............................8

III. STATE FARM'S REQUESTED COSTS ARE REASONABLE AND TAXABLE .....................8

    A. Service of Process ................................................................................................9

    B. Daily Transcripts................................................................................................10

    C. Witness Fees ......................................................................................................11

        1. Lee Ann Johnson................................................................................11

        2. Tip Pupua............................................................................................12

        3. Dr. Forrest Masters.............................................................................13

        4. Dr. Robert Weisberg ..........................................................................14

    D. Depositions........................................................................................................15

    E. Attorney, Paralegal, and Runner Expenses ......................................................16

IV. Conclusion ............................................................................................................17

COMES NOW the Defendant, STATE FARM FIRE AND CASUALTY COMPANY ("State Farm"), by and through its counsel of record and files this Reply Memorandum in Further Support of its Motion for Taxation of Costs Against Plaintiff. [204]. As explained below, Plaintiff must be held responsible for State Farm's costs incurred after it extended its offer of judgment to Plaintiff pursuant Fed. R. Civ. P. 68. State Farm's costs are reasonable and taxable under 28 U.S.C. § 1920. Moreover, this Court may hold Plaintiff responsible for State Farm's pre-offer costs under 28 U.S.C. § 1920 because he recovered a judgment less than the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332(b). Accordingly, for the reasons in State Farm's opening papers and as discussed below, State Farm's motion should be granted in its entirety.

## I.  FACTUAL BACKGROUND

The facts surrounding State Farm's offer of judgment are undisputed. On October 6, 2009, State Farm served an offer of judgment in the lump sum of $275,000, pursuant to Fed. R. Civ. P. 68, on Plaintiff, REGINALD EDWIN BOSSIER, along with a letter of transmittal addressed to Plaintiff's counsel. [204-1]. Plaintiff did not accept State Farm's offer of judgment, which consequently expired. Pre-trial matters proceeded, and the case went to trial. At the conclusion of Phase I of the trial, the Jury returned a verdict in favor of Plaintiff in the sum of $52,300. Nov. 10, 2009, Jury Verdict [189]. At the end of Phase II of the trial, the Jury returned a verdict in favor of State Farm on the issue of punitive damages. Nov. 12, 2009, Jury Verdict [191]. Finally, on November 13, 2009, judgment was entered in favor of Plaintiff based upon the verdict in Phase I of the trial in the amount of $52,300. [193].

After trial, on November 23, 2009, State Farm filed its Bill of Costs, [203], along with its Motion to Tax Costs Against Plaintiff, [204]. On November 24, 2009, the Clerk promptly taxed $26,613.04 in costs against Plaintiff. On December 3, 2009, Plaintiff filed his Response in Opposition to State Farm's Motion to Tax Costs. [211].

II. **UNDER FED. R. CIV. P. 68(d), PLAINTIFF IS CHARGED WITH ALL COSTS THAT STATE FARM INCURRED AFTER IT EXTENDED ITS OFFER OF JUDGMENT TO PLAINTIFF**

    A. **The Cost-Shifting Provision of Fed. R. Civ. P. 68 Is Mandatory and Applies in This Case**

Plaintiff has mischaracterized, or misunderstood, the basis for State Farm's motion for costs by confounding a request for costs under Fed. R. Civ. P. 68(d) with one under Fed. R. Civ. P. 54(d). This is evinced by Plaintiff's erroneous assertion that State Farm is seeking costs under Fed. R. Civ. P. 54(d). [211] at 3 ("Defendant State Farm is not a prevailing party entitled to costs under Rule 54(d). Indeed, Plaintiff is the prevailing party in this action. Accordingly, Defendant is not entitled to any costs."). State Farm, however, is not; rather, it is seeking costs under Fed. R. Civ. P. 68(d). [204]. Therefore, contrary to Plaintiff's contentions, the discretion afforded to district courts under Fed. R. Civ. P. 54(d) does not extend to the costs that State Farm seeks here.

