IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REGINALD EDWIN BOSSIER**                                              **PLAINTIFF**

**VERSUS**                                              **CAUSE NO. 1:08-cv-408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                    **DEFENDANT**

**REPLY IN SUPPORT OF [200] MOTION FOR JUDGMENT
AS A MATTER OF LAW OR IN THE ALTERNATIVE FOR A NEW TRIAL**

COMES NOW the Plaintiff, by and through undersigned counsel, and files this his Reply in Support of [200]Motion for Judgment as a Matter of Law or in the Alternative for a New Trial and would show unto this Honorable Court the following:

State Farm berates Plaintiff throughout its response for the lack of references to the "record,"[1] knowing full well that the only record prepared at this time is the transcript ordered and provided for State Farm's own personal use. That "record" is not contained in the Court file or as an exhibit to State Farm's response. The petty criticism mounted for lack of record citations reflects the weakness of State Farm's argument. Despite the length of its response and its selected quotes of testimony, the fact remains that the jury's verdict in this case was lacking a sufficient evidentiary basis. Judgment as a matter of law or a new trial is required to cure this injustice.

---

[1] It is not unusual to lack a transcript at this early stage of post-trial proceedings. The Court is well equipped to recall the testimony and proof during the trial with or without a record.

1

State Farm goes on and on for pages repeating in various modalities its version of the burden of proof in a vain effort to show Plaintiff somehow failed his obligation.  Sadly, even now, more than four years after Hurricane Katrina and months after the Mississippi Supreme Court rendered its decision in *Corban v. USAA,* 20 So. 3d 601 (Miss. 2009), State Farm still has it wrong.  As the Court properly instructed the jury, Plaintiff was required only to prove that the losses occurring to his dwelling constituted "accidental direct physical loss."  As the Court properly concluded, **Plaintiff met that burden of proof**.  Similarly, as to the personal property, the Court properly instructed the jury that Plaintiff was required only to prove that the loss of the personal property was caused by a "windstorm."  The Court properly instructed the jury that **Plaintiff met that burden of proof**.

Although State Farm obviously does not agree with the law, *Corban* clearly requires State Farm to prove that each part of the unpaid loss was caused by storm surge flooding.  There is a complete absence of proof on this issue that would be sufficient to support a jury verdict in favor of State Farm.  And it is that lack of evidence that requires judgment as a matter or law or, at a minimum, a new trial.

While State Farm pounds away page after page on the fact that storm surge affected the property, there has never been a dispute that at some point on August 29, 2005, storm waters arrived on the scene.  However, that fact alone is not

adequate to support the jury's verdict since there is likewise no dispute that on the morning of August 29, 2005, the wind of Hurricane Katrina, likely a tornado, destroyed Plaintiff's substantial outbuilding. Because State Farm offered no evidence whatsoever that would support a finding that all of the damage to the Bossier dwelling that was not paid by State Farm was caused by excluded water damage, the jury's verdict reaching such a conclusion cannot stand. In short, based on the proof presented at trial, there was no way a reasonable jury could conclude everything but the roof was destroyed by flood.

As this Honorable Court recently memorialized in its most recent opinion, only a licensed professional engineer is competent to express an opinion that the cause of the loss was or was not caused by a covered event. [Memorandum Opinion and Order on Plaintiff's Objection to Expert Testimony, ECF #202]. No such opinion testimony was offered by State Farm.

Moreover, the chronology of events set forth by State Farm is insufficient to establish that all of the damage to Plaintiff's dwelling, other than the minimal amount paid for, was caused by water damage. Where is the proof, for example, that the windows of the Bossier home, virtually all of which were broken or destroyed by Hurricane Katrina, were not broken by the wind before the water arrived? State Farm cannot and did not even attempt to prove that the covered loss was excluded under the policy. Similarly, State Farm could not and did not

prove that no interior ceiling damage was caused by the destruction of the roof from wind.

Because of the complete lack of evidence and due to the strong evidence offered by Plaintiff to establish coverage, Plaintiff is entitled to judgment as a matter of law on all actual damages issues. However, should the Court determine that some thin reed of evidence could possibly support some or all of the jury's verdict, the fact remains that the verdict was against the great weight of the evidence. Accordingly, under binding Fifth Circuit precedent, a new trial should be ordered. *Jones v. Wal Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir. 1989).

The evidence at trial was overwhelmingly in favor of Plaintiff. State Farm had no evidence to refute the eyewitness testimony of Joseph Ziz who witnessed the destruction of the substantial outbuilding, located just feet away from the dwelling, prior to the arrival of storm surge flooding. Plaintiff's expert engineering testimony was uncontradicted at trial. Engineers hired by State Farm to investigate nearby residences noticed substantial wind damage in the vicinity of Plaintiff's home. The evidence was so strongly and overwhelmingly in favor of Plaintiff that a new trial should and must be granted.[2]

Plaintiff is entitled to judgment as a matter of law on all issues relating to compensatory damages. Specifically, Plaintiff is entitled to judgment in the

---

[2]In addition, despite Defendant's argument to the contrary, the jury verdict's form requiring the Plaintiff to prove the amount of damage caused by wind was in hopeless conflict with the instructions that properly set forth the burden of proof.

amount of $325,337.87, constituting the remaining policy limits available on the dwelling and $203,607.00, constituting the remaining policy limits available on the contents. In the alternative, a new trial should be ordered on all issues, including all claims for actual damages and punitive damages.[3]

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court enter judgment as a matter of law in favor of Plaintiff or in the alternative order a new trial. Plaintiff requests such other and further relief as may be deemed appropriate.

THIS the 16th day of December, 2009.

Respectfully submitted,

REGINALD EDWIN BOSSIER


BY: /s Judy M. Guice
JUDY M. GUICE (#5057)

Judy M. Guice (MSB #5057)
JUDY M. GUICE, P.A.
P. O. Box 1919
Biloxi, MS 39533 1919
Telephone: (228) 374 9787
Facsimile:  (228) 374 9436

---

[3] If a new trial is required on actual damages, then the punitive damages issue must be considered again by the new jury since the amount of actual damages impacts upon punitive damages. *Savage v. LaGrange*, 815 So. 2d 485, 494 (Miss. Ct App. 2002).

## **CERTIFICATE OF SERVICE**

I, Judy M. Guice, counsel for Plaintiff, do hereby certify that I have this day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to the following:

H. Benjamin Mullen, Esquire
John A. Banahan, Esquire
Bryan, Nelson, Schroeder, Castigliola & Banahan, PLLC
P. O. Drawer 1529
Pascagoula, MS 39568

This the 16th day of December, 2009.

      *s/Judy M. Guice*
      JUDY M. GUICE (MSB #5057)