## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**REGINALD EDWIN BOSSIER**                                    **PLAINTIFF**

**VERSUS**                              **CAUSE NO. 1:08-cv-408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**              **DEFENDANT**

### REPLY IN SUPPORT OF [210] MOTION FOR REVIEW AND
### OBJECTION TO [205] CLERK'S TAXATION OF COSTS

COMES NOW Plaintiff, by and through undersigned counsel of record, and files herewith his Reply in Support of [210] Motion for Review and Objection to [205] Clerk's Taxation of Costs and for cause therefore would show unto this Honorable Court as follows:

### I. THE ATTORNEY'S FEE ISSUE

Although the issue concerning whether Plaintiff is entitled to attorney's fees which must be included in his judgment in order to determine whether Defendant's Offer of Judgment was more favorable than the ultimate amount received is pending and is the subject of another motion [ECF 198], a few responsive comments are appropriate concerning Defendant's attempt to exclude same. The critical question in determining whether attorney's fees are available as an element of damages in an insurance bad faith case is not whether punitive damages were awarded. Instead, the critical inquiry is whether an award of punitive damages was warranted. The recent decision by this Honorable Court

1

in *Jowers v. Boc Group, Inc.*, 608 F.Supp.2d 724 (S.D. Miss. 2009), carefully

analyzed the dispute between the parties as follows:

> [D]efendants assert that 'plaintiffs must satisfy two requirements
> before attorneys' fees may awarded: (1) they must prove that
> defendants are liable for punitive damages; and (2) they must
> advance a justification for the award of attorneys; fees.' Defendants
> further argue that the Jowerses have not met the second of these
> requirements.
>
> In response, the Jowerses contend that defendants are entirely
> wrong:  Mississippi case law does not impose *either* of the two
> requirements listed by defendants; and, the Jowerses *have* advanced
> a recognized justification for the award of attorneys' fees.  Having
> canvassed Mississippi case law, including dozens of cases not cited
> by the parties, the Court concludes the Jowerses are fully correct.

*Id.* at 778, fn. omitted; ital. in original.  Explaining further, the Court held:

> Under Mississippi law, 'attorney's fees may be awarded in two
> circumstances: (1) where the contract or a statute provides for
> attorney's fees or (2) where the losing party's conduct was outrageous
> enough to warrant punitive damages.'  Of course, only the second
> circumstance is pertinent in this case.  And as to that circumstance,
> the courts are careful to note that attorneys' fees may be awarded
> when punitive damages are 'warranted'     not necessarily actually
> *awarded*.  Thus, the Mississippi Supreme Court has confirmed: 'This
> Court's holding in *Greenlee* and other cases was that attorney fees
> may be awarded in cases in which the awarding of punitive damages
> is *proper*.   This Court did not hold in *Greenlee* that the actual
> awarding of punitive damages was a prerequisite for the awarding of
> attorney fees, and we expressly hold here that such an actual
> awarding of punitive damages is not a prerequisite for the awarding
> of attorney fees.'  Thus, defendants are not accurate when they assert
> that, before attorneys' fees may be awarded, plaintiffs 'must prove
> that defendants are liable for punitive damages.'  Rather, the burden
> on the Jowers was only to prove that an award of punitive damages
> would be proper.

*Id.* at 779.

The Mississippi Supreme Court decision quoted above was *Aqua Culture Technologies, Ltd. v. Holly*, 677 So. 2d 171, 185 (Miss. 1996) (emphasis in original). There, contrary to State Farm's assertion, the Mississippi Supreme Court clearly and squarely held that an award of attorney's fees would be affirmed notwithstanding a denial of punitive damages, stating that "we expressly hold here that such an actual award of punitive damages is not a prerequisite for the awarding of attorney fees." *Id.*

This Honorable Court held, by its submission of the punitive damages issue to the jury, that the facts were sufficient to warrant an award of punitive damages in this case. Moreover, this Honorable Court found as a fact that State Farm had no legitimate or arguable basis for failing to pay Plaintiff's dwelling extension or dwelling extension contents claims. The mere fact that the jury exercised its discretion in favor of State Farm on the punitive damages issue does not preclude this Honorable Court from an award of attorney's fees.

State Farm is likewise incorrect in now arguing, contrary to its prior position, that the issue of attorney's fees entitlement should have been submitted to the jury. Again the *Jowers* decision, containing an extensive analysis of Mississippi law, properly concludes that attorney's fee awards are determined via post trial motions. *Jowers, supra*, at 777 78.

## II. THE RULE 68 ISSUE

Plaintiff's initial motion on this issue disposes of Defendant's arguments and establishes that Rule 68 is inapplicable in this case.  In this regard, Defendant acknowledges the United States Supreme Court's decision in *Marek v. Chesny*, 473 U.S. 1, 7, 105 S.Ct. 3012, 87 L.Ed.2d 1  (1985), holding that an offer of judgment is invalid if it excludes costs.  This is so because Rule 68 expressly requires that an offer of judgment provide for costs then accrued.  Defendant is correct that costs may be allowed as part of a lump sum offer and not violate the *Marek* pronouncement.  However, Defendant did not do so in this case.

