IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REGINALD EDWIN BOSSIER**                                             **PLAINTIFF**

**VERSUS**                                    **CAUSE NO. 1:08-cv-408-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**             **DEFENDANT**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO [213] MOTION**
**FOR JUDICIAL REVIEW OF THE CLERK'S TAXATION OF COSTS [208]**

COMES NOW the Plaintiff, by and through undersigned counsel, and files this his Response to Defendant's [213] Motion for Judicial Review of the Clerk's Taxation of Costs [208] and would show unto this Honorable Court the following:

**I.     PLAINTIFF IS A PREVAILING PARTY**

After telling the jury during the punitive damages closing argument that its verdict of $52,300.00 was "a lot of money," State Farm now characterizes it as "so small that the prevailing party is victorious in name only." In fact, Plaintiff is clearly a prevailing party. Not only did Plaintiff receive a verdict from the jury in the amount of $52,300.00 but, in addition, received a pretrial admission by State Farm shortly before trial that resulted in payment of an additional $77,000.00. While Plaintiff recognizes that the Court has discretion to grant or deny any party's request for costs, that discretion should be exercised in favor of awarding Plaintiff all recoverable costs in this action.

## II. SECTION 1332(b) DOES NOT APPLY TO DENY PLAINTIFF HIS COSTS

Defendant is precariously close to the ethical boundaries of advocacy by arguing that 28 U.S.C. § 1332(b) precludes Plaintiff's recovery of costs because less than the jurisdictional amount was recovered at trial. Again, State Farm asks the Court to ignore the pre trial payment in excess of $75,000. More importantly, State Farm fails to acknowledge that the provision only applies if Plaintiff's claims are brought in bad faith. *Saucier v. Coldwell Banker JME Realty*, 2008 WL 695257, at *2 (S.D. Miss. 2008).

## III. THE REQUESTED COSTS ARE REASONABLE AND TAXABLE

The costs taxed in favor of Plaintiff by the Clerk of Court are reasonable and taxable and the award should not be disturbed. As noted in other pleadings, Defendant's purported Rule 68 Offer of Judgment is invalid. Accordingly, it may not be used to shift costs to a plaintiff.[1]

Defendant places much of its argument in an effort to preclude an award of costs for the Dancel invoices. Its principal argument for the exclusion of said expenses is based upon its argument that Plaintiff did not obtain permission from the Court prior to incurring the expense. This argument is factually incorrect.

---

[1] See, Plaintiff's [210] Motion for Review and Objection to [205] Clerk's Taxation of Costs; Plaintiff's [211] Response in Opposition to [204] Motion to Tax Costs Against the Plaintiff; and Plaintiff's [219] Reply in Support of [210] Motion for Review and Objection to Clerk's Taxation of Costs.

This Court's standing order on "courtroom technology" (Exhibit 1) was fully applicable in this case. In this regard, that standing order provides:

> Authorization to use personal AV equipment and/or a third party vendor must be provided by Chambers. All equipment and/or parties must pass through court security.

The Court's standing order on "courtroom technology" was fully complied with in this case. The Court approved the use of Dancel for assistance in evidence presentation. That assistance was invaluable in presenting the voluminous evidence in this case to the jury. The Court should exercise its discretion in allowing the Dancel expenses as costs in this action.

### IV.    CONCLUSION

Defendant's Motion for Judicial Review of the Clerk's Taxation of Costs [208] should be denied in its entirety.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that this Honorable Court will enter its order denying Defendant's Motion Judicial Review of the Clerk's Taxation of Costs. Plaintiff prays for any and other relief as may be deemed appropriate.

THIS the 17th day of December, 2009.

                    Respectfully submitted,

                    REGINALD EDWIN BOSSIER

                    BY: */s Judy M. Guice*
                        JUDY M. GUICE (#5057)

Judy M. Guice (MSB #5057)
JUDY M. GUICE, P.A.
P. O. Box 1919
Biloxi, MS 39533 1919
Telephone: (228) 374 9787
Facsimile:  (228) 374 9436


## CERTIFICATE OF SERVICE

I, Judy M. Guice, counsel for Plaintiff, do hereby certify that I have this day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to the following:

H. Benjamin Mullen, Esquire
John A. Banahan, Esquire
Bryan, Nelson, Schroeder, Castigliola & Banahan, PLLC
P. O. Drawer 1529
Pascagoula, MS 39568

This the 17th day of December, 2009.

                                                      *s/Judy M. Guice*
                                                     JUDY M. GUICE (MSB #5057)