The law is clear: The award of costs under Fed. R. Civ. P. 68(d) is mandatory. When a defendant makes an offer of judgment prior to trial and the plaintiff not only fails to accept the offer of judgment, but also subsequently recovers a judgment that is "not more favorable than the unaccepted offer," the plaintiff "*must* pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d) (emphasis added); *see Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351 (1981). Although application of the rule might be "severe," *Sharpe v. Cureton*, 319 F.3d 259, 274 (6th Cir. 2003), "Rule 68 is *mandatory* and leaves *no room for discretion* to the district court." *Pontchartrain Gardens, Inc. v. State Farm Gen. Ins. Co.*, 2009 WL 1688458, at *1 (E.D. La. June 12, 2009) (awarding costs to State Farm pursuant to Fed. R. Civ. P. 68; emphasis added); *accord Sharpe*, 319 F.3d at 275 (rejecting plaintiffs' "thinly-veiled attempt to avoid the mandatory application of Rule 68 in this case"); *Fierros v. Tex. Dep't of Health*, 2005 WL 357668, at *3 (W.D. Tex. Feb. 3, 2005) ("The operation of Rule 68 is mandatory, leaving no room for district court discretion."); 12 Charles Wright & Arthur Miller, *Federal Practice &*

*Procedure* § 3006 (3d ed. 2009) ("Once Rule 68 comes into play . . . the court retains no discretion to disregard the rule's cost-shifting consequences, which are mandatory.").[1]

Plaintiff is incorrect in his assertion that State Farm must be a "prevailing party" within the meaning of Fed. R. Civ. P. 54(d) in order to obtain costs. *See* [211] at 3. Plaintiff cites to *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987), in an attempt to support his argument, but that case does not govern State Farm's request for costs under Fed. R. Civ. P. 68(d). [211] at 3. *Crawford Fitting* concerned a discretionary award of costs under Fed. R. Civ. P. 54(d), not a mandatory award of costs. 482 U.S. at 439. Therefore, Plaintiff's claim that "Defendant is simply wrong in asserting that costs are mandatory" is simply itself incorrect and is not supported by law. *See* [211] at 3 n.1.

Plaintiff's contention that costs under Fed. R. Civ. P. 68 are not mandatory is wrong and contrary to the above authority. Whether he is the nominally prevailing party for the purposes of Fed. R. Civ. P. 54(d) has no bearing on an award of costs under Fed. R. Civ. P. 68. It is clear that State Farm's offer of judgment in the amount of $275,000 was more favorable than the $52,300 verdict that Plaintiff received. There is no question that Fed. R. Civ. P. 68 applies in this case and that all costs incurred by State Farm after October 6, 2009 must be taxed against the Plaintiff.[2]

---

[1] Although three cases cited by State Farm did not involve an award of costs to the defendants under Fed. R. Civ. P. 68(d), the courts' reasons for denying costs in those cases do not apply in this case and actually reinforce the reasons why costs should be awarded here. Indeed, all of those cases emphasized that when Fed. R. Civ. P. 68 is applicable, the award of costs is mandatory and not discretionary. The cases can be distinguished as follows. *First*, costs were not allowed in *Johnston v. Penrod Drilling Company*, because the plaintiff's recovery was actually greater than the offer of judgment as between the two defendants who made a joint offer. 803 F.2d 867, 869–70 (5th Cir. 1986). *Second*, costs were not awarded in *Weiser v. Horace Mann Insurance Company* because the offer of judgment was extended too close too trial, precluding the cost-shifting provision of Fed. R. Civ. P. 68(d). 2009 U.S. Dist. LEXIS 66474, at *2–3 (E.D. La. May 15, 2009). *Third*, costs were not awarded in *Ezelle v. Bauer Corporation* because the defendant, not the plaintiff, prevailed. 154 F.R.D. 149, 152 (S.D. Miss. 1994).

[2] With respect to Paragraph 9 of Plaintiff's filings, [211] at 3, the clerk's office was well within its rights to tax the costs pursuant to the Bill of Costs filed by State Farm. The Federal Rules provide a mechanism for review of the clerk's taxation of costs, and it appears that Plaintiff has attempted to

*(cont'd)*

3

B.   **State Farm's Offer of Judgment Was Valid and Is Enforceable**

Plaintiff attempts to dispute the substance of State Farm's offer of judgment by two contentions—neither of which is valid or supported by controlling law. Plaintiff claims that (i) State Farm's offer of judgment excluded costs and (ii) was conditioned upon a release of all claims against State Farm. Neither contention, however, has any merit or is sufficient to overcome the mandatory cost-shifting provisions of Fed. R. Civ. P. 68(d).