Instead of following the law that has been clear since 1985, Defendant chose to preclude the recovery of costs      an action that is expressly prohibited by *Marek* and Rule 68      by requiring Plaintiff to execute a release of all claims.  The requirement that a release be executed forecloses the possibility of a recovery for costs.

In short, it was State Farm's improper combination of an offer of judgment that did not expressly address costs, whether included or excluded, with the requirement of a release, that violates the *Marek* requirements.  Rule 68 must be strictly construed.  The fact that Defendant could have made an offer of judgment which addressed costs and contained a release requirement is of no avail.  The fact is that State Farm chose not to do so.  By its failure to properly follow Rule 68, State Farm's purported Offer of Judgment is void and invalid.

4

## III.   STATE FARM'S REQUEST FOR COSTS ARE UNREASONABLE AND UNTAXABLE

If the Court finds, as Plaintiff submits it should, that the purported Offer of Judgment violated Rule 68 and is thus of no effect, or if the Court finds that Plaintiff is entitled to attorney's fees and litigation expenses, that combined with the jury's verdict, would render the judgment in excess of $275,000.00, then consideration of Defendant's specific costs request is unnecessary.  Under those circumstances, State Farm would not be entitled to any costs and the Clerk's entry of costs would have to be vacated in its entirety.

If the Court finds that State Farm is entitled to any costs under Rule 68, then, as Plaintiff's motion demonstrates, the vast majority of such requested costs are excessive and not taxable.

### A.    Service of Process

State Farm knew Plaintiff had subpoenaed Joseph Ziz to trial. [ECF #175] Nonetheless, however, State Farm chose to issue an additional subpoena to Mr. Ziz despite that fact. [ECF #182]   Counsel for Plaintiff agreed to make Katie Bossier available for State Farm to call at trial,  yet State Farm chose to subpoena her anyway.   Mr. Fountain was an attorney for Mr. Bossier who was present throughout the trial.   Counsel for State Farm chose not to extend Mr. Fountain the usual professional courtesy of asking whether he would appear voluntarily. Instead, counsel for State Farm chose to serve Mr. Fountain with a subpoena,

unannounced, for strategic reasons that make sense only to State Farm. None of the service of process fees should be awarded.

**B. Daily Transcript**

Defendant agrees that the critical inquiry concerning an award of daily transcript as an element of costs is whether same were obtained for the convenience of the parties or were "necessarily obtained for use in the case." State Farm offers no evidence that the daily copy was "necessarily obtained for use in the case."

Even if State Farm used the transcript in its trial preparation, there is no showing that use of counsel's notes would not be just as effective. State Farm had two attorneys and a paralegal at trial at all times that could have taken notes. Counsel for Plaintiff managed to examine witnesses without daily copy and presumably counsel for State Farm is at least as capable of doing so.

Although the daily copy was not used by counsel for State Farm in questioning witnesses, arguing to the Court, or in closing argument, State Farm argues that the transcript was used in two motions filed in this case. The first such motion is document ECF 185   State Farm Fire and Casualty Company's Bench Memorandum re: Plaintiff's Request to Exclude the Expert Testimony of Drs. Masters and Weisberg. A review of the motion, which was unsuccessful, establishes that the references to the daily transcript were entirely superfluous

and unnecessary.   Indeed, State Farm did not even attach the referenced

transcript citations to the motion.

The first reference to the transcript in document 185 is:

> Plaintiff's counsel asserts that Drs. Masters and Weisberg are 'not
> qualified' to testify because they have not complied with Rule 4.05 of
> the Rules and Regulations of Procedure promulgated by the
> Mississippi Board of Licensure for Professional Engineers and
> Surveyors.  *See, e.g.*, 11/05/09, Trial Tr. at 134:15 135:21.

See, page 2 of 8.

The citation of the transcript pages adds nothing to this introductory

sentence.  The mere fact that counsel for State Farm chose to throw it in this

motion certainly does not justify taxing Plaintiff with over $6,000.00.

The only other reference in document 185 to the transcript is as follows:

> Plaintiff cites to one case to attempt to support his contention*, Board
> of Water & Sewer v. Hunter*, 956 So. 2d 403 (Ala. 2006).  11/05/2009
> Trial Tr. at 141:1 2.

*See*, fn.1 at page 4 of 8.   Again, since the reference to the trial transcript adds

nothing to the arguments, Plaintiff should not be required to pay the expense.

The second pleading in which the transcript is referenced is document 197,

State Farm Fire and Casualty Company's Bench Memorandum in Response to

Plaintiff's Ore Tenus Motion for Prejudgment Interest.   This document was

actually filed after the trial had been concluded.   In any event, however, the

references in this pleading likewise establish that the citation to the transcript was

entirely superfluous and unnecessary.