*First*, citing to *Marek v. Chesny*, 473 U.S. 1 (1985), Plaintiff argues that State Farm's offer of judgment was invalid because it was not specific enough to "allow judgment on specified terms, with costs then accrued." [211] at 4. Plaintiff complains that the offer did not specifically state that Plaintiff would be permitted to recover the "costs then accrued." *Id.* at 5. Plaintiff is correct that an offer of judgment is valid only if it includes "costs then accrued," but he is incorrect in his assessment of what that requires. As the United States Supreme Court held in *Marek*, an offer of judgment need not expressly recite that costs are included: "***[I]t is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or for that matter, whether it refers to costs at all.***" *Marek*, 473 U.S. at 7 (emphasis added). An offer of judgment is invalid only if it excludes costs. *Id.* State Farm's offer of judgment plainly did not exclude costs, and Plaintiff has not, because he cannot, disputed this fact. Moreover, *Marek* held that lump-sum offers are valid, explaining, "If defendants are not allowed to make lumps-sum offers that would, if accepted, represent their total liability, they would understandably be reluctant to make settlement offers." *Id.* State Farm's lump-sum offer properly allowed a judgment to be taken against State Farm and did not exclude costs. [204-2]. Under *Marek*, State Farm's offer of judgment was therefore valid.

---

*(cont'd from previous page)*
  take advantage of that mechanism to bring the matter before this Court. [210]; *see* Fed. R. Civ. P. 54(d)(1). Therefore, the clerk's taxation of costs need not be vacated until a ruling on post-trial motions.

4

The other cases cited by Plaintiff are also inapposite and do not demonstrate that State Farm's offer of judgment was invalid. In *Thompson v. Southern Farm Bureau Casualty Insurance Company*, it was clear that the offer of judgment excluded costs because after the plaintiff accepted the offer of judgment and the court entered a judgment, the defendant tendered payment on the condition that it pay no costs. 520 F.3d 902, 903 (8th Cir. 2008). None of those facts apply here. Plaintiff did not accept State Farm's offer of judgment, nor did State Farm pay Plaintiff the amount of the offer of judgment.

In *Radecki v. Amoco Oil Co.*, the court held that the offer of judgment, which the plaintiff accepted, was invalid because the terms of the offer and the terms of the acceptance did not mirror one another. 858 F.2d 397, 399–403 (8th Cir. 1988). The defendant argued that it had intended to include attorney fees within the amount specified in its offer, and the plaintiff argued that there was no such intention. Because there was no mutual assent, the court held that the offer of judgment was invalid. *Id.* at 403. In the instant case, Plaintiff did not accept State Farm's offer of judgment, so there is no issue over whether there was mutual assent to the terms of an agreed judgment.[3]

In *Bentley v. Bolger*, a case arising under Title VII of the Civil Rights Act of 1964, the offer of judgment, which the plaintiff accepted, expressly limited costs to "court costs" and the defendant refused to pay attorney fees, even though attorney fees are included as costs for the purposes of Title VII cases. 110 F.R.D. 108, 113 (C.D. Ill. 1986). Because the defendant had improperly excluded costs in the text of its offer of judgment and there was no, as in *Radecki*, meeting of the minds between the parties as to whether attorney fees were included, the court held that the offer of judgment was not valid. *Id.* at 112. In this case, Plaintiff did not accept State Farm's offer of judgment, so there is no issue over whether

---

[3] A cursory reading of *Radecki* reveals that Plaintiff's parenthetical citation to the case is misleading. Contrary to what Plaintiff argues, the court in *Radecki* did not hold that the offer of judgment was invalid simply because "it did not expressly address attorney's fees." [211] at 4.

5

there was mutual assent to the terms of an agreed judgment.[4] Moreover, unlike the facts in *Bentley*, State Farm's offer of judgment was silent as to costs, and did not limit costs to merely "court costs," and there is no applicable federal statute that includes attorney fees as a part of costs.

In sum, none of the cases cited by Plaintiff lend support to his argument that State Farm's offer of judgment failed to comply with Rule 68. In each of the cases that Plaintiff cited to, there was evidence that the defendants sought to exclude costs in violation of Fed. R. Civ. P. 68(d). There is no such evidence in this case. Plaintiff did not accept the offer of judgment, and in fact did not respond to it at all. Nowhere on the face of the transmittal letter or the offer of judgment itself is there any indication that if the offer were accepted and judgment entered, State Farm would not pay the costs accrued to date at that time. State Farm's offer of judgment was in full compliance with Fed. R. Civ. P. 68, and there is no evidence to the contrary.