Defendant first references the transcript as support for its statement that:

> Plaintiff has moved for prejudgment interest on the jury's verdict of $52,300    an amount that corresponds to the total claimed for personal property that was damaged in Plaintiff's outbuilding.  Nov. 12, 2009 Hr'g Tr. at 54:1 5.

*See,* page 2 of 5.  Citation to the transcript adds nothing.

The only other reference to the transcript was as support for the undisputed statement that "Plaintiff provided his personal property inventory to State Farm on October 27, 2008, during discovery after suit was filed." *See id.* at 10:2 13. Again, the statement is no more or less accurate by use of the citation.  Indeed, the transcript was so unnecessary that State Farm's counsel did not bother to attach it as an exhibit.

There is no indication that the daily transcript was necessarily obtained for use during the trial.  Instead, the evidence clearly supports a finding that it was obtained primarily for the convenience of counsel.  It should not be allowed as an element of costs.

### C.     Witness Fees

#### 1.     Lee Ann Johnson

Defendant's contention that Ms. Johnson was required to stay at the trial in case her testimony was needed for rebuttal is refuted by the fact that State Farm chose to keep her in the courtroom after she testified.  By such action, she would have been precluded from testifying during rebuttal.

State Farm has done nothing to establish that any part of Ms. Johnson's testimony was necessary in lieu of the deposition. Instead, State Farm chose for its own strategic or tactical reasons to call her live. Plaintiff should not be required to pay for State Farm's tactical decisions concerning same.

### 2.    Tip Pupua

Despite continually referring to Mr. Tip Pupua as "the face of State Farm" during trial, State Farm now seeks to characterize him as a fact witness. The real truth of the matter is that Mr. Pupua was present throughout the trial as a corporate representative. Plaintiff should not have to pay his exorbitant travel expenses and other requested costs. State Farm has numerous local agents and employees that could have been chosen, yet it failed to do so.

### 3.    Forrest Masters

State Farm argues that fees for Dr. Masters should be allowed against Plaintiff "for his untimely motion." The issue here is whether such fees are taxable as costs via statute or rule. Dr. Masters was excluded as a witness. His fees are not allowable as costs. Plaintiff succeeded in the motion to exclude Dr. Masters and there has been no finding by the Court that Plaintiff's motion was untimely. It would be a gross miscarriage of justice to require a plaintiff to pay exorbitant fees of an expert witness who the Court has determined is not competent to testify.

### 4.    Dr. Weisberg

As established in Plaintiff's original motion, Dr. Weisberg's expenses should be cut considerably.  At most, he should be allowed one day's witness fee and accommodations.  The fact that he is located 100 miles from the Court provides this Honorable Court the discretion to exclude payment in its entirety.  That discretion should be exercised in this case.

### D.    DEPOSITIONS

If Defendant is entitled to any costs, it is only for those costs incurred after the Offer of Judgment.  It is undisputed that the costs for the deposition transcripts were incurred well prior to the Offer of Judgment.  The fact that it was used afterwards does not make it taxable in this case.  Plaintiff incorporates the argument made in Plaintiff's original motion.

### E.    ATTORNEY, PARALEGAL, AND RUNNER EXPENSES

Defendant does not maintain that these expenses are allowable costs by statute or rule.  Instead, Defendant mounts some novel theory that Plaintiff should be required to pay same because "it was foreseeable to Plaintiff that State Farm would necessarily incur considerable expenses to continue the case to trial, including travel time for its counsel and staff to attend trial."  This is not an adequate reason to assess costs.  Costs may be assessed only if allowed by statute or rule.  These expenses are not proper taxable costs and should be excluded.

IV.    **CONCLUSION**

Plaintiff's Motion should be granted in its entirety.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court enter an Order striking the Clerk's Taxation of Costs against Plaintiff.  In the alternative, the Court should greatly reduce said costs as noted herein.  Plaintiff prays for such other and further relief as may be deemed appropriate.

THIS the 17th day of December, 2009.

Respectfully submitted,

REGINALD EDWIN BOSSIER

BY:  *Is Judy M. Guice*    _____
         JUDY M. GUICE (#5057)

Judy M. Guice (#5057)
JUDY M. GUICE, P.A.
P. O. Box 1919
Biloxi, MS 39533
Telephone:  (228) 374 9787
Facsimile:   (228) 374 9436

## CERTIFICATE OF SERVICE

I, Judy M. Guice, counsel for Plaintiff, do hereby certify that I have this day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to the following:

H. Benjamin Mullen, Esquire
John A. Banahan, Esquire
Bryan, Nelson, Schroeder, Castigliola & Banahan, PLLC
P. O. Drawer 1529
Pascagoula, MS 39568

This the 17th day of December, 2009.

_s/Judy M. Guice_
JUDY M. GUICE (MSB #5057)

12