*Second*, Plaintiff's argument that the requirement of an executed release somehow invalidates the offer of judgment is likewise flawed and unpersuasive. Relying on two inapposite state court decisions from Connecticut and Colorado, Plaintiff argues that State Farm's offer of judgment "violates Rule 68 by its explicit requirement that Plaintiff execute a release in favor of State Farm." [211] at 5.[5] Plaintiff is

---

[4] Plaintiff's attempt to "blur the lines" in this case as to what constitutes damages and costs in this case is inappropriate and should be rejected by this Court. It makes no difference that he filed suit for bad faith in addition to breach of contract. And, it makes no difference that *if* Plaintiff was awarded punitive damages at trial, he could then seek attorneys fees as further punitive damages. The verdict has now been rendered, and Plaintiff was only awarded $52,300. for contract damages. He completely lost his bid for punitive damages, Nov. 12, 2009, Jury Verdict [191] and he cannot claim attorneys fees as costs on the judgment he obtained. *See* [209].

[5] Neither case stands for the proposition that an offer of judgment made pursuant to Fed. R. Civ. P. 68 for a release of claims is invalid, and neither case involves facts analogous to the present case. *First,* in *URS Group, Inc. v. Tetra Tech FW, Inc.*, the Colorado Court of Appeals held that conditioning an offer of judgment under Colorado law upon a release of all "future as well as existing claims" was improper under a Colorado statute. 181 P.3d 380, 392 (Colo. App. 2008). Here, in contrast, State Farm did not condition upon its offer of judgment a release of claims that had not yet come into existence, nor does a Colorado statute apply in this case. *Second*, in *Oram v. DeCholnoky*, the issue was whether a Connecticut statute concerning the effect of a release given by a parent or guardian of

*(cont'd)*

6

incorrect. Under federal law, which controls here, such a condition does not invalidate a Rule 68 offer of judgment. *See, e.g.*, *Pelkowski v. Highland Managed Care Group, Inc.*, 44 F. App'x 1, 1 (7th Cir. 2002) (upholding and enforcing an offer of judgment that included a requirement that plaintiff release defendant from any and all claims in connection with the action). Fed. R. Civ. P. 68 permits parties to an offer of judgment to stipulate to a release of all claims. *See* Fed. R. Civ. P. 68(a) (an offer of judgment may be on "specified terms"). That Plaintiff did not wish to release all claims as a condition of the offer does not render the offer invalid under Fed. R. Civ. P. 68. *See* 10 *Moore's Federal Practice* § 68.05[6] (Matthew Bender 3d ed.) ("A judgment entered on an accepted Rule 68 offer is essentially a consent judgment. Like other consent judgments, it generally has claim-preclusive effect."); 12 Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 3005 (3d ed. 2009) (judgments entered pursuant to a Rule 68 offer of judgment "should have claim preclusive effect"). Indeed, even when an offer of judgment is silent as to its preclusive effect, a court may still rule that the judgment precludes all other claims or issues. *See, e.g.*, *Shores v. Sklar*, 885 F.2d 760, 762 (11th Cir. 1989) (plaintiff accepted offer of judgment without reserving right to appeal and therefore had no right to appeal). Plaintiff's constricted reading of Fed. R. Civ. P. 68 is squarely at odds with the purpose of the Rule: "[T]o encourage settlements and avoid protracted litigation." Fed. R. Civ. P. 68, advisory committee notes. "If there were no limitation on the ability to bring suit following a Rule 68 offer and acceptance, there would be little finality to the judgment. Defendants would have less incentive to make offers of judgment if the possibility of future litigation could not be avoided. The purpose of the rule requires that Rule 68 judgments be given some preclusive effect." *Garcia v. Scoppetta*, 289 F. Supp. 2d 343, 350 (E.D.N.Y. 2003).

---

*(cont'd from previous page)*
    a minor precluded the use of Connecticut's offer of judgment statute on behalf of minors. 47 Conn. L. Rptr. 105, *1–2 (Conn. Super. Ct. 2009) (unpublished). The court held that it did not, and that the offer of judgment under Connecticut law in the case was valid. *Oram* is entirely off point and has no persuasive value in this case.

7

### C. Plaintiff Is Not Entitled to Attorney Fees as a Matter of Law and Has Not Obtained a More Favorable Judgment Than the Offer of Judgment He Rejected

Plaintiff's alternative argument that his judgment might be more favorable than the unaccepted offer of judgment is contrary to law and completely unfounded. *See* [211] at 5–6. Plaintiff contends that his judgment should be enlarged with the addition of attorney fees and litigation expenses. *Id.* But as State Farm explained in its Opposition to Plaintiff's Motion to Alter or Amend the Judgment, [209], Plaintiff may not recover attorney fees as a matter of law because he did not receive any punitive damages. The only way that Plaintiff could have ever obtained a judgment that included attorneys fees and litigation expenses as damages would have been if he had prevailed on his claim for punitive damages. Plaintiff failed to do so, as the Jury found for State Farm on the issue of punitive damages. Nov. 12, 2009, Jury Verdict [191]. Thus, the mere fact that Plaintiff has made a motion to alter or amend the judgment to add attorneys fees and litigation expenses as "damages" has no impact on the present analysis. Plaintiff's award of $52,300 is thus fixed and is not more favorable than the unaccepted offer of judgment.[6]

### III. STATE FARM'S REQUESTED COSTS ARE REASONABLE AND TAXABLE

State Farm's costs for which it seeks reimbursement from Plaintiff are both reasonable and taxable under 28 U.S.C. § 1920.[7] They must be awarded pursuant to Fed. R. Civ. P. 68 and, in any event,

---

[6] Plaintiff again cites *Marek* in support of his argument that attorneys fees must be considered. [211] at 6 n.2. However, this attempted application of *Marek* is misplaced. *Marek* involved a claim arising under Title VII which provides for attorneys fees and litigation expenses as damages. Plaintiff's lawsuit arose from an insurance contract, and he only prevailed on a small part of the contract claim. Nov. 10, 2009, Jury Verdict [189]. Attorneys fees and litigation expenses are not damages for that claim. He lost all of his other claims at trial. *Id.*

[7] 28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

*(cont'd)*

8

may be awarded pursuant to 28 U.S.C. § 1332(b) because Plaintiff's recovery is less than the jurisdictional minimum of the Court.

### A. Service of Process

Plaintiff takes issue with State Farm's claim for service of process fees associated with the service of subpoenas on Katie Bossier, Joseph Ziz, and Stanton Fountain because State Farm did not actually call these witnesses to the stand at trial. State Farm did not call Mrs. Bossier or Mr. Ziz to the stand because Plaintiff had already called them to the stand, and State Farm cross-examined them extensively. To be sure, both Mrs. Bossier and Mr. Ziz were critical eyewitnesses in this case. Had Plaintiff not called them, State Farm certainly would have done so. As such, State Farm had to issue subpoenas to insure the attendance of these non-party eyewitnesses at trial. The service of process costs associated with these witnesses should therefore be taxed against Plaintiff.

As for Mr. Fountain, he was not called to the stand at trial in part because State Farm's counsel determined after hearing Mr. Ziz's testimony about Mr. Fountain that Mr. Fountain's testimony would have been cumulative. That Mr. Fountain did not ultimately testify does not mean that State Farm is not entitled to the costs associated with his subpoena, which were necessary at the time they were incurred. *Cf. Fogelman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991) (acknowledging the principle that if an expense is incurred for something not ultimately used at trial, it may be taxable as a cost if it at the time the expense was incurred it "could reasonably be expected to be used" at trial); *Quy v. Air Am., Inc.*, 667 F.2d. 1059, 1065 (D.C. Cir. 1981) ("Appellant's hindsight appraisal of the need for [the witness] at trial

---

*(cont'd from previous page)*
   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
   (5) Docket fees under section 1923 of this title;
   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and upon allowance, included in the judgment or decree.

misses the mark. The issue is not whether [the witness] was in fact called to testify, but whether appellees' counsel made a good faith and reasonable judgment about the need for [the witness] at trial."). State Farm indeed made a good faith and reasonable judgment about the necessity of Mr. Fountain's testimony at trial. It was possible that Mr. Ziz's testimony would not have been specific or complete enough on the issues for which Mr. Fountain was subpoenaed to testify. In that event, Mr. Fountain's testimony would have been crucial to developing the record regarding the improper omissions from Mr. Ziz's affidavit of the speed and severity of flooding at Plaintiff's house. The costs associated with his subpoena, therefore, are taxable.

### B. Daily Transcripts

Plaintiff first takes issue with State Farm's claim to have the cost of the daily transcript assessed against him, contending that this was a convenience for State Farm and not necessary for use at trial because it was not cited during trial. [211] at 7–8. Contrary to Plaintiff's unsubstantiated allegations, such costs are taxable because the transcripts were not obtained primarily for mere convenience, but were rather "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *see, e.g.*, *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (affirming award of costs for daily transcripts because they were "not obtained primarily for the convenience of the parties" but were "necessarily obtained for use in this case").[8] Without question, counsel for State Farm used the transcript extensively in preparation for the examination of witnesses, and in particular in the preparation of closing arguments. This trial lasted nearly two full weeks with numerous witnesses and voluminous documentary and photographic

---

[8] Plaintiff's reliance on *Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964), *disapproved on other grounds*, *Crawford Fitting* 482 U.S. at 438, for the proposition that costs for daily transcripts "must be disallowed" is misplaced. [211] at 7-8. The Court in *Farmer* deferred to the district judge's finding that the case was not complex or lengthy when making his determination not to award those fees. 379 U.S. at 233–34. In other words, the fact that the costs for the daily transcripts were disallowed was a function of the trial court making a factual determination as to the propriety of taxing those costs, as the trial court is permitted to do. *Farmer* is by no means a categorical prohibition of the taxation of daily transcript costs.

10

evidence.  The trial involved motion practice (both under the Federal Rules of Evidence and Fed. R. Civ. P. 50), two separate phases, and numerous jury instructions to tailor to the evidence.  This case certainly involved a complicated and reasonably lengthy trial.  Additionally, excerpts from the daily trial transcript were actually cited and relied upon in State Farm's Trial Bench Memorandum regarding Plaintiff's motion to exclude State Farm's experts made during trial, [185], and in State Farm's Bench Memorandum in Opposition to Plaintiff's Motion for Pre-Judgment Interest made during trial, [197].  Therefore, the cost of the daily transcripts meets the test for "necessarily obtained for use in the case."

    C.    **Witness Fees**

        1.    Lee Ann Johnson

Plaintiff disputes the expenses associated with State Farm adjuster Lee Ann Johnson and presumes that because Plaintiff presented Ms. Johnson's deposition at trial, State Farm should have just used Ms. Johnson's deposition in lieu of Ms. Johnson's live testimony. [211] at 7–8.  Ms. Johnson was a key and critical witness in this case since she was the first adjustor to assess the damage to Plaintiff's property following Hurricane Katrina.  Her live testimony at trial was necessary for State Farm to present its case-in-chief to the Jury.  For any witness, live testimony is far more valuable and favored by courts than hearsay testimony.  Before Ms. Johnson testified, she had to remain at a nearby location until the time came for her testimony, and Ms. Johnson had to remain in close proximity should the need for rebuttal testimony arise.

In addition, Plaintiff argues that these expenses should be excluded because Ms. Johnson's deposition could have been used in lieu of her live testimony. [211] at 9.  However, the mere availability of her deposition did not render her unnecessary as a witness. *Quy*, 667 F.2d. at 1065.  For "[d]epending upon how the trial progressed, there were a number of significant questions that could have arisen" that Ms. Johnson "could have been called upon to answer." *Id.*  Keeping Ms. Johnson at hand until the close of trial was, therefore, reasonable and justified.

11

Plaintiff also argues that costs associated with Ms. Johnson's testimony should be limited to the one day that she actually testified, but that argument ignores the reality of trial. There was no way for State Farm's counsel to know when the Plaintiff would rest his case or whether Ms. Johnson would need to be recalled to the stand. The Fifth Circuit has held that fees for witness expenses are appropriate even when the witness is not in the act of testifying. *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1553 (5th Cir. 1984) ("The fees are certainly permissible for the four witnesses who actually testified. Even when they were not on the witness stand, there were 'in necessary attendance on the court, in readiness to testify.'"). Ms. Johnson traveled from her home in Texas and had to have lodging and food to eat while she waited to testify. *Holmes*, 11 F.3d at 64–65 (Section 1821 permits cost of travel and lodging). She could not just "pop in and pop out," as Plaintiff improperly suggests. Plaintiff's speculation that Ms. Johnson was in south Mississippi "for her own reasons" and that she was on "vacation," [211] at 9, is wholly unsupported. Surely, Plaintiff and his counsel understand the purpose behind having the first adjustor who handled Plaintiff's claim testify at the trial where Plaintiff contends that his claim was not handled properly. That was one the main features of the trial that resulted from Plaintiff filing this lawsuit in the beginning. Plaintiff's arguments on this point defy logic entirely. Under 28 U.S.C. §§ 1821(c)(1), (3), and (4), Ms. Johnson's expenses must be paid in full as taxable costs.

   2. Tip Pupua

For the same reasons as for Ms. Johnson, Tip Pupua's expenses must also be paid in full as taxable costs. Mr. Pupua is a resident of Utah, and, like Ms. Johnson, air travel was the most practical and economical means of securing his attendance at trial. State Farm only seeks the $40/day witness fee for those three days that he testified. For his travel expense, Mr. Pupua required a place to stay during the trial as well as food, and he needed transportation to and from the courthouse. These expenses must

be paid in full pursuant to 28 U.S.C. § 1821. *See also Nissho-Iwai*, 729 F.2d at 1553; *Holmes*, 11 F.3d at 64–65.

Plaintiff argues that because Mr. Pupua testified as a corporate representative, his witness fees are not taxable. [211] at 10. Although it is correct that the witness fees for real parties in interest are not taxable, courts have held that the expenses of corporate representatives, even if testifying on behalf of a corporation that is a party to the litigation, are taxable as costs. *See, e.g.*, *Elec. Specialty Co. v. Int'l Controls Corp.*, 47 F.R.D. 158, 161–62 (S.D.N.Y. 1969). Here, Mr. Pupua was not a real party in interest, nor was Mr. Pupua sued in his representative capacity. Mr. Pupua was Ms. Johnson's supervisor during the period that she adjusted Plaintiff's claim, and State Farm's Fed. R. Civ. P. 30(b)(6) corporate representative. He testified at trial as a fact witness on three separate occasions. His expenses are therefore taxable as costs.

### 3. Dr. Forrest Masters

Plaintiff's complaint regarding the travel expenses of Dr. Forrest Masters is unfounded. This case involved issues of wind versus water. Dr. Masters was one of State Farm's expert witnesses who was prepared to testify about Hurricane Katrina's winds and their impact, if any, on Plaintiff's property and to refute the testimony of Plaintiff's expert witnesses if necessary. In fact, it was the Plaintiff who requested that the experts be allowed to remain in the courtroom, and the Court acceded. Nov. 2, 2009 Hr'g Tr. at 96:13-97:5. Therefore, Dr. Masters's attendance at trial prior to and through his testimony was entirely appropriate. The witness fees sought for him are correct, and his travel and lodging expense are taxable for the same reasons cited for State Farm's other witnesses. The mere fact that this Court ultimately chose to exclude Dr. Masters from testifying makes no difference in the analysis. Dr. Masters actually did testify at trial regarding his qualifications, and this Court acknowledged that Dr. Masters was "imminently qualified" as an expert in his field. Nov. 9, 2009, Hr'g Tr. at 26:9–22, 31:9–18.

The Fifth Circuit has held that costs associated with a witness are taxable when the witness is in attendance and ready to testify, even if "extrinsic circumstances" preclude the testimony. *Nissho-Iwai*, 729 F.2d at 1553 (allowing taxation of a witness fee as costs where a party's witness was prepared to refute, if necessary, the testimony of another witness, but did not ultimately testify because opposing counsel decided not to call the witness to be rebutted). In this case, Plaintiff made an untimely motion to exclude Dr. Masters from testifying, and over State Farm's objection, this Court excluded Dr. Masters. Certainly, and particularly, because of the untimeliness of the motion by Plaintiff, this event qualifies as "extrinsic circumstances" affecting whether or not Dr. Masters actually testified substantively as an expert witness. The issue certainly had not been raised in Plaintiff's case until the moment Dr. Masters's testimony began. If for no other reason, these costs should be assessed against Plaintiff for his untimely motion. Dr. Masters had been in the courtroom for days before taking the stand, and Plaintiff's counsel had ample time before the motion deadline and before he testified to broach the licensing issue.

        4.     Dr. Robert Weisberg

Plaintiff argues that the costs associated with Dr. Robert Weisberg's testimony should be excluded because he traveled more than 100 miles to the courthouse and his testimony was limited by this Court. The Fifth Circuit has "held that a court may assess costs for journeys of more than 100 miles if there are special circumstances justifying the presence of the witness at trial." *Nissho-Iwai*, 729 F.2d at 1551–52. To determine whether there are "special circumstances," this Court should consider at least the relevance and necessity of the witness's testimony. *See id.*; *Elec. Specialty Co.*, 47 F.R.D. at 161 ("The 100-mile rule has been disregarded where the witness' testimony is relevant and material, reasonably necessary, and bears on essential issues of the case.") That Dr. Weisberg's testimony was limited by this Court does not render his testimony unnecessary or irrelevant. Indeed, that fact only bolsters the significance of his testimony, for what Dr. Weisberg could testify to was vital to State Farm's defense and, thus, necessary to assist the Jury in adequately assessing the merits of case.

14

Moreover, Dr. Weisberg's testimony became even more critical to State Farm's case when its other expert witness was precluded by this Court from testifying.

Dr. Weisberg actually provided substantive expert testimony at trial, including regarding the timing and severity of flooding at Plaintiff's house and underlying wind and water forces. For the same reasons cited above, his witness fees and travel and lodging expenses are taxable. The fact that he had to travel home and return over a weekend is of no consequence and was not by Dr. Weisberg's whim. Court had to be cancelled on Friday, November 6, 2009, due to the unexpected illness of Your Honor, and it could not resume until Monday, November 9, 2009. Dr. Weisberg expected to be finished with his testimony on November 6 so that he could return to his job and family the next week. However, because of the unexpected break until November 9, Dr. Weisberg did not need to spend the entire weekend away from his work and family, incurring more lodging costs, particularly since one of the issues to be determined on November 9 was whether or not this Court would allow Dr. Weisberg to testify at all. Dr. Weisberg had to come back for that ruling and to give his testimony if allowed, which it was.

In sum, all of the witness expenses that State Farm is seeking to tax against Plaintiff are entirely reasonable, appropriate, and taxable pursuant to 28 U.S.C. §§ 1821, 1920, and 1332(b), and the applicable law cited herein. Hurricane Katrina was a natural disaster on an unprecedented scale requiring State Farm to bring in manpower from all over the United States and Canada to assist it with claim handling. It should come as no surprise that witnesses necessary for trial would likely come from areas well beyond 100 miles from this courthouse. Plaintiff's objections to these witness fees and expenses should be overruled.

### D. <u>Depositions</u>

The expense for deposition transcripts prepared by Legalink and Simpson, Burdine & Migues are also taxable as costs. Even though the transcripts themselves were purchased prior to the date of the

offer of judgment, that fact, contrary to Plaintiff's claim, is not dispositive of the issue. This is because this Court may "impose costs on the plaintiff" because he recovered a judgment less than the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(b). Moreover, these expenses were necessarily obtained for use at trial, and the depositions were in fact used at trial. *Cf. Fogelman*, 920 F.2d at 285 ("[W]e have consistently held that a deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'"); *United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963) (affirming district court's determination that deposition costs were necessarily obtained). Counsel for State Farm utilized all of the depositions for which cost is now claimed to structure witness questions, cross-examine witnesses, and prepare both opening statements and closing arguments. Therefore, these costs are taxable against Plaintiff. *Cf. Nissho-Iwai Co.*, 729 F.2d at 1553 (affirming district court's taxation of deposition costs, even if the depositions were not admitted at trial, in part because the party seeking costs used the depositions to "structure their questioning of the witnesses").

### E. Attorney, Paralegal, and Runner Expenses

Lastly, Plaintiff takes exception to State Farm's claim for mileage expenses associated with its counsel and staff having to travel back and forth to Gulfport from Pascagoula every day for 8 days for trial. This Court, however, may tax these expenses as costs. 28 U.S.C. § 1332(b); *Walker v. Borden, Inc.*, 115 F.R.D. 471, 474 (S.D. Miss. 1986) (acknowledging that there are circumstances in which a court may tax such expenses as costs). When Plaintiff opted to not accept State Farm's offer of judgment, it was foreseeable to Plaintiff that State Farm would necessarily incur considerable expenses to continue the case to trial, including travel time for its counsel and staff to attend trial. This Court should exercise its equitable powers and assess the mileage expense sought by State Farm for travel required after October 6, 2009, as set forth in the Bill of Costs.

## IV. CONCLUSION

Accordingly, for the reasons set forth herein and in State Farm's moving papers, this Court should grant State Farm's motion in its entirety [204].

Dated: December 10, 2009

                                        Respectfully submitted,

                                        BRYAN, NELSON, SCHROEDER,
                                        CASTIGLIOLA & BANAHAN, PLLC
                                        Attorneys for Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**

                                        BY:   /s/ H. Benjamin Mullen
                                                    H. BENJAMIN MULLEN

## **CERTIFICATE OF SERVICE**

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, do hereby certify that I have this date electronically filed the foregoing Reply Memorandum using the ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Judy M. Guice, Esq. | Stanton J. Fountain, Jr., Esq. |
| JUDY M. GUICE, P.A. | ATTORNEY AT LAW |
| Post Office Box 1919 | Post Office Box 817 |
| Biloxi, MS 39533-1919 | Biloxi, MS 39533 |

DATED, this the 10th day of December, 2009.

BY: /s/ H. Benjamin Mullen
H. BENJAMIN MULLEN

**H. BENJAMIN MULLEN (9077)**
**JOHN A. BANAHAN (1731)**

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
Attorneys at Law
Post Office Drawer 1529
1103 Jackson Avenue
Pascagoula, MS 39568-1529
Tel.: (228)762-6631
Fax: (228)769-6392
Email: ben@bnscb.com
John@bnscb.com